Stephen J. Cullen, Esquire
*pro hac vice*
Kelly A. Powers, Esquire
*pro hac vice*
Miles & Stockbridge P.C.
One West Pennsylvania Avenue
Suite 900
Towson, Maryland 21204
(410) 821-6565
(410) 385-3709 (fax)
scullen@milesstockbridge.com
kpowers@milesstockbridge.com

Renee C. Day, Esquire, Bar # 221252
Hoover & Betchel, L.L.P.
The Garden Alameda
1570 The Alameda, Suite 101
San Jose, California 95126
(408) 947-7600
(408) 947-7603 (fax)
renee@hoover-betchel.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
San Jose Division

DESPINA ASVESTA,

        Petitioner

    v.                                                     Case No.  C-07-05535 JF

GEORGE PETROUTSAS

        Respondent

_____/

### EMERGENCY MOTION FOR ALTERNATIVE SERVICE
### WITH INCORPORATED MEMORANDUM OF LAW

Petitioner, Despina Asvesta ("Ms. Asvesta"), by and through her undersigned attorneys, hereby moves for an Order of the Court authorizing service of process by alternate means, and as reasons therefor, as more fully set forth below in this Motion and the Memorandum of Law which is incorporated herein, states as follows:

### I.     Relevant Facts.

1.     On October 31, 2007, Ms. Asvesta filed suit in the United States District Court for the Northern District of California against Respondent George Petroutsas ("Mr. Petroutsas") and requested the immediate issuance of a show cause order. This civil action was brought by Ms.

Petitioner's Emergency Motion for                1
Alternate Service

Asvesta as a result of the abduction and wrongful removal of Ms. Asvesta's two-year-old son from Greece.

2.      A Show Cause Order was issued by this Court on November 8, 2007. A redacted copy of said Show Cause Order is attached hereto and incorporated herein as Petitioner's **Exhibit A**.

3.      The Show Cause Order requires the Petitioner's Verified Petition for Return of the Child to Petitioner, filed on October 31, 2007, and the Show Cause Order to be served on Mr. Petroutsas by the U.S. Marshal. *See* **Exhibit A** at ¶ 4.

4.      On November 13, 2007, Deputy Tim Schobar of the U.S. Marshal's office attempted to serve Mr. Petroutsas at his home address: 300 Plum Street #69, Capitola, California 95010. No one was home at Respondent's home address, and a car parked in the driveway was covered with a car cover, appearing not to have been recently driven. A copy of the Declaration of Renee C. Day in Support of Emergency Motion to Serve by E-Mail is attached hereto and incorporated herein as Petitioner's **Exhibit B**.

5.      On November 13, 2007, Deputy Tim Schobar also attempted to serve Mr. Petroutsas at his work address, 9035 Soquel Avenue, Suite 105, Santa Cruz, California 95062. Mr. Petroutsas was not at work. Other employees informed Deputy Schobar that Mr. Petroutsas has not been to work for several weeks and is believed to have gone to Greece. *See* **Exhibit B.**

6.      It is extremely unlikely that Mr. Petroutsas has returned to Greece, because there is an arrest warrant issued against him there for the abduction of the parties' son.

7.      On September 21, 2007 the parties appeared in the Superior Court of California, County of Santa Cruz in Respondent's putative custody case, regarding Respondent's wrongful removal of the child. At the hearing, it was clearly stated that the matter would proceed in the

federal court system as a Hague Convention petition, which Ms. Asvesta would file thereafter. Mr. Petroutsas was present at said hearing with counsel, Mitchell Page, Esquire. A copy of the Superior Court's Minute Order titled "Trial Setting on Hague Petition and Further Status Conference" dated September 21, 2007 is attached hereto and incorporated herein as Petitioner's **Exhibit C**. Indeed, a further status conference is scheduled for November 30, 2007 to report to the State Court the filing and progress of the Hague Convention case.

8.    Respondent was made aware at the Superior Court proceeding on September 21, 2007 that a Hague Convention petition would be filed in the federal court. *See* **Exhibit C**.

9.    The above stated facts, particularly that the Respondent is aware that such a petition would be filed, the outstanding warrant for his arrest in Greece, that he has allegedly not been to work in several weeks, and his co-workers' belief he has left the United States, establish that the Respondent is evading service and will likely flee the jurisdiction with Ms. Asvesta's son.

10.    Due to the emergency nature of this matter, in that it involves the abduction and wrongful removal of Ms. Asvesta's two-year-old son from Greece, it is inherent to the success of the continued abduction that the Respondent in this matter evades service. Therefore, it is most probable that any continued attempts at personal service will fail.

11.    Despite the nature of this matter, Petitioner has made a good faith effort to personally serve the Respondent in this matter. *See* **Exhibit B**

## II.    Applicable Law.

12.    The International Child Abduction Remedies Act[1] provides as follows:

---

[1]    42 U.S.C. 11601 *et seq.* (2006).  ICARA was created to deal with the sudden abduction of children and to allow a petitioner to assert his or her rights in exigent circumstances. *See Distler v. Distler*, 26 F. Supp. 2d 723, 727 (D.N.J. 1998).

Petitioner's Emergency Motion for                    3
Alternate Service

**Sec. 11604. Provisional remedies**

(a) Authority of courts
In furtherance of the objectives of article 7(b) and other provisions of the
Convention, and subject to the provisions of subsection (b) of this section,
any court exercising jurisdiction of an action brought under section 11603(b)
of this title may take or cause to be taken measures under Federal or State
law, as appropriate, to protect the well-being of the child involved *or to
prevent the child's further removal or concealment before the final
disposition of the petition.*

42 U.S.C. 11604 (2006) (emphasis added).

13.     Rule 4(e) of the Federal Rules of Civil Procedure, provides that service shall be

made "pursuant to the law of the state in which the district court is located." Fed. R. Civ. P. 4.

In California, the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), which

entered into force in 1999, is the source for statutory law governing, *inter alia*, the resolution of

both domestic and international child custody disputes.  Cal. Fam. Code § 3400, et seq.  The

notice section provides, in pertinent part, that

[N]otice and an opportunity to be heard in accordance with the standards
of § 3408 must be given to all persons entitled to notice under the laws of
this State as in child custody proceedings between residents of this State,
any parent whose parental rights have not been previously terminated, and
any person having physical custody of the child.

*Id.* at § 3425.

In turn, § 3408 provides that notice

[M]ay be given in a manner prescribed by the law of this State for service
of process or by the law of the state in which the service is attempted or
made. Notice may also be by certified or registered mail, return receipt
requested, addressed to the last known address of the person to be served.
Notice must be given in a manner reasonably calculated to give actual
notice and an opportunity to be heard but may be by publication if other
means are not effective.

*Id.* at § 3408.

14.     The aspirational goal of The Convention on the Civil Aspects of International Child

Petitioner's Emergency Motion for            4
Alternate Service

Abduction, done at the Hague on October 25, 1980[2] (the "Convention") is for litigation brought under the Convention to be resolved within six weeks. Thus, in light of the timing of such an action and the summary nature of the proceedings, service by publication is not a reasonable means for serving the Respondent.

15.     Pursuant to this Court's power to take appropriate measures to protect the well-being of Petitioner's child and prevent his further removal and concealment, Petitioner respectfully seeks leave of the Court to employ an alternative means of service. Specifically, Respondent proposes to serve Respondent via: 1) e-mail[3] to his personal e-mail address: gpetroutsas@yahoo.com; 2) delivery of the Show Cause Order to the Respondent's home address with a copy to be placed in Respondent's mailbox; and 3) personal service on Respondent's counsel, Mitchell Page, Esq.[4]

WHEREFORE, for the foregoing reasons, Petitioner, Despina Asvesta requests that this Court enter an Order nunc pro tunc to November 14, 2007:

A.     Granting the instant Motion on an emergency basis;

B.     Permitting service of the Show Cause Order upon Respondent via 1) e-mail to his personal e-mail address: gpetroutsas@yahoo.com; 2) delivery of the Show Cause Order to the Respondent's home address with a copy to be placed in Respondent's mailbox; and 3) personal service on Respondent's counsel, Mitchell Page, Esq.

C.     Granting such other and further relief that the Court may deem necessary and just.

---

[2] T.I.A.S. No. 11,670 at 1, 22514 U.N.T.S. at 98, *reprinted in* 51 Fed. Reg. 10,493 (1986).
[3] Based upon e-mail correspondence between Petitioner and Respondent, undersigned counsel has obtained Respondent's e-mail address, which is gpetroutsas@yahoo.com.
[4] Given the exigent circumstances, Petitioner is in the process of personally serving Respondent's counsel with the Show Cause Order and requests this Court order this relief nunc pro tunc.

Respectfully Submitted,

_/S/_____

Renee C. Day, Esquire
Hoover & Bechtel, L.L.P.
The Garden Alameda
1570 The Alameda, Suite 101
San Jose, California 95126
(408) 947-7600
(408) 947-7603 (fax)
renee@hoover-bechtel.com

_____

Stephen J. Cullen, Esquire
Kelly A. Powers, Esquire
Miles & Stockbridge P.C.
One West Pennsylvania Avenue
Suite 900
Towson, Maryland  21204
(410) 821-6565
(410) 385-3709 (fax)
scullen@milesstockbridge.com
kpowers@milesstockbridge.com


*Attorneys for Petitioner*

Petitioner's Emergency Motion for
Alternate Service                              6