B J Fadem, Esquire, Bar #118819
LAW OFFICES OF B J FADEM, APC
255 N. Market Street, Suite 210
San Jose, California 95110
408-280-1220 (voice)
408-292-4100 (fax)
fademlaw@sbcglobal.net



FILED

2007 NOV 20  P 2:45

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST OF CA. S.J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
San Jose Division

DESPINA ASVESTA,
22 Platonos Street
Nikaia, 18454
Piraeus, Greece

          Petitioner

Case No.   C 07 05535 JF

    v.

GEORGE PETROUTSAS
300 Plum Street, SPC 69
Capitola, California  95010

        Respondent

_____/

## EMERGENCY MOTION FOR RECALL OF WARRANT AND ORDER TO REMOVE MINOR CHILD FROM N.C.I.C.

### I.    Facts.

Respondent,    GEORGE    PETROUTSAS    [hereinafter    referred    to    as
"PETROUTSAS"], by and through his attorneys, hereby moves for an Order of the Court
to recall the warrant issued for his arrest by this Court on November 16, 2007 for
contempt.  PETROUTSAS further moves for an Order of the Court to remove the minor
child, Andonios George Petroutsas [hereinafter referred to as "AGP" for the purposes of

the order for partial sealing of the records], born May 21, 2005 from the N.C.I.C. database as ordered by this Court on November 16, 2007.

1. PETROUTSAS has not, and never intended, to flee this jurisdiction with the parties' minor child, AGP – nor has he avoided service of the documents filed by the Petitioner herein. THE FLIGHTS RISK IS PETITIONER – IF THE COURT ALLOWS THE CHILD TO BE TAKEN INTO CUSTODY AND HANDED OVER TO MOTHER   PRIOR TO PETROUTSAS'S OPPROTUNITY TO RESPOND TO THE PETITION AND BE HEARD;  MOTHER WILL ONCE AGAIN FLEA WITH THE CHILD TO GREECE! *Therefore, irreparable harm will occur if PETROUTSAS's request herein is NOT granted – whereas, there is no prejudice or harm if granted.*

2. PETROUTSAS was waiting to be served with Petitioner's [hereinafter referred to as "ASVESTA"] Petition. When he hadn't been served by November 13, 2007 and there had been no attempts to serve him, PETROUTSAS went to the clerk of the Federal Court on his own to research whether ASVESTA had filed her Petition. He obtained copies of everything that was not sealed and filed at that time. However, there was no date for the Show Cause Order on the copies obtained from the file by PETROUTSAS. Furthermore, there wasn't the Emergency Motion for Alternative Service in the file either. Therefore, PETROUTSAS was unaware that ASVESTA was attempting to serve him nor was he aware that the November 16, 2007 date had been scheduled.

3. PETROUTSAS was scheduled to go out of town on November 13, 2007. **Attached hereto and incorporated herein as Exhibit 1 is a copy of the**

**boarding passes for the airfare PETROUTSAS had already purchased.** However, prior to leaving, PETROUTSAS left a voice message for his California State domestic proceedings, Mitchell Page, advising of his departure and left him his cell phone number. Prior to PETROUTSAS's departure on November 13, 2007, PETROUTSAS was unaware of any attempt to serve him at his home or anywhere else. Furthermore, PETROUTSAS was unaware of the November 16, 2007 date or ASVESTA's obtaining an order for alternative service.

4. PETROUTSAS's home is also his business address. PETROUTSAS has no other registered business address and only works out of his home.

5. A copy of the Petitioner's Request for Expedited Consideration of Verified Petition for Return of Child to Petitioner and Issuance of Show Cause, et al. was dropped on Mitchell Page's *secretary's desk* on November 14, 2007 – Mr. Page was in trial and PETROUTSAS was already out of the state. **Exhibit 2 attached hereto and incorporated herein is a copy of the letter drafted by Mr. Mitchell Page to this Court and to ASVESTA's attorneys advising he is not PETROUTSAS's attorney for the federal action and PETROUTSAS had not been served.**

6. PETROUTSAS did not have actual notice of the November 16, 2007 hearing prior to the proceedings;

7. If any documents were placed in PETROUTSAS's mailbox, he would not have received them prior to the hearing – he has been out of state on a planned trip since November 13th. The "e-mail" notice was sent from "Renee C. Day" and the subject was simply "documents". Kristin Cox of Hoover & Bechtel had been representing ASVESTA. The sender had no other identification and, thinking

back, PETROUTSAS realizes he deleted it as spam not understanding what it was.

8. PETROUTSAS agrees that the child should stay within this court's jurisdiction pending this court's full consideration *of all evidence* regarding ASVESTA's Petition.    However, *ASVESTA* has the child's United States passport and, therefore, if this Court allows the child to be returned to her, she will return to Greece with him without satisfying her burden of proof pursuant to 42 U.S.C. §11603.  ASVESTA has abducted the minor child to Greece in violation of the Court's orders before.  As a result, there are felony child abduction charges pending against her from the Santa Cruz County District Attorney. PETROUTSAS also believes that even if the child's United States passport is turned over, ASVESTA is capable of finding alternative methods to travel with the child back to Greece;  as she's done before.

9. On November 5, 2005 [prior to any separation or discord between the parties], ASVESTA traveled to Greece with the minor child with PETROUTSAS's *restricted* consent to return no later than December 1, 2005.

10. On November 17, 2005, ASVESTA advised PETROUTSAS by telephone that she had no intention of returning to the United States with their child.

11. As a result, on November 30, 2005, Santa Cruz County Superior Court issued orders granting PETROUTSAS temporary sole physical and legal custody of the minor child and ASVESTA was ordered to return the child to PETROUTSAS. **Attached hereto and incorporated herein as Exhibit 3 is the Temporary Order issued.**

12. On December 27, 2005, The Superior Court of the County of Santa Cruz claimed specific jurisdiction over all issues of the dissolution between the parties, including *custody* issues of the minor child. More importantly, the Court made a finding that pursuant to Articles 3 and 15 of the Hague Convention on Civil Aspects of International Child Abduction, AGP was habitually a resident of the *United States* AND that ASVESTA wrongfully removed him from the United States to Greece. **Attached hereto and incorporated herein as Exhibit 4 is the December 27, 2005 Order Establishing pursuant to the Hague Convention that the United States was the habitual residence of the child AND ASVESTA *wrongfully* removed him.**

13. On January 4, 2006, the Superior Court of the County of Santa Cruz, once again ordered ASVESTA to return the minor child to the United States – specifically to PETROUTSAS. **Attached hereto and incorporated herein as Exhibit 5 is the January 4, 2006 Order.**

14. In Greece, and without notice to PETROUTSAS, ASVESTA wrongfully obtained an order for temporary custody of the minor child. **Attached hereto and incorporated herein as Exhibit 6 is the translated Petition and Provision Remedy Order for the January 9, 2006 Hearing in Greece.**

15. However, the Greek Court immediately reversed this order on January 12, 2006. **Attached hereto and incorporated herein as Exhibit 7 is the translated Certification of the Court vacating it's temporary custody orders of January 9, 2006.**

16. Once again, on January 25, 2006, the Superior Court of the County of Santa Cruz found that the United States was the habitual residence of AGP and that Santa Cruz County was the proper jurisdiction for the custody and visitation issues. The Court further found that ASVESTA continued to retain AGP wrongfully in Greece; failing to return him as ordered previously. **Attached hereto and incorporated herein as Exhibit 8 is the January 25, 2006 Order.**

17. On March 10, 2006, the Superior Court of the County of Santa Cruz *again* ordered ASVESTA to return the child to the United States – to PETROUTSAS; noting that she continues to ignore the court's numerous orders. **Attached hereto and incorporated herein as Exhibit 9 is the March 10, 2006 Order.**

18. On April 16, 2007, the Superior Court of the County of Santa Cruz granted sole legal and physical custody of AGP to PETROUTSAS. **Attached hereto and incorporated herein as Exhibit 10 is the April 16, 2007 Findings and Order After Hearing and Minute Order.**

19. Greece's dismissal of PETROUTSAS's Petition for relief pursuant to the Hague Convention is currently under appeal; the Greek Court admitting error and agreeing to the appeal. The first appeal hearing was scheduled in Greece for November 19, 2007. The appellate petition was accepted and the hearing set for February 18, 2008.

20. Santa Cruz County Superior Court once again, on June 7, 2007, clearly maintained it's position as having jurisdiction [never ceded] on the custody and visitation issues. **Attached hereto and incorporated herein as Exhibit 11 is the Minute Order from the June 7, 2007 Mediation Status/Review Hearing.**

21. On July 13, 2007, Santa Cruz County Superior Court *again* confirmed that Santa Cruz [United States] has jurisdiction over the dissolution and child custody. **Attached hereto and incorporated herein as Exhibit 12 is the Minute Order from the July 13, 2007 Status Hearing.**

## II.   Law

22. ASVESTA, by and through her attorneys, rely upon The International Child Abduction Remedies Act [42 U.S.C. 11601 *et seq.* (2006)];  specifically **Sec. 11604.       Provisional Remedies** in requesting their emergency order for alternative service.  However, as stated,  the court "… may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or prevent the child's further removal or concealment *before the final disposition of the petition* [emphasis added] **42 USCS §11604 (a)** There is no risk of removal of the child from this court's jurisdiction.  As noted in the facts set forth above and the orders issued by the Superior Court of the County of Santa Cruz, PETROUTSAS has not left, nor taken the child from this jurisdiction.  In fact, the orders from the Superior Court of the County of Santa Cruz clearly establish:   (1)   the United States is the habitual residence of the child for the purposes of the Hague Convention;   (2)   The Superior Court of the County of Santa Cruz has jurisdiction over the custody and visitation issues in this matter;  and  (3) PETROUTSAS has sole legal and physical custody of the minor child, AGP.   There is no risk that PETROUTSAS would remove the child! However, the orders issued November 16, 2007 will facilitate the child's removal

- 7 -

prior to the final disposition of the petition. ASVESTA has the minor child's United States passport. ASVESTA has abducted the child to Greece on prior occasions and, despite numerous orders from the Santa Cruz Court, refused to return the child. ASVESTA has already clearly indicated that she does not believe that ANY court in the United States has *any* jurisdiction over her whatsoever – including the federal court as to her petition herein. Based upon her history and the fact that there are felony child abduction charges pending against her, there is an extreme high risk that she would once again abduct the child to Greece before this Court could hear the Petition on it's merits. Therefore, PETROUTSAS requests that this Court exercise it's authority to take measures to ensure the minor child is not removed from this jurisdiction pending disposition of ASVESTA's Petition by vacating it's orders of November 16, 2007 – recalling the warrant of arrest of PETROUTSAS and the order to place the minor child in ASVESTA's custody and to remove the minor child from the N.C.I.C. database.

23. The orders issued by the Superior Court of the County of Santa Cruz clearly grant sole legal and physical custody of the minor child, AGP, to PETROUTSAS.

> **42 USCS §11604. Provisional Remedies**
> (b) Limitation on authority. No court exercising jurisdiction of an action brought under section 4(b) [42 USCS §11603(b)] may, under subsection (a) of this section, order a child removed from a person having physical control of the child unless the applicable requirements of the State law are satisfied.

As a result of the warrant issued November 16, 2007 and the order issued to enter the minor child, AGP in the N.C.I.C. database, the minor child is being removed

from the parent having legal physical custody of him as granted by the Santa Cruz County Superior Court in direct violation of 42 U.S.C.S. §11604(b).

23. Before her Petition may be granted and the minor child returned to her, ASVESTA still must establish by a preponderance of the evidence:  (1)   that Greece is the habitual residence of the minor child;   and  (2)   the child was wrongfully removed or retained from Greece.  If she's claiming the exceptions set forth in article 13b or 20 of the Convention, then her burden is to prove such exceptions by "clear and convincing" evidence.  Regardless, if the orders issued November 16, 2007 are not recalled and the child is returned to ASVESTA as a result of these orders,  her Petition will become moot – she will return to Greece with the child;  despite the fact that PETROUTSAS has sole legal and physical custody of the child and the United States has been determined to be the habitual residence of the child.

24. **42 USCS § 11603  Judicial Remedies.**

(g) Full faith and credit.  Full faith and credit shall be accorded by the courts of the States and the courts of the United States to the judgment of any other such court ordering or denying the return of a child, pursuant to the Convention, in an action brought under this Act."

The "States" refers to court orders of states of the United States. **Diorinou vs. Mezitis (2001, CA2 NY) 237 F3d 133.** The Santa Cruz County Superior Court clearly ruled that Santa Cruz County held jurisdiction in this matter, that the United States was the habitual residence of the child, and ordered sole legal and physical custody to PETROUTSAS.  As a result of PETROUTSAS being out of town not having notice of the actual date of the hearing, the November 16, 2007 orders does not give full faith and credit to the orders issued by the State Court.

Accordingly, PETROUTSAS, respectfully requests that this Court recall the warrant of arrest issued for PETROUTSAS on November 16, 2007; or, that the least, stay said warrant until November 30, 2007. PETROUTSAS further requests that this Court issue an order removing the minor child, AGP from the N.C.I.C. database.

Dated: 11/20/07

Respectfully submitted,
LAW OFFICES OF B J FADEM, APC

By: B J Fadem, Esq.

### RESPONDENT'S VERIFICATION

I, GEORGE PETROUTSAS, do declare under the penalty perjury under all the laws of the United States of America, that I have reviewed all the facts and contents of the Emergency Request herein and they are true and correct to the best of my knowledge and belief. I further affirm and agree that a facsimile of my signature be deemed to have the same force and effect as my original signature affixed hereto.

Dated: _____

GEORGE PETROUTSAS

Accordingly, PETROUTSAS, respectfully requests that this Court recall the warrant of arrest issued for PETROUTSAS on November 16, 2007; or, that the least, stay said warrant until November 30, 2007. PETROUTSAS further requests that this Court issue an order removing the minor child, AGP from the N.C.I.C. database.

Dated: _____

Respectfully submitted,
**LAW OFFICES OF B J FADEM, APC**


By: B J Fadem, Esq.


## RESPONDENT'S VERIFICATION

I, GEORGE PETROUTSAS, do declare under the penalty perjury under all the laws of the United States of America, that I have reviewed all the facts and contents of the Emergency Request herein and they are true and correct to the best of my knowledge and belief. I further affirm and agree that a facsimile of my signature be deemed to have the same force and effect as my original signature affixed hereto.

Dated: 11/20/07

GEORGE PETROUTSAS

Recycled Stock #DO-10-B

JetBlue Airways
Customer Copy

Name: PETROOTSAS/GEORGE          D37SLP
TrueBlue Member: 2046670392
Gate 12  @ 01:30pm Seat 23F
13NOV07         Seq# 75      Flt No: 247

Depart: Oakland                  02:00pm
Arrive: Long Beach, CA           03:20pm

Bag Tag#'s:

077944746b

New! Check flight status from your
mobile device at mobile.jetblue.com

JetBlue Airways
Customer Copy

Name: PETROOTSAS/ANDONI          D37SLP
TrueBlue Member: 2066409346
Gate 12  @ 01:30pm Seat 23E
13NOV07         Seq# 74      Flt No: 247

Depart: Oakland                  02:00pm
Arrive: Long Beach, CA           03:20pm

Bag Tag#'s:

New! Check flight status from your
mobile device at mobile.jetblue.com

# Page, Salisbury & Dudley · Attorneys at Law

### 605 Center Street • Santa Cruz • California 95060-3804

Mitchell Page
Gordon J. Salisbury
Arthur Dudley
Celeste DeNardo
Nikki Whitehead
Desiree Young
Jesse D. Ruben

Telephone (831) 429-9966
Facsimile (831) 427-2132

November 16, 2007

**Sent by Facsimile & U.S. Mail this Date**

The Honorable Jeremy Fogel
United States District Court
280 S. First Street, #2112
San Jose, California 95113-3008

RE: <u>Despina Asvesta v. George Petroutsas</u>
Case Number: C07 05535-JF
**Court Date: November 16, 2007; 8:30 AM**

To the Honorable Judge Fogel:

I have been representing, and continue to represent, George Petroutsas, defendant herein, in the dissolution action filed in the State of California, County of Santa Cruz. Mr. Petroutsas has had custody orders granted by the Santa Cruz County Court since January, 2006.

At an appearance in that court, I requested a courtesy copy of any filings in federal court. I have just received what appears to be a courtesy copy of the Show Cause Order with attachments in this case. I do not practice in federal courts and have not undertaken to represent Mr. Petroutsas in federal court. To my knowledge, as of this writing, Mr. Petroutsas has not been served with the show cause order.

Thank you for your consideration.

Respectfully,

Mitchell Page

MP/mcb

cc: Renee C. Day, Esq.
    Hoover & Betchel, L.L.P.

FL-305

| PETITIONER/PLAINTIFF: | GEORGE PETROUTSAS | CASE NUMBER: |
|---|---|---|
| RESPONDENT/DEFENDANT: | DESPINA ASVESTA PETROUTSAS | |

## TEMPORARY ORDERS
### Attachment to Order to Show Cause (FL-300)

1. [ ] **PROPERTY RESTRAINT**
   - a. [ ] Petitioner [ ] Respondent is restrained from transferring, encumbering, hypothecating, concealing, or in any way disposing of any property, real or personal, whether community, quasi-community, or separate, except in the usual course of business or for the necessities of life.
     - [ ] The other party is to be notified of any proposed extraordinary expenditures and an accounting of such is to be made to the court.
   - b. [ ] Both parties are restrained and enjoined from cashing, borrowing against, canceling, transferring, disposing of, or changing the beneficiaries of any insurance or other coverage including life, health, automobile, and disability held for the benefit of the parties or their minor child or children.
   - c. [ ] Neither party may incur any debts or liabilities for which the other may be held responsible, other than in the ordinary course of business or for the necessities of life.

2. [ ] **PROPERTY CONTROL**
   - a. [ ] Petitioner [ ] Respondent is given the exclusive temporary use, possession, and control of the following property the parties own or are buying (specify):

   - b. [ ] Petitioner [ ] Respondent is ordered to make the following payments on liens and encumbrances coming due while the order is in effect:

     | Debt | Amount of payment | Pay to |
     |---|---|---|

3. [X] **MINOR CHILDREN**
   - a. [XX] Petitioner [ ] Respondent will have the temporary physical custody, care, and control of the minor children of the parties, [X] subject to the other party's rights of visitation as follows:

     reasonable visitation as mediated

   - b. [ ] Petitioner [ ] Respondent must not remove the minor child or children of the parties
     - (1) [ ] from the State of California.
     - (2) [ ] from the following counties (specify):
     - (3) [ ] other (specify):
   - c. [ ] Child abduction prevention orders are attached (see form FL-341(B)).
   - d. (1) Jurisdiction: This court has jurisdiction to make child custody orders in this case under the Uniform Child Custody Jurisdiction and Enforcement Act (part 3 of the California Family Code, commencing with § 3400).
     - (2) Notice and opportunity to be heard: The responding party was given notice and an opportunity to be heard as provided by the laws of the State of California.
     - (3) Country of habitual residence: The country of habitual residence of the child or children is
       [X] the United States of America [ ] other (specify):
     - (4) **Penalties for violating this order: If you violate this order you may be subject to civil or criminal penalties, or both.**

4. [ ] **OTHER ORDERS** (specify): *return child to Father*

Date: **NOV 30 2005**

IRWIN H. JOSEPH
_____
JUDGE OF THE SUPERIOR COURT

5. **The date of the court hearing is** (insert date when known):

---

### CLERK'S CERTIFICATE

[SEAL]

I certify that the foregoing is a true and correct copy of the original on file in my office.

Date: 11/30/05        Clerk, by _____, Deputy

Page 1 of 1

**TEMPORARY ORDERS**

Family Code, §§ 2045, 6224, 6226, 6302
6320–6326, 6380–6383

Recycled   Stock #DO-10-B

1  NAME, ADDRESS, AND PHONE NUMBER:

2  PAGE, SALISBURY & DUDLEY

3  605 CENTER ST.

4  SANTA CRUZ, CA 95060

5  831-429-9966

6

7

8

9                    SUPERIOR COURT OF CALIFORNIA
                       COUNTY OF SANTA CRUZ
10

11

12

13

14  GEORGE PETROUTSAS                    CASE NO. FL022605
    PLAINTIFF/PETITIONER,

15

16  VS.

17                                       TITLE: ORDER

18  DESPINA ASVESTA PETROUTSAS
    DEFENDANT/RESPONDENT,

19

20

21

22

23

24

25

26

27

28

F I L E D

DEC 2 7 2005

ALEX CALVO, CLERK
DEPUTY, SANTA CRUZ COUNTY

In re the marriage of:

Petitioner:            George Petroutsas

and
                                              Case Number No.  FL 022605

Respondent:            Despina Asvesta Petroutsas

---

## ORDER

The Court makes the following preliminary findings of fact, pursuant to Articles 3 and 15 of the Hague Convention on Civil Aspects of International Child abduction:

1)    The child known as Andonios Giorgios Petroutsas, who was born on May 21, 2005, was habitually a resident in the United States, and specifically in the State of California in and before November 8, 2005.

2)    The child appears to have been removed, by his mother Despina Asvesta Petroutsas to Greece, which is a signatory of the Hague Convention on Civil Aspects of International Child Abductions.

3)    Mr. George Petroutsas has rights to custody as defined by California Law.  California Family Law Code section 3010 provides that the father, as defined by California Family Law Code section 7611, and mother have equal rights to custody of a minor child.  Mr. George Petroutsas is the father of Andonios Giorgios Petroutsas under California Family

Law Code section 7611(c)(1) as he was legally married to the child's mother before, during and after the child's birth and was, with his consent, named as the child's father on the child's birth certificate. Therefore, the removal of the child by the mother to Greece was wrongful, as the Court understands Article 3 of the Hague Convention on Civil Aspects of International Child Abduction.

BY THE COURT,

_____

Heather Morse, Presiding Judge of the
Superior Court of California, County of
Santa Cruz

Dated: 12/27/05

Prepared By:

_____

Jesse Daniel Ruben, Attorney at Law
Page, Salisbury & Dudley
Attorneys for George Petroutsas

Dated: 12/27/05

Recycled  Stock #DO-10-B

1  JESSE D. RUBEN SBN #232474
   PAGE, SALISBURY & DUDLEY
2  Attorneys at Law
   605 Center St.
3  Santa Cruz, CA 95060
   831-429-9966 (tel)
4  831-427-2132 (fax)

5  Attorneys for Petitioner GEORGE PETROUTSAS

6

7            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8            IN AND FOR THE COUNTY OF SANTA CRUZ

9  GEORGE PETROUTSAS                    )    CASE NO. FL 022605
                                        )
10           Petitioner,                )    ORDER OF THE COURT
        and                             )
11 DESPINA ASVESTA PETROUTSAS,          )
                                        )
12           Respondent.                )    Next Court Date: January 25, 2005
                                        )
13                                      )
                                        )
14 _____ )

15                              ORDER

16

17 The Court makes the following orders and findings pendente lite:

18

19 1)   Respondent, Despina Asvesta Petroutsas, is ordered to return the minor child, Andonios

20      Giorgios Petroutsas, to the United States and specifically she is ordered to return the child

21      to the petitioner, George Petroutsas.

22

23 2)   Petitioner, George Petroutsas, is given *temporary* sole legal and physical custody of the

24      minor child, Andonios Giorgios Petroutsas, until further court order.

25

26 3)   The court finds that sole legal and physical custody in this instance means that the minor

27      child, Andonios Giorgios Petroutsas, shall reside with and be under the supervision of

28                                      1

   Order of the Court
   In re: the marriage of Petroutsas

1    George Petroutsas.  It also means that George Petroutsas will have legal possession of the

2    child and shall have the right and the responsibility to make the decisions relating to the

3    health and welfare of the child. (California Family Code §3006 and §3007.)

4

5    4)    It is ordered that George Petroutsas' right to custody is subject to Despina Asvesta

6    Petroutsas' rights to reasonable visitation as mediated.

7

8

9                          BY THE COURT,

10

11                                                  William M. Kelsay, Judge of the Superior
12                                                  Court of California, County of Santa Cruz

13

14                                    Dated:    1 - 4 - 06

15

16

17                                        The foregoing instrument is a correct
18                                            copy of the original on file
                                                 in this office
19                                              JAN 0 4 2006

20                                                Alex Calvo
21                                    Clerk of the Superior Court of the state of
                                    California in and for the County of Santa Cruz
                                    By                                    Deputy
22

23

24

25

26

27

28                                          2

Recycled Stock #DO-10-B

——— † ———

No.

193854

BEFORE THE ONE JUDGE FIRST INSTANCE COURT OF ATHENS

Provisional Remedies Division

PETITION

The petitioner: Despina Asvesta, daughter of George, resident of
Nikea (22 Platonos Street).

Vs.

The respondent: George - Anthony Petroutsas, son of Antonios,
resident of California, United States of America, (300 PLUM STR
69, CAPITOLA CA 95010).

---------------------

I was married to the respondent by legal religious mar-
riage in Zakynthos, at the Holy Church of Ag. Georgios Vas-
silikou on 30.8.2003, and previously we were joined, on
10.3.2002, in civil marriage in Watsonville, Santa Cruz, Cali-
fornia, United States of America. From our aforesaid marriage,
which has been registered in the Special Registry of Athens
(Volume E-26 Reg.nr.167) we had a child, Anthony-George Petrout-
sas, born on 21 May 2005 in Santa Cruz, California, USA.

I met the respondent and started an affair with him in
September 2000, when he resided permanently in Athens, working
as public relations responsible of the agent of the company FIAT
AVIO in Greece, in the sector of aircraft engines maintenance.
Approximately one year later we decided to get married and start
a family, in Greece and we were engaged approximately at the end
of November 2001. Immediately afterwards the respondent hastened
off to California, America, where his parents were living, be-
cause it was diagnosed that his mother, who was suffering from
cancer and had undergone an operation for tumour removal 2 years

Μεταφραστικό Γραφείο Υπουργείου Εξωτερικών, Αθήνα.

Bureau des Traductions du Ministère des Affaires Etrangères
de la République Hellénique, Athènes.

Hellenic Republic - Ministry of Foreign Affairs
Translations Office, Athens.

ago, had presented catholic metastasis and she was not going to live for more than 6 months. A little afterwards, in February 2002, I followed him myself, in order to stand by him and by his family, and after one month, when the period of my relevant leave expired (I was then working as administrative clerk with CITIBANK) and I had to return to Greece, the respondent asked me to stay next to him and help him to face the situation. Without a second thought and despite the problems that I was facing with his family and mainly with his sisters, I decided of course to stand by him at this difficult moment of his life, I resigned over the phone from my job and on 10.3.2002 we were married by civil marriage, so that I would not have a problem to stay in America.

During that entire period of time we were staying at his paternal home in California, in the town of Watsonville, living together with his parents and his two sisters, who had settled there for the same reason, i.e. the sickness of their mother. Upon my arrival there I felt from the side of his family and mainly from his sisters, a hostility, they made me feel unwanted and an intruder, they were constantly creating scenes and tension between us, I was however tolerating all these for the respondent's shake, whom I loved and who assured me that the situation was temporary and was due to the bad emotional condition into which his family had come.

After the death of the respondent's mother, in May 2002, and her burial in Greece, we returned to America, in order that the respondent offers support to his father, as he was telling me, and help him in the management of his business.

In the end however, the respondent was not involved at all

Μεταφραστικό Γραφείο Υπουργείου Εξωτερικών, Αθήνα.

Bureau des Traductions du Ministère des Affaires Etrangères de la République Hellénique, Athènes.

Hellenic Republic - Ministry of Foreign Affairs
Translations Office, Athens.

in his father's business, as he had told me, and using various excuses, he convinced me to stay despite all these for a small period in California, where he wished to engage in the real estates agency, always promising our return soon to Greece. He indeed commenced the aforesaid business activity, unofficially, having as his "registered office" the house, and because we were facing bread-winning problem I was forced myself to look for a job and I was hired as teacher of Greek language by the competent service of the Department of Defense (Defense Language Institute - Department of Defense).

The condition of my relationships with his family was however getting worse all the time, one of his sisters, in her frequent visits for a few days to the house, was creating tensions for insignificant reasons, she was insulting and humiliating me, the respondent was avoiding to express an opinion and was remaining uninvolved, I, in turn, was being patient, believing in the temporariness of the situation and looking forward to the moment of our moving to Greece. Finally however, upon my relevant demand and because I was seeing that the respondent was systematically avoiding to specifically fix our return to Greece "soon", while our cohabitation with his family was intolerable, in January 2003, we settled in our own home, in the town of Capitola, a few miles away from his paternal house in Watsonville. Meanwhile, several months afterwards, approximately at the end of 2003, the respondent, after having taken the relevant professional licence, got into partnership with the real estate agency of an acquaintance of his and was now officially exercising the specific profession, which however did not bring him but minimum income.

Μεταφραστικό Γραφείο Υπουργείου Εξωτερικών, Αθήνα.

Bureau des Traductions du Ministère des Affaires Etrangères de la République Hellénique, Athènes.

Hellenic Republic - Ministry of Foreign Affairs Translations Office, Athens.

After December 2004 and while I was in the first months of my pregnancy, when I pressingly raised to the respondent the issue of our return to Greece his behaviour started changing against me, it became violent, he was constantly causing quarrels, he was talking to me badly and he was insulting me, he was continuously out of home in the evenings, he was humiliating me and insulting me in front of third parties, while the interventions of his relatives into our family affairs were constant. At the same period he also interrupted the sexual intercourses with me, claiming various pretexts and excuses.

The same situation continued after the birth of our child, in May 2005, the defendant was constantly ignoring his spousal and family obligations, the disputes between us were constant, he was shouting and insulting me in front of the newborn, he was absent for many hours from the house and he was always coming back enervated, finding insignificant reasons for quarrels, he was not at all involving in the care of our child nor he was interested in his smooth development, he was still refraining from the sexual intercourse between us and to my relevant protests for the above situation he was telling me to "get up and go away" and to "get divorced".

In August 2005, when we came for vacation to Greece the respondent was distant, he was avoiding me, we only had one sexual intercourse upon my initiative and all my efforts to approach him and discuss the problem of our estrangement resulted fruitless. When we returned to America, approximately in the middle of September 2005, the problems between us became more severe, the respondent was sleeping in a separate room, certain nights he even did not return home at all, he was creating in-

Μεταφραστικό Γραφείο Υπουργείου Εξωτερικών, Αθήνα.

Bureau des Traductions du Ministère des Affaires Etrangères de la République Hellénique, Athènes.

Hellenic Republic - Ministry of Foreign Affairs Translations Office, Athens.

tense quarrels, he was treating me violently and offensively. At the same time our financial problems were getting worse and during the last months we were living almost exclusively at my own salary, which of course was not sufficient in order to cover our needs.

Then I felt that my patience had been exhausted, I had no mental communication with the respondent, I stopped believing that things would become better, I was unhappy and desperate and only the care and the love of my child was giving meaning to my life. I repeatedly tried to discuss with the litigant concerning the facing of our problem, I was even forced to communicate with him through e-mail given his refusal to talk with me, I asked him to make a "new beginning" in Greece where things would be easier for our survival. I also recommended to him to ask for the help and the advice of a special psychologist in order to save our marriage, however he was negative, he was facing our situation with indifference, he was continuing the same behaviour and he raised to me, in a "threatening" way, the issue of divorce.

Early in November 2005 I decided to come with our child for a small period of time to Greece, in order to be able to calm down, get over my panic and the severe emotional stress that I was feeling and decide how I was going to further handle the situation that it has been created by the respondent's above behaviour. Recently however, during my stay here, I found out that the litigant, already since December 2004 approximately, when his behaviour towards me had changed, was having an affair with his secretary, called Jessie, who was hired at his real estate agency approximately at that time. This fact has of course

Μεταφραστικό Γραφείο Υπουργείου Εξωτερικών, Αθήνα.

Bureau des Traductions du Ministère des Affaires Etrangères de la République Hellénique, Athènes.

Hellenic Republic - Ministry of Foreign Affairs Translations Office, Athens

been subversive, it aggravated things emotionally for me in a determinative way and weakened all my wishes and efforts for patience and improvement of my marital relation with the respondent – a relation mainly of trust – which was now finally and irretrievably shaken.

Thus, in view of all the above, the problems that the respondent is creating against me and against our family by his indifferent, insulting and many times violent behaviour and by the explicit manifestation of the lack, on his behalf, of disposition to maintain our marital relationship, given the fact that he keeps an extramarital love affair, it is obvious that the continuation of our marital cohabitation became soundly intolerable for me, since I am in constant emotional tension, with serious impacts to my mental health, not being any more able to tolerate, for reasons of personal dignity, the insult, as above, towards my person and my social degradation, and our child, despite his young age, understands the every day tension that prevails between us and this environment is improper for his healthy physical and mental development.

In view of the situation aforesaid, it is apparently impossible for me to live with the respondent, since there is a danger of worsening of our relations with continuous wrangles and quarrels, and such cohabitation would seriously affect the physical and mental development of our minor child.

More specifically, since the recent interruption of my marital cohabitation with the respondent, given that it is impossible for us to live together, I reside temporarily at 22 Platonos str., in Nikea, my parents' house, with my parents, having their unreserved assistance and their psychological and

Μεταφραστικό Γραφείο Υπουργείου Εξωτερικών, Αθήνα.

Bureau des Traductions du Ministère des Affaires Etrangères
de la République Hellènique, Athènes.

Hellenic Republic - Ministry of Foreign Affairs
Translations Office, Athens.

financial support in the facing of the created situation. Please note that I am a graduate of the Department of Communication and Mass Media of the University of Athens, and I have excellent knowledge of English, French and Italian language, qualifications that can ensure me work with satisfactory income so as to be able to live with my child in our own house, having at the same time the assistance of my family, also taken under consideration the fact that I have the full ownership of two apartment, in Nikea, and in the following days, because of his retirement, my father is going to transfer to me his share (25%) in a profitable restaurant business in Argassi, Zakynthos.

Given all the above and in view of the interruption of the marital cohabitation with the respondent, **I am entitled to apply for the grant of provisional remedies in order to regulate the existing situation regarding the exercise of the parental care of our minor child.**

WHEREAS given all the above, by order of this Court the exercise of the parental care of our minor child has to be entrusted to me temporarily, since such an arrangement would be for the benefit of our minor child and in this way only the stability and the continuation of his development is ensured, and his mental and emotional world and his smooth psychosomatic development is adequately protected.

WHEREAS our minor child, Anthony-George, is only 6 months old, thus I have objectively assumed his custody and exclusive care in general since his birth till the present day and I have maintained with him an excellent and harmonious relation of love and tenderness, taking care of him in the best possible way for the smooth development of his personality.

Μεταφραστικό Γραφείο Υπουργείου Εξωτερικών, Αθήνα

Bureau des Traductions du Ministère des Affaires Etrangères de la République Hellénique, Athènes.

Hellenic Republic – Ministry of Foreign Affairs Translations Office, Athens.

ΗΜΗ ΜΕΤΑΦΡΑΣΗ          TRADUCTION OFFICIELLE          OFFICIAL TRANSLATION

—— 8 ——

No.

WHEREAS the entrustment to me of the exercise of the paren-
tal care of our minor child is suggested by his interests, tak-
ing into consideration his particular conditions and needs, as
they are mainly his age, his smooth psychosomatic development
and the stability of the conditions thereof as well as his spe-
cial, constant and daily need for the mother's care and affec-
tion.

WHEREAS I am entitled to apply for the grant of a PROVI-
SIONAL ORDER comprising of the temporary entrustment to me of
the exercise of the parental care of my minor child until the
hearing of this petition, so as to be able to take care of cer-
tain matters requiring prompt and urgent arrangement, such as
the issuance of a health booklet for vaccinations, matters of
medical and pharmaceutical care in general, his insurance, his
enrolment in a nursery etc.

WHEREAS this petition is lawful, well founded and true,
duly brought for hearing in this Court, which is a court of com-
petent jurisdiction (art. 1513, 1514 of the Civil Code in combi-
nation with art. 681B, 622, 682, 691, 735 of the Code of Civil
Procedure).

WHEREAS I disclaim my petition dated 1 December 2005,
filed in this Court under ser.nr.195407/15126/2005.


THEREFORE

I HEREBY REQUEST AS FOLLOWS

That the present petition be granted.

That the exercise of the parental care of my minor child, An-
thony-George Petroutsos, be temporarily entrusted to me for the
reasons aforesaid.

Μεταφραστικό Γραφείο Υπουργείου Εξωτερικών, Αθήνα.

Bureau des Traductions du Ministère des Affaires Etrangères
de la République Hellénique, Athènes.

Hellenic Republic - Ministry of Foreign Affairs
Translations Office, Athens.

ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ     TRADUCTION OFFICIELLE     OFFICIAL TRANSLATION

—— 11 ——

No.

JUDGES' DEED FIXING A HEARING DATE

Place of hearing: building nr.5

Date of hearing: Monday, 9th of January 2006 at 09.00

Docket nr.85

Service: At least 10 days before the date of hearing.

Athens, 07.12.2005.

The Judge: KARAGIANNAKOS IOANNIS (signed)

TRUE CERTIFIED COPY

Athens, 07.12.2005

The Clerk of the Court: MANOLI ELENI

Seen for the lawful stamping and issuance hereof in order of priority.

Athens, 07.12.2005

The Head of the Registry: p.p. MANOLI ELENI


## PROVISIONAL ORDER

The petitioner is hereby entrusted the temporary custody of he minor child Anthony-George Petroutsas, and it is further ordered that the temporary residence of the minor child aforesaid shall be at 22 Platonos Street, Nikea, Greece, that is the house of the petitioner's father, until the hearing of the present petition.

Athens, 9th December 2005

The Chief Judge on duty: I.KARAGANNAKOS (signed) (sealed)

True certified copy duly seen for its lawful stamping

Athens, 9.12.2005.

The Clerk of the Court: MANOLI ELENI (signed) (sealed)

Μεταφραστικό Γραφείο Υπουργείου Εξωτερικών, Αθήνα.

Bureau des Traductions du Ministère des Affaires Etrangères de la République Hellénique, Athènes.

Hellenic Republic - Ministry of Foreign Affairs Translations Office, Athens.

That a provisional order of this Court be issued so as to entrust to me the parental care of my minor child and determine that his temporary residence shall be at 22 Platonos Street, Nikea, Greece, that is my father's house, until the hearing of the present petition.

That the respondent be ordered to pay my legal costs in general. Athens, 5 December 2005.

Attorney for the petitioner (signed) (sealed)

IOSIF-DIMITRIOS E. PARASCHOS, Attorney-at-Law

19 Mavromateon & Heyden Str., 104 34 Athens

Tel. 8217129, 8217130, Fax: 8217049

PROOF OF FILING

PROCEEDINGS IN THE ONE JUDGE FIRST INSTANCE COURT

FOR THE GRANT OF PROVISIONAL REMEDIES

General Filing No. 198971/2005

Legal Document Filing No. 15379/2005

In Athens, in the Registry of the First Instance Court, this Wednesday, 7th of December 2005 at 10:48, before me, Manoli Eleni, Clerk of the Multimember First Instance Court of Athens, appeared PARASCHOS IOSIF-DIMITRIOS, Attorney for the petitioner (Reg.nr.7601) and filed the within petition.

In testimony whereof, the present report was drawn up and signed as follows.

Attorney for the petitioner: PARASCHOS IOSIF-DIMITRIOS

The Clerk of the Court: MANOLI ELENI

Μεταφραστικό Γραφείο Υπουργείου Εξωτερικών, Αθήνα.

Bureau des Traductions du Ministère des Affaires Etrangères de la République Hellénique, Athènes.

Hellenic Republic - Ministry of Foreign Affairs Translations Office, Athens.

2005. 5:39PM  LAWOFFICEOFGCKASOLAS  No.1810  P. 11/28
Case 5:07-cv-05535-JF  Document 27  Filed 11/20/2007  Page 36 of 55
ΜΗ ΜΕΤΑΦΡΑΣΗ  TRADUCTION OFFICIELLE  OFFICIAL TRANSLATION

—— 10 ——

No.

It is hereby ordered that the claim for the grant of a provisional order shall be heard on Friday 9th of December 2005 at 11.45 before the Chief Judge on duty in building nr.5, room nr.102, on the condition that the respondent shall have been summoned at least 12 hours before the time of hearing care of the petitioner.

Athens, 07.12.2005.

The Chief Judge: KRITIKOU EUPHROSYNI (signed)

TRUE CERTIFIED COPY

Athens, 07.12.2005

The Clerk of the Court: MANOLI ELENI

Seen for the lawful stamping and issuance hereof in order of priority

Athens, 07.12.2005

The Head of the Registry: p.p. MANOLI ELENI

PROOF OF FILING

PROCEEDINGS IN THE ONE JUDGE FIRST INSTANCE COURT

FOR THE GRANT OF PROVISIONAL REMEDIES

General Filing No. 198971/2005

Legal Document Filing No. 15379/2005

In Athens, in the Registry of the First Instance Court, this Wednesday, the 7th of December 2005 at 13:57, before me, Manoli Eleni, Clerk of the Multimember First Instance Court of Athens, appeared PARASCHOS IOSIF-DIMITRIOS, Attorney for the petitioner (Reg.nr.7601) and filed the within petition.

In testimony whereof, the present report was drawn up and signed as follows.

Attorney for the petitioner: PARASCHOS IOSIF-DIMITRIOS

The Clerk of the Court: MANOLI ELENI

Μεταφραστικό Γραφείο Υπουργείου Εξωτερικών, Αθήνα.

Bureau des Traductions du Ministère des Affaires Etrangères de la République Hellénique, Athènes.

Hellenic Republic - Ministry of Foreign Affairs Translations Office, Athens

The competent process server is hereby ordered to serve this present upon the Public Prosecutor of the First Instance Court of Athens on behalf of George – Anthony Petroutsas son of Antonios, resident of Californa, United States of America (300 PLUM STR 69, CAPITOLA CA 95010) for his information and for the legal consequences. The respondent is hereby summoned to attend the hearing of the case in the place and at the time stated above.

Athens, 12.12.2005

Attorney for the petitioner:

IOSIF-DIMITRIOS E.PARASCHOS

Attorney-at-Law

Athens Bar Association reg.nr.7601

19 Mavromateon & Heyden Street, Athens

Tel.(210) 8217129, Fax (210) 8217049

(signed) (sealed)

True translation of the attached original document in Greek.

Athens, 12.12.2005.

The Translator

K.Makropoulos

Μεταφραστικό Γραφείο Υπουργείου Εξωτερικών, Αθήνα.

Bureau des Traductions du Ministère des Affaires Etrangères de la République Hellénique, Athènes.

Hellenic Republic – Ministry of Foreign Affairs
Translations Office, Athens.

Recycled    Stock #DO-10-B

FIRST INSTANCE COURT OF ATHENS
DPT. OF INJUNCTIVE MEASURES

## CERTIFICATION

The Supervising Clerk of the Dpt of Injunctive Measures (First Instance Court of Athens) I hereby certify that the Petition dated 5th of December 2005 under filing number 198971/15379/2005 by DESPINA ASVESTA of Georges, resident of Nikaia, Platonos 22 Str. versus GEORGIOU – ANTONIOU PETROUTSA of Antonios, resident of California USA, 300 Plum Str 69, Capitola CA 95010, the Hearing of which had been designated the 9th of January 2006, has been postponed in presence of the defendant part for the Hearing of the 14th of April 2006 .
The Court does not extend the Temporary Order in force any further.

ATHENS, 12th of January 2006

The Supervising Clerk of the Dpt of Injunctive Measures

(Seal and Signature)

The present Proof of Service is true and exact translation of the attached original document in Greek language.

The translator laywer

Stylianos H. Gregoriou
Attorney – LLM (12269)
6 Alexandras ave., Athens
tel. 0030 210 8221411

ΣΤΕΛΙ[...]ΓΡΗΓΟΡΙΟΥ
ΔΙΚΗΓΟ[...]Μ (12269)
Λ. ΑΛΕ[...]6 - ΑΘΗΝΑ
ΤΗΛ: 210[...]1 210-823805[...]
ΑΦΜ: 026847004 - ΔΟΥ: ΙΑ' ΑΘΗ[...]

Recycled    Stock #DO-10-B

1   JESSE D. RUBEN SBN #232474
    PAGE, SALISBURY & DUDLEY
2   Attorneys at Law
    605 Center St.
3   Santa Cruz, CA 95060
    831-429-9966 (tel)
4   831-427-2132 (fax)

5   Attorneys for Petitioner GEORGE PETROUTSAS

F I L E D

~~JAN 25 2006~~

ALEX CALVO, CLERK
BY
DEPUTY, SANTA CRUZ COUNTY

6

7

8

9               IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                  IN AND FOR THE COUNTY OF SANTA CRUZ

11  GEORGE PETROUTSAS                    )    CASE NO. FL 022605
                                         )
12          Petitioner,                  )
            and                          )
13                                       )    FINDINGS AND ORDER AFTER
    DESPINA ASVESTA PETROUTSAS,          )    HEARING
14                                       )
            Respondent.                  )
15                                       )
                                         )
16  _____ )

17              FINDINGS AND ORDER AFTER HEARING

18      This proceeding was heard on January 25, 2006, at 1:30 p.m. in department 4 by Judge

19  Irwin Joseph. Petitioner, his attorney and the Respondent's attorney were all present.

20  THE COURT FINDS AND ORDERS:

21      1) The Court finds that, Santa Cruz County, California in the United States Of America is

22  the habitual residence of Andonios Petroutsas, son of George and Despina Petroutsas.

23

24      2) The Court finds that, Santa Cruz County, California in the United States Of America is

25  the proper jurisdiction to hear this matter.

26

27

28                                         1

    Order After Hearing
    In re: the marriage of Petroutsas

3) The Court finds that, Despina Petroutsas has not returned to the United States of America with the child of the parties after representing to George Petroutsas that she would return from Greece on December 1, 2005. As such Despina Petroutsas has removed Andonios Petroutsas from his place of habitual residence. The Court orders that upon return to the United States, her movement be free and unrestrained.

4) The Court finds that, Despina Petroutsas has been represented in these proceedings by attorney George C. Kasolas since January 3, 2006.

5) The Court makes a Permanent Modifiable order of, Sole Legal Custody and Sole Physical Custody of the minor child, Andonios Petroutsas, to George Petroutsas.

6) "Permanent Modifiable" means that, this order is a final judicial custody determination and may be changed only if there were a significant change of circumstances shown. (Montenegro v. Diaz (2001) 26 Cal 4th 249, 256.)

7) "Sole Legal Custody" means that, one parent, here George Petroutsas, now has the right and the responsibility to make the decisions relating to the health, education, and welfare of a child. (California Family Law Code §3006.)

8) "Sole Physical Custody" means that, the child shall reside with and be under the supervision of one parent, here George Petroutsas, subject to the power of the court to order visitation. (California Family Law Code §3007.)

9) The Court orders Despina Petroutsas, or any agency with the proper authority, to return the minor child, Andonios Petroutsas, to George Petroutsas immediately.

2

Order After Hearing
In re: the marriage of Petroutsas

1    10) Respondent shall appear personally in department 4, Santa Cruz Superior Court, on

2    February 10, 2006, at 8:30 A.M.

3

4                              **IT IS SO ORDERED**

5

6

7                                    Irwin Joseph, Judge of the Superior
                                     Court of California, County of Santa Cruz

8

9                                    Dated: 1-25-06



1 | MITCHELL PAGE, SBN 062344
PAGE, SALISBURY & DUDLEY
2 | Attorneys at Law
605 Center Street
3 | Santa Cruz, California 95060-3804
(831) 429-9966 TELEPHONE
4 | (831) 427-2132 FAX

5 | Attorney for Petitioner, GEORGE PETROUTSAS

**FILED**

MAR 2 1 2006

ALEX CALVO, CLERK
DEPUTY, SANTA CRUZ COUNTY

6

7

8

9

10       IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

11          IN AND FOR THE COUNTY OF SANTA CRUZ

12 | In re the marriage of:

13 | Petitioner: GEORGE PETROUTSAS,          No. FL 022605

14 | and                                      ORDER AFTER HEARING

15

16 | Respondent: DESPINA PETROUTSAS.

17                                          Date: 4/24/06; 8:30 A.M., Dept. #4

18       This matter was heard by the Honorable Irwin Joseph on March 10, 2006, on the

19 | 8:30 A.M. calendar, in Department 4 of the above-entitled court.

20       Petitioner DESPINA AZVESTA PETROUTSAS, not present, was represented by

21 | Attorney JEAN ASHTON, appearing for GEORGE KASOLAS, who has represented

22 | Respondent at all previous court appearances.

23       The Court had set the matter for review on this date expecting Respondent to

24 | comply with the Court's previous order to return the minor child immediately. The court is

25 | prepared to determine a specific weekly schedule for the sharing of custody of the minor

26 | child by Petitioner and Respondent. Respondent has neither complied with the Court Order

27 | to return the minor child, nor has she personally appeared before the Court.

28 | In re the marriage of PETROUTSAS
Case Number FL 022605
Order After Hearing

1

1    All previous orders remain in effect, including the Order for the immediate return of

2  the minor child to his place of residence in Santa Cruz County, California. That Order is

3  enforceable now and has been enforceable since its first issuance. No further Court hearings

4  or Court orders are necessary for enforcement.

5    The matter is set for further review on April 24, 2006.

6    The Order to Show Cause regarding request for release of community funds,

7  currently set for April 10, 2006, is continued to April 24, 2006.

8

9

10  Dated: March 10, 2006                3/21/06

                                           JUDGE OF THE SUPERIOR COURT
11                                          IRWIN H. JOSEPH

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  In re the marriage of PETROUTSAS
     Case Number FL 022605
     Order After Hearing

2

7/13

**FL-340**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and address)*:
ROBERT L. HOOVER, SBN 30684
HOOVER & BECHTEL, LLP
The Garden Alameda
1570 The Alameda, Suite 101
San Jose, CA

TELEPHONE NO.: (408) 947-7600    FAX NO. *(optional)*: (408) 947-7603
ATTORNEY FOR *(Name)*: Despina Asvesta Petroutsas

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Santa Cruz
STREET ADDRESS: 701 Ocean Street
MAILING ADDRESS: 701 Ocean Street
CITY AND ZIP CODE: Santa Cruz 95060
BRANCH NAME: Family Law

FOR COURT USE ONLY

# FILED

JUN 2 9 2007

ALEX CALVO, CLERK
BY
DEPUTY, SANTA CRUZ COUNTY

PETITIONER/PLAINTIFF: George Petroutsas

RESPONDENT/DEFENDANT: Despina Asvesta Petroutsas

OTHER:

## FINDINGS AND ORDER AFTER HEARING

CASE NUMBER:
FL 022605

1. This proceeding was heard
   on *(date)*: April 16, 2007      at *(time)*: 8:30 a.m.    in Dept.: 4      Room: 4
   by Judge *(name)*: Irwin H. Joseph      ☐ Temporary Judge

   [X] Petitioner/plaintiff present                    [X] Attorney present *(name)*: Mitchell Page, Esq.
   ☐ Respondent/defendant present              [X] Attorney present *(name)*: Kristin Cox, Esq.
   ☐ Other present                                        ☐ Attorney present *(name)*:
   On the order to show cause or motion filed *(date)*: 12/14/2006    by *(name)*: Despina Asvesta Petroutsas

2. **THE COURT ORDERS**.
3. Custody and visitation:         ☐ As attached on form FL-341      [X] Not applicable

4. Child support:                      ☐ As attached on form FL-342      [X] Not applicable

5. Spousal or family support:     ☐ As attached on form FL-343      [X] Not applicable

6. Property orders:                   ☐ As attached on form FL-344      [X] Not applicable

7. Other orders:                       [X] As attached                          ☐ Not applicable

8. ☐ Attorney fees *(specify amount)*: $
   Payable to *(name and address)*:

   Payable    ☐ forthwith    ☐ other *(specify)*:

9. All other issues are reserved until further order of court.

Date: 6/26/07

approved as conforming to court order.

▶                                                    JUDICIAL OFFICER
                                    Hon. Irwin H. Joseph    IRWIN JOSEPH

SIGNATURE OF ATTORNEY FOR  [X] PETITIONER / PLAINTIFF  ☐ RESPONDENT / DEFENDANT
Mitchell Page, Esq.

Adopted for Mandatory Use
Judicial Council of California
FL-340 [Rev. July 1, 2003]

**FINDINGS AND ORDER AFTER HEARING**
(Family Law—Custody and Support—Uniform Parentage)

Legal
Solutions

MC-025

| SHORT TITLE: Petroutsas v. Asvesta Petroutsas | CASE NUMBER: |
|---|---|
| | FL 022605 |

**ATTACHMENT** *(Number):* 7. (Other orders)    **Page** 2 **of** 2

*(This Attachment may be used with any Judicial Council form.)*    *(Add pages as required)*

Attachment to Findings and Order After Hearing, for April 16, 2007.

The Court makes the following findings and orders:

1. A custody ~~evaluation~~ mediation shall be performed in Greece.

2. The parties shall mediate the custody and visitation issues in Greece.

3. Temporary sole legal custody and temporary sole physical custody of minor child ANDONIOS GIORGIOS PETROUTSAS (DOB 5/21/2005) to father, Petitioner George Petroutsas.

4. Visitation of minor child ANDONIOS GIORGIOS PETROUTSAS (DOB 5/21/2005) to Mother, Respondent Despina Asvesta Petroutsas as mutually agreed upon by the parties.

5. Petitioner shall not utilize the custody status of minor child ANDONIOS GIORGIOS PETROUTSAS (DOB 5/21/2005) to thwart the mediation process in Greece.

6. The matter is set for mediation status/review hearing on May 14, 2007 at 8:30 a.m. in department 4.

7. Neither party shall attend the May 14, 2007 mediation status/review hearing.

8. Counsel may attend the May 14, 2007 mediation status/review hearing telephonically.
///

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 1

ATTACHMENT    Legal

 

# Minute Orders

**Home**          Complaints/Parties    Actions    Minutes
**Pending Hearings**    Case Report

**Action:**    (Choose)

## MOD OF CUSTODY/VISITATION, REFER TO SCREENING MEDIATION/MOVE-AWAY EVAL
## 04/16/2007 - 8:31 AM DEPT. 4

HONORABLE IRWIN H. JOSEPH, PRESIDING
CLERK: RENEE RODRIGUEZ
REPORTER: KEN KNUTH
-
-
-

APPEARANCES:
MITCHELL PAGE, ESQ., COUNSEL APPEARING WITH GEORGE PETROUTSAS
KRISTEN COX, ESQ., COUNSEL PRESENT FOR DESPINA ASVESTA PETROUTSAS
-
-
-

THE CASE IS REGULARLY CALLED FOR HEARING.
-
-

COUNSEL ADDRESS(ES) THE ISSUES NOW BEFORE THE COURT.
COUNSEL ADDRESS THE ISSUES NOW BEFORE THE COURT.
-
-

IT IS ORDERED:
-

CUSTODY:
SOLE LEGAL AND PHYSICAL CUSTODY OF THE MINOR CHILD(REN) IS AWARDED TO GEORGE PETROUTSAS.
-
-

THE COURT NOTES, PETITIONER IS PROHIBITED FROM UTILIZING HIS CUSTODY STATUS TO THWART THE
MEDIATION PROCESS IN GREECE.
-

VISITATION:
VISITATION SHALL BE MUTUALLY ARRANGED BETWEEN THE PARTIES.
-

NEXT COURT DATE:
THIS MATTER IS SET FOR MEDIATION STATUS/ REVIEW ON 05/14/07 AT 08:31 IN DEPARTMENT 4.

THE COURT NOTES, NEITHER PARTIES APPEARANCE IS NECESSARY AT THE ABOVE NOTED
HEARING DATE.

========= MINUTE ORDER END/RR =========

 **Minute Orders** 

**Home**          Complaints/Parties    Actions    Minutes
**Pending Hearings**    Case Report

**Action:**    (Choose)          

## MEDIATION STATUS/ REVIEW
## 06/07/2007 - 8:31 AM DEPT. 4

HONORABLE COMMISSIONER IRWIN H. JOSEPH, PRESIDING
CLERK: JANET GARLAND
REPORTER: ASHLEY KIM
-
-
-

APPEARANCES:
MITCHELL PAGE, ESQ., COUNSEL APPEARING WITH GEORGE PETROUTSAS
KRISTEN L. COX, ESQ., COUNSEL PRESENT FOR DESPINA ASVESTA PETROUTSAS
(MS. COX APPEARING TELEPHONICALLY).
-
-

COUNSEL/PARTIES ADDRESS(ES) THE ISSUES NOW BEFORE THE COURT.
MR. PAGE ADVISES THAT IT IS HIS UNDERSTANDING THAT GREECE BELIEVES THAT SANTA CRUZ HAS

RELINQUISHED JURISDICTION AS A CUSTODY EVALUATION WAS DONE BY A PSYCHIATRIST IN GREECE

WITHOUT THE PARTICIPATION OF THE PETITIONER. MS. COX ADVISES OF A PERMANENT ORDER IN GREECE

GIVING RESPONDENT CUSTODY OF THE MINOR; HOWEVER, THE ORDERS AND THE EVALUATION REPORT ARE BOTH

BEING TRANSLATED AT THIS TIME.
-

-

IT IS ORDERED:
THE COURT STATES THAT IT HAS NEVER CEDED JURISDICTION AND REAFFIRMS ITS BELIEF THAT THIS

IS THE PROPER VENUE AS THE MINOR WAS RAISED IN THIS COUNTRY.
-

-

AS SOON AS COUNSEL RECEIVE TRANSLATED COPIES OF THE ORDERS AND OF THE PSYCHIATRISTS EVALUATION

REPORT, THEY SHALL BE FILED WITH THE COURT WITH THE PROPER COVER SHEET. THE EVALUATION REPORT

SHALL BE PLACED IN THE CONFIDENTIAL ENVELOPE.
-

NEXT COURT DATE:

Case 5:07-cv-05535-JF    Document 27    Filed 11/20/2007    Page 53 of 55

THIS MATTER IS SET FOR MEDIATION STATUS/REVIEW AND RECEIPT OF GREEK ORDERS/EVALUATION REPORT ON 07/13/07 AT 08:31 IN DEPARTMENT 4.

-
-

MS. COX MAY APPEAR VIA COURT CALL.

-
-

MR. PAGE IS DIRECTED TO PREPARE THE ORDER PURSUANT TO RULE 3.1312.
========== MINUTE ORDER END/JG ==========

 ## Minute Orders 

**Home**          **Complaints/Parties**     **Actions**     **Minutes**
**Pending Hearings**     **Case Report**

**Action:**    (Choose)                                                        

## MEDIATION STATUS/REVIEW AND RECEIPT OF GREEK ORDERS/EVALUATION REPORT
## 07/13/2007 - 8:31 AM DEPT. 4

HONORABLE IRWIN H. JOSEPH, PRESIDING
CLERK: JAN BIEGENZAHN
REPORTER: LINDA PARKS
-
-
-

APPEARANCES:
MITCHELL PAGE, ESQ., COUNSEL PRESENT FOR GEORGE PETROUTSAS
KRISTIN COX, ESQ., COUNSEL APPEARING TELEPHONICALLY FOR DESPINA ASVESTA PETROUTSAS
-
-
-

COUNSEL ADVISE(S) THE COURT OF THE FOLLOWING:
THE TRANSLATED JUDGMENT AND FINAL CUSTODY ORDER HAVE NOT BEEN RECEIVED FROM GREECE. MS. COX WILL
CONTACT RESPONDENTS ATTORNEY IN GREECE TO EXPEDITE THE PROCESS.
-
-

MR. PAGE ADVISES THERE IS NO MEDIATION PROCESS AVAILABLE IN GREECE AND THERE HAS BEEN NO
PROGRESS IN COMMUNICATIONS.
-
-

THE COURT ADVISES IT HAS RECEIVED THE TRANSLATED CUSTODY EVALUATION PERFORMED ON 5/29/07.
-
-

THE COURT CONFIRMS THE SANTA CRUZ COURT HAS JURISDICTION OVER THE DISSOLUTION AND CHILD
CUSTODY AND SUPPORT AND THAT THE ORDERS MADE IN CALIFORNIA IN AUGUST 2006 ARE DIRECTLY
ENFORCEABLE.
-

NEXT COURT DATE:
THIS MATTER IS CONTINUED TO 08/17/07 AT 08:30 IN DEPARTMENT 4.

APPEARANCE BY COURT CALL IS AUTHORIZED.

========= MINUTE ORDER END/JB =========