Stephen J. Cullen, Esquire
*pro hac vice*
Kelly A. Powers, Esquire
*pro hac vice*
Miles & Stockbridge P.C.
One West Pennsylvania Avenue
Suite 900
Towson, Maryland 21204
(410) 821-6565
(410) 385-3709 (fax)
scullen@milesstockbridge.com
kpowers@milesstockbridge.com

Renee C. Day, Esquire, Bar # 221252
Hoover & Betchel, L.L.P.
The Garden Alameda
1570 The Alameda, Suite 101
San Jose, California 95126
(408) 947-7600
(408) 947-7603 (fax)
renee@hoover-betchel.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**
San Jose Division

DESPINA ASVESTA,

       Petitioner,

v.                                                                          Case No. C-07-05535 JF

GEORGE PETROUTSAS,

       Respondent.
_____/

**PETITIONER'S OPPOSITION TO RESPONDENT'S EMERGENCY MOTION FOR RECALL OF WARRANT AND ORDER TO REMOVE MINOR CHILD FROM N.C.I.C.**

Petitioner, Despina Asvesta ("Ms. Asvesta"), by and through her undersigned attorneys, hereby files this Opposition to Respondent's Emergency Motion for Recall of Warrant and Order to Remove Minor Child From N.C.I.C., and as reasons therefor, states as follows:

    1.    On October 31, 2007, Ms. Asvesta filed suit in the United States District Court for the Northern District of California against Respondent George Petroutsas ("Mr. Petroutsas") and requested the immediate issuance of a show cause order. This civil action was brought by Ms. Asvesta as a result of the abduction and wrongful removal of Ms. Asvesta's two-year-old son from

Greece, the child's habitual residence.

2. A Show Cause Order was issued by this Court on November 8, 2007, requiring the Respondent to appear with the minor child and to produce any and all travel documents for the minor child.

3. The Show Cause Order set the matter for a hearing on November 16, 2007, and required the Petitioner's Verified Petition for Return of the Child to Petitioner, filed on October 31, 2007, and the Show Cause Order to be served on Mr. Petroutsas by the U.S. Marshal.

4. Deputy Tim Schobar of the United States Marshal's office attempted to serve Mr. Petroutsas four times at his home address and work address. Mr. Petroutsas evaded service. A copy of the Declaration of Renee C. Day in Support of Emergency Motion to Serve by E-Mail is attached hereto and incorporated herein as Petitioner's **Exhibit A**.

5. On November 15, 2007, Petitioner filed an Emergency Motion for Alternative Service With Incorporated Memorandum of Law, requesting for this Court to allow service on the Respondent by e-mail, by personal service on Respondent's attorney, and by leaving a copy of the Show Cause order in Respondent's mailbox.

6. On November 15, 2007, in response to Petitioner's Emergency Motion for Alternative Service With Incorporated Memorandum of Law, this Court issued an Order for Alternative Service, authorizing Ms. Asvesta to serve the Respondent by e-mail, by personal service on the Respondent's attorney, Mitchell Page, Esquire[1], and by delivery of the Show Cause Order to

---

[1] On November 19, 2007, Respondent retained BJ Fadem, Esquire as counsel in this federal court matter. Petitioner's counsel confirmed such representation by telephone call to BJ Fadem, Esquire on November 19, 2007. Respondent's counsel in the parties' state court matter, Mitchell Page, Esquire does not undertake to represent Respondent in this matter. A copy of a letter

Petitioner's Opposition to Respondent's
Emergency Motion To Recall

the Respondent's home address with a copy to be placed in Respondent's mailbox.

7. All three methods of service were properly completed. Copies of the following are attached hereto and incorporated herein collectively as Petitioner's **Exhibit C**: the e-mail sent to Respondent on November 15, 2007 with attached receipt of delivery; Declaration of Service for personal service on Mitchell Page, Esquire; Declaration of Service for delivery to Respondent's home address.

8. It is clear that the Respondent had notice of the Show Cause Hearing scheduled to be held on November 16, 2007, and chose to fail to appear for the hearing. Deputy Tim Schobar of the United States Marshal's office attempted service on the Respondent on November 9, 13, and 15, 2007. See the attached affidavit of service attached hereto and incorporated herein as Petitioner's **Exhibit D**.

9. Upon information and belief, the Respondent was present in the clerk's office on November 13, 2007 reviewing the court file. As a party to this action, upon showing proper identification to the clerk of the court, Respondent would of course have been permitted to view any and all documents, including sealed pleadings and orders. Even assuming that Respondent was only permitted to view a redacted Show Cause Order dated November 9, 2007, the only redacted text of the order would be that of the minor child's full name. The child's initials, both parties' names, and the date of the hearing would be clearly displayed, even in the redacted version of the Show Cause Order.

---

submitted to this Court on November 16, 2007 by Mitchell Page, Esquire is attached hereto and incorporated herein as Petitioner's **Exhibit B.**

Petitioner's Opposition to Respondent's
Emergency Motion To Recall

3

10. Respondent did indeed have actual notice of the Show Cause Hearing, as evidenced by the service completed as required in this Court's Order for Alternative Service and the Respondent's appearance in the clerk's office to review his file.

11. Respondent poses a severe flight risk in this matter, and therefore it is not in the interest of justice, nor in the minor child's best interest to recall the warrant and/or to remove the minor child's name from the N.C.I.C. missing children's database.

12. The minor child has a passport issued by the United States, which is currently held in safekeeping in the firm safe at Miles & Stockbridge P.C. located at One W. Pennsylvania Ave., Suite 900, Towson, Maryland 21204. Undersigned counsel does not have access to said safe. The minor child's passport is maintained in a sealed envelope and requires approval of the firm's office manager and managing partner to be removed. As officers of this Court, undersigned counsel represent to the Court that Ms. Asvesta has absolutely no access to the minor child's passport at this time, and therefore poses no threat of flight with the minor child.

13. Undersigned counsel has confirmed that there is no Greek passport issued for the minor child, or any passport from any other country in the European Union.

14. Ms. Asvesta has always been in possession of the minor child's United States passport until Friday, November 16, 2007, at which time she surrendered said passport to undersigned counsel for safekeeping.

15. Respondent's counsel stated to undersigned counsel in a telephone conversation on November 19, 2007, that following Respondent's removal of the minor child from Greece, Respondent and the child entered the United States through Canada. It is unclear the method by which Respondent was able to depart from Greece and enter Canada, and then enter the United

States, given that the Respondent has never been in possession of a valid passport for the minor child.

16. The fact that Respondent has been able to cross international borders without a valid passport for the minor child establishes that the Respondent must be using forged or otherwise fraudulent passports for the minor child and possibly for himself.

17. The ability of a person to cross international borders without a valid passport, and the possession of forged or fraudulent passports, establish that there is a severe risk that the Respondent will flee from the jurisdiction of this Court with the minor child.

18. Due to the severe flight risk posed by the Respondent, and his ability to cross international borders without valid passports, Respondent's Emergency Motion for Recall of Warrant and Order to Remove Minor Child From N.C.I.C. must be denied pursuant to this Court's power to take appropriate measures to protect the well-being of the child and prevent his further removal and concealment.

19. The minor child at issue has been intentionally and wrongfully kept from Ms. Asvesta, the proper custodial parent in this matter for approximately four months.

20. Ms. Asvesta poses absolutely no flight risk in this matter. She is remaining in California *at least* until the Show Cause Hearing scheduled for November 30, 2007 at which time the Court may schedule the matter for an evidentiary hearing on the merits of Ms. Asvesta's Verified Emergency Petition for Return of the minor Child to Petitioner.

21. Should this Court require even further assurance that Ms. Asvesta has neither the intention nor the ability to flee the United States with the minor child, Ms. Asvesta would

certainly be willing to turn over her own Greek passport, the only passport issued to her, to undersigned counsel for safekeeping until after the November 30, 2007 Show Cause Hearing.

22. Although Respondent makes allegations as to Ms. Asvesta's alleged wrongful removal of the child from the United States to Greece and of criminal charges pending against Ms. Asvesta in the United States, these allegations are not proper allegations to be considered in this Hague Convention proceeding.

23. On February 20, 2006, Respondent filed a Hague Convention action in the Greek courts, alleging that Ms. Asvesta had wrongfully removed the child from the United States of America to Greece. The Greek Piraeus One-Member Court of First Instance Court dismissed the Respondent's petition on March 24, 2006, finding that Ms. Asvesta's move to Greece with the child was not illegal, as the Respondent had given written consent, and he was not exercising his rights of custody with the minor child at the time of the relocation to Greece.

24. The Greek Court, in both the Respondent's Hague Convention action against Ms. Asvesta, and in Ms. Asvesta's custody action against the Respondent, has determined that Greece is the child's habitual residence within the meaning of Article 3 of the Hague Convention. This Court must give full faith and credit to this Greek Hague determination.

25. Because the Respondent's allegations against Ms. Asvesta concerning her alleged wrongful removal of the child from Greece have already been finally adjudicated in Greece, and there is a final order of the Greek courts currently in full force and effect, *res judicata* bars this Court from considering and essentially re-litigating Respondent's false claims.

26. Although there is currently an appeal pending in the Greek Hague Convention matter, the decision and order of the Greek trial court remains in full force and effect and is a

valid final order of the Greek courts, which may not be re-litigated here. The order in the Greek Hague Convention matter against Ms. Asvesta is binding on all parties involved until further order of the Court, in the same manner in which an order of a United States trial court remains in full force and effect throughout the duration of an appeal. A copy of an affidavit of Greek law executed by Joseph-Dimitrios E. Paraschos, Esquire is attached hereto and incorporated herein as Petitioner's **Exhibit E**.

27. The alleged criminal charges pending against Ms. Asvesta in the United States also stemmed from the Respondent's false abduction claims made against Ms. Asvesta. Although at one time the District Attorney for Santa Cruz County was seeking to have a warrant issued against Ms. Asvesta and for criminal charges to be filed against her, any such attempts have ceased and/or been withdrawn, pursuant to the instructions made by Judge Jeff Almquist of the Superior Court of California for the County of Santa Cruz, upon his finding that said claims were without merit. A copy of a letter written by Judge Alquist to the District Attorney is attached hereto and incorporated herein as Petitioner's **Exhibit F**.

28. Respondent's allegation that this Court's Order and Warrant of Arrest and Order for Entry Into N.C.I.C. Database both dated November 16, 2007 "will facilitate the child's removal prior to the final disposition of the petition" is completely without merit.

29. While the Petitioner does assert that state courts in the United States do not have proper jurisdiction to make any determination as to the merits of a custody dispute in this matter because Greece is the child's habitual residence as clearly stated by the Greek court, Petitioner has never asserted that this Court does not have jurisdiction over her for purposes of this Hague Convention petition. Further, all state court custody proceedings must be stayed pursuant to

article 16 of the Hague Convention when a there is a case ongoing in a federal court filed pursuant to the Hague Convention.

30. Ms. Asvesta clearly states in her Verified Petition that this Court has jurisdiction over this Hague Convention proceeding pursuant to 42 U.S.C. § 11603 (2001)[2] and because this case involves the abduction and removal of a child under the age of sixteen from his habitual residence of Greece to the United States of America.[3]

31. Ms. Asvesta has taken no action in this Hague Convention proceeding that indicates she will not abide by an order of this Court.

32. Ms. Asvesta acknowledges that before the minor child may be *permanently* returned to her custody in Greece, she must adequately establish that Greece is the child's habitual residence, and that the child was wrongfully removed from Greece.

33. Return of the child to Ms. Asvesta pursuant to this Court's Order and Warrant of Arrest and Order for Entry Into N.C.I.C. does not render Ms. Asvesta's Verified Petition moot, as the return of the minor child to Ms. Asvesta until the November 30, 2007 Show Cause Hearing is a proper provisional and remedial remedy under ICARA. Specifically, this Court "[i]n furtherance of the objectives of . . . the Convention . . . may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the further removal or concealment before the final disposition of the petition." 42 U.S.C. 11604 (1995).

---

[2] A court considering an ICARA petition has jurisdiction to decide the merits only of the wrongful removal claim, not of any underlying custody dispute. The Hague Convention is intended to restore the pre-abduction status quo and to deter parents from crossing borders in search of a more sympathetic court. Lops v. Lops, 140 F.3d 927, 936 (11th Cir. 1998) (citations omitted); Barrios Gil v. Rodriguez, 184 F. Supp. 2d 1221, 1224 (M.D. Fla. 2002)

[3] Toren v. Toren, 191 F. 3d 23 (1999).

Petitioner's Opposition to Respondent's
Emergency Motion To Recall

8

34. On November 20, 2007, counsel for the Respondent advised undersigned counsel that she would be attempting to schedule a hearing on her Emergency Motion for Recall of Warrant and Order to Remove Minor Child From N.C.I.C. before this Court on November 21, 2007. Undersigned counsel advised Respondent's counsel that none of Petitioner's counsel are available on November 20, 207 due to previously scheduled hearings in other matters.

35. Undersigned counsel further advised Respondent's counsel that none of Petitioner's counsel are available until the scheduled Show Cause Hearing on November 30, 2007, due to previously scheduled hearings in other matters. Petitioner's counsel have all already made arrangements to modify their previously scheduled hearing on November 30, 2007 in order to be available for the Show Cause Hearing.

36. Despite having said information regarding Petitioner's counsel's unavailability, respondent's counsel nevertheless proceeded to schedule a hearing on Respondent's Emergency Motion for Recall of Warrant and Order to Remove Minor Child From N.C.I.C. before this Court on Tuesday, November 27, 2007.

37. Ms. Asvesta therefore respectfully requests that the hearing scheduled on Respondent's Emergency Motion for Recall of Warrant and Order to Remove Minor Child From N.C.I.C. before this Court on Tuesday, November 27, 2007 be cancelled and vacated. Ms. Asvesta requests for Respondent's Emergency Motion for Recall of Warrant and Order to Remove Minor Child From N.C.I.C. be heard before this Honorable Court on November 30, 2007 in combination with the previously scheduled Show Cause Hearing.

38. Ms. Asvesta further requests that this Court issue an Order pursuant to its power to take appropriate measures to protect the well-being of the child and prevent his further

removal and concealment, stating that its Order and Warrant of Arrest, and Order to Remove Minor Child From N.C.I.C. both dated November 16, 2007 remain in full force and effect until the Show Cause Hearing on November 30, 2007.

39. **WHEREFORE**, Petitioner, Despina Asvesta, respectfully requests the following relief:

   a. That Respondent's Emergency Motion for Recall of Warrant and Order to Remove Child From N.C.I.C. be denied.

   b. That the hearing scheduled for November 27, 2007 be vacated and cancelled.

   c. That in the alternative, Respondent's Emergency Motion for Recall of Warrant and Order to Remove Child From N.C.I.C., be scheduled for a hearing on November 30, 2007 before this Honorable Court.

   d. That this Court issue an Order stating that the Order and Warrant of Arrest, and Order to Remove Minor Child From N.C.I.C., both dated November 16, 2007 remain in full force and effect until the Show Cause Hearing on November 30, 2007.

   e. That this Court issue an Order requiring the Respondent and Respondent's counsel to produce the minor child forthwith to the United States Marshal Service in pursuant to this Court's Order and Warrant of Arrest dated November 16, 2007.

   f. Any such other and further relief as the nature of Petitioner's cause may require.

Respectfully Submitted,

/S/
_____
Renee C. Day, Esquire
Hoover & Bechtel, L.L.P.
The Garden Alameda
1570 The Alameda, Suite 101
San Jose, California 95126
(408) 947-7600
(408) 947-7603 (fax)
renee@hoover-bechtel.com

*Kelly A. Powers*
_____
Stephen J. Cullen, Esquire
Kelly A. Powers, Esquire
Miles & Stockbridge P.C.
One West Pennsylvania Avenue
Suite 900
Towson, Maryland  21204
(410) 821-6565
(410) 385-3709 (fax)
scullen@milesstockbridge.com
kpowers@milesstockbridge.com

*Attorneys for Petitioner*

Stephen J. Cullen, Esquire
*pro hac vice*
Kelly A. Powers, Esquire
*pro hac vice*
Miles & Stockbridge P.C.
One West Pennsylvania Avenue
Suite 900
Towson, Maryland 21204
(410) 821-6565
(410) 385-3709 (fax)
scullen@milesstockbridge.com
kpowers@milesstockbridge.com

Renee C. Day, Esquire, Bar # 221252
Hoover & Betchel, L.L.P.
The Garden Alameda
1570 The Alameda, Suite 101
San Jose, California 95126
(408) 947-7600
(408) 947-7603 (fax)
renee@hoover-betchel.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**
San Jose Division

DESPINA ASVESTA,

    Petitioner,

v.                                                                              Case No. C-07-05535 JF

GEORGE PETROUTSAS,

    Respondent.

_____/

**PROOF OF SERVICE**

I HEREBY CERTIFY that on the 21st day of November, 2007 a copy of the foregoing Petitioner's Opposition to Respondent's Emergency Motion for Recall of Warrant and Order to Remove Minor Child From N.C.I.C., along with two (2) Proposed Orders and Petitioner's Exhibits A-F, was sent via facsimile at 3:30 p.m. Eastern Standard Time to BJ Fadem, Esquire, Attorney for the Respondent to (408) 292-4100.

                                                                           _____
                                                                           Kelly A. Powers