# EXHIBIT

# A

**No**    133260 - 1/1

PIRAEUS ONE-MEMBER COURT OF FIRST INSTANCE
(Court Seal - stamp)

Order No. 5042/2006

THE PIRAEUS ONE-MEMBER COURT OF FIRST INSTANCE

(SECURITY MEASURES PROCEEDINGS)

================================

Composed of the Hon. Asimina Yfanti, Presiding Court of First Instance Judge, who was appointed by draw according to the provisions of Act 3327/2005.

Held a public session in its courtroom on 23 March, 2006, without the collaboration of a court clerk, in order to decide the case between:

THE PETITIONER: The Greek State (Ministry of Justice), legally represented by the Minister of Justice, which is acting on account of Mr. George Anthony Petroutsas, a resident of Capitola, California, USA, according to article 1, par. 2, Act 2102/92, which was represented in the courtroom by Mr. Anastasios Rallis, authorized Judicial Representative of the Legal Council of State.

THE RESPONDENT TO THE PETITION: Despina Asvesta Petroutsas, a resident of Nikea, Piraeus, Greece, who appeared in court with her authorized attorneys Christos Panoussis and Joseph Paraschos.

==========================================================

**Μεταφραστική Υπηρεσία Υπουργείου Εξωτερικών, Αθήνα**
Service des Traductions du Ministere des Affaires Etrangeres de la Republique Hellenique, Athenes
Hellenic Republic, Ministry of Foreign Affairs, Translation Service, Athens.

ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ    **TRADUCTION OFFICIELLE**    OFFICIAL TRANSLATION

**No**    133260 - 1/1

The petitioner requested that its petition of 20 February, 2006 and deposition report no. 1957/23-2-2006, which was filed at this Court Office and the hearing of which was set for the initially mentioned court date, be granted.

During the hearing of the case the authorized attorneys for the litigants pleaded their cases and requested that they be granted.

Having heard the authorized attorneys for the litigants

THE COURT STUDIED THE BRIEF

AND DECIDED ACCORDING TO THE LAW

In the petition under judgment the petitioning Greek State, which is acting on account of Mr. George Petroutsas, a resident of the USA, reports that the latter, his wife (the respondent) and their minor child were living in California, USA until 8 November, 2005, when the respondent with their minor child visited Greece, that since then the respondent has been illegally detaining the minor in Greece, while she had to have returned on 1 December, 2005 and that the litigants have in common the custody and parental care of the minor. While its requests that the respondent is forced to deliver the child to his father, in order for his to take him back to the place of his permanent residence in California, USA, that a fine and imprisonment be threatened against the respondent in

=========================================================

**Μεταφραστική Υπηρεσία Υπουργείου Εξωτερικών, Αθήνα**

Service des Traductions du Ministere des Affaires Etrangeres de la Republique Hellenique, Athenes

Hellenic Republic, Ministry of Foreign Affairs, Translation Service, Athens.

ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ    TRADUCTION OFFICIELLE    OFFICIAL TRANSLATION

No    133260 - 1/1

the case she does not comply and that this order be declared provisionally enforceable. The petition is admissibly brought for a hearing before this Court, which is the subject-matter and territorially competent Court to judge according to the security measures proceedings (Greek Code of Civil Procedure article 686) and it is legal, grounded on the provisions of articles 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 12 of the International Convention for the civil issues of international abduction of children, which was signed in the Hague on 25 October, 1980 and was ratified by Act 2102/1992, as well as on the provision of Greek Code of Civil Procedure article 950 no. 1, except for the request this order to be declared provisionally enforceable, which is non legal and dismissible, since the security measures order is immediately enforceable. Therefore the petition must be furthermore investigated even from its substantive aspect.

From the sworn testimonies of the witness for the litigants, Mr. Dionysios Heliotis and Mrs. Maria Asvesta, who were examined in the courtroom, the no. 5525, 5526, 5527 and 5528/22-3-2006 affidavits before the Athens Justice of the Peace, which were given following a subpoena of the petitioner (refer to the no. 10155b/16-3-2006 legal instrument service report of Mr. Evangelos Zervos, Process Server at the Athens

===========================================================

**Μεταφραστική Υπηρεσία Υπουργείου Εξωτερικών, Αθήνα**    *ω*

Service des Traductions du Ministere des Affaires Etrangeres de la Republique Hellenique, Athenes

Hellenic Republic, Ministry of Foreign Affairs, Translation Service, Athens.

ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ    TRADUCTION OFFICIELLE    OFFICIAL TRANSLATION

No    133260 - 1/1

Court of First Instance) and granted that affidavits are allowed in the security measures proceedings even without a prior subpoena of the petitioner (refer to Parm. Tzifras, Security Measures, page 53), as well as even from the documents which the litigants are producing, the following were speculated: George Petroutsas, who has the Greek and American citizenship, and the respondent, who has the Greek citizenship, were united in civil marriage on 10 March, 2002 in Watsonville, Santa Cruz County, California, USA, which was solemnized according to the Greek Orthodox Denomination in the Isle of Zakynthos, Greece on 30 August, 2003. From this marriage they have a son, Andonios-Georgios Petroutsas, who was born on 21 May, 2005 in Santa Cruz, California. The ordinary residence of the spouses and their child was the city of Capitola, California, where the spouses had settled since January 2003. George Petroutsas was reassuring the respondent that there stay in the USA was temporary and that soon they would go back to Greece for permanent settlement. Since the profession of real estate broker that George Petroutsas was practising yielded a very low income which was not enough to deal with his and the respondent's livelihood needs, the respondent sought employment and was temporarily hired, under a fixed term contract, as a Greek teacher at the Defence

========================================================

Μεταφραστική Υπηρεσία Υπουργείου Εξωτερικών, Αθήνα

Service des Traductions du Ministere des Affaires Etrangeres de la Republique Hellenique, Athenes

Hellenic Republic, Ministry of Foreign Affairs, Translation Service, Athens.

No    133260 – 1/1

Department. From the year 2004 the conduct of George Petroutsas towards the respondent began to change, he became violent, he was making scenes, he was talking bad to her, he was swearing at her and insulting her before third parties and was inexcusably absent from their house. Even after the birth of their child George Petroutsas was indifferent to his conjugal and family obligations and was making bad scenes before the eyes of the minor.

From September 2005 the spouses had no mental communication and physical contact and the respondent was communicating by e-mail with her husband, because the latter refused to talk to her. On 2 November, 2005 George Petroutsas through e-mail mentioned to the respondent, in relation to the prospect of their going back to Greece, that he refuses to live in an apartment with a 2x8 m. balcony, that their house must have a garden, to be just a few meters far from the sea, that he wants to have his own business and that if she (the respondent) does not agree with his terms, then he would be forced to ask for a divorce, while he suggested to the respondent to go to Greece together with their minor child and that he would go there to see him. On 9 November, 2005 the respondent came to Greece together with her minor child, with her husband's consent, who accompanied her to the airport,

========================================================

ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ   **TRADUCTION OFFICIELLE**   **OFFICIAL TRANSLATION**

**No**   133260 - 1/1

having already signed a related document, whereby he was giving the respondent permission to travel together with their son during the period of time from 8 November, 2005 to 8 December, 2005. The respondent and her child would return to the USA together with her mother and afterwards her father and brother would come to spend the Christmas holidays together. On 29 November, 2005 George Petroutsas, in a phone call of his to the respondent, mentioned to her that he had already reported her to the American authorities for abduction of minor, he threatened her that she will go to jail and that she will never see the child again. During that period of time the respondent was informed from relatives of hers that her husband, in the summer of 2005 when he was for vacation in Zalynthos, was watching on his computer his secretary Jessie, on the INTERNET, stripping and having sex, while in retrospect she was informed that her husband was having an affair with the above-named since December 2004. The respondent was also informed that from 20 August, 2005 to 22 August, 2005 her husband had sexual intercourse with his ex-girlfriend Sophia Drakogianni at a hotel in Lagonissi, Attica, Greece. Due to the aforementioned conduct of George Petroutsas his relationship with his wife was strongly impaired, so that the continuation of their married cohabitation to be unbearable

==========================================================

**Μεταφραστική Υπηρεσία Υπουργείου Εξωτερικών, Αθήνα**

Service des Traductions du Ministere des Affaires Etrangeres de la Republique Hellenique, Athenes

Hellenic Republic, Ministry of Foreign Affairs, Translation Service, Athens.

ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ    **TRADUCTION OFFICIELLE**    OFFICIAL TRANSLATION

No    133260 - 1/1

her. On 30 November, 2005 George Petroutsas, without his wife knowing, filed at the American courts a petition for the dissolution of their marriage and the assignment of their minor child's custody to him, falsely stating 18 November, 2005 as the date of their separation. Following the above the respondent filed at the Athens Multimember Court of First Instance her action of 5 December, 2005, whereby she requests the dissolution of her marriage to her husband and at the Athens One-Member Court of First Instance her petition of 5 December, 2005, whereby she requests that she be temporarily assigned the exercising of the parental care of her minor child. Following a related request of the respondent an injunction was granted on 9 December, 2005, after a telephone subpoena of her husband, whereby the custody of her minor child was temporarily assigned to her and the family house of the respondent at 22 Platonos St., Nikea, Greece was set as the place of his temporary residence, until the hearing of the above petition on 9 January, 2006. On the court date the hearing of the petition was adjourned in implementation of article 16 of the aforementioned International Convention, which sets forth that the judicial authorities of the Contacting State, where the child moved or was detained, cannot judge on the primary issue of the right of custody,

Μεταφραστική Υπηρεσία Υπουργείου Εξωτερικών, Αθήνα

Service des Traductions du Ministere des Affaires Etrangeres de la Republique Hellenique, Athenes

Hellenic Republic, Ministry of Foreign Affairs, Translation Service, Athens.

ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ    **TRADUCTION OFFICIELLE**    OFFICIAL TRANSLATION

No    133260 - 1/1

until it is ascertained that that there in so case of the child coming back. From the total probative evidence that were produced it was proven that the move of minor Andonios-Georgios and his stay in Greece are not illegal, granted that the child's father George Petroutsas has consented, as previously reported, to his move and stay in Greece, giving for this purpose to the respondent a related written permission and suggesting to her to stay in Greece together with the minor and he would communicate with him when he visited Greece. It was also proven that George Petroutsas was not virtually exercising the right of custody of the person of the minor at the time of his move, since, as previously reported, he was indifferent to his family obligations, he was not engaged in the minor's care and was indifferent to his psychosomatic development. It was also proven that there is a severe danger that the minor's return to the USA to expose him to mental tribulation, since he will be deprived of his mother's presence, affection, love and care at the delicate age of 12 months, he will be deprived of the security and stability that he feels near his mother and his mental bond with her will be broken. Since the foregoing were proven, this Court is not bound to order the minor's return to the USA. Therefore the petition under judgment must be dismissed as

=================================================

Μεταφραστική Υπηρεσία Υπουργείου Εξωτερικών, Αθήνα

Service des Traductions du Ministere des Affaires Etrangeres de la Republique Hellenique, Athenes

Hellenic Republic, Ministry of Foreign Affairs, Translation Service, Athens.

ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ    TRADUCTION OFFICIELLE    OFFICIAL TRANSLATION

No    133260 - 1/1

substantively ungrounded and George Petroutsas must be forced to pay the respondent's court expenses (Greek Code of Civil Procedure article 176), as these are particularly specified in the enacting clause.

### FOR THESE REASONS

Passes a defended judgment.

Dismisses the petition.

Forces George Petroutsas to pay the respondent's court expenses, which it sets at four hundred (400) euros.

Judged, decided and published in Piraeus, Greece, this 24th of March, 2006, in a special public session in its courtroom, the litigants and their attorneys being absent, in the presence of Court Clerk Theofanis Balafoutis.

THE JUDGE                        THE COURT CLERK
(Signature)                      (Signature,
Asimina YFANTI                   Theofanis BALAFOUTIS

True certified copy
seen for having been
duly stamped and issued.
Piraeus, 25 July, 2006
The Court Clerk
(Signature) (Court Seal)
Theofanis Balafoutis

========================================
True translation from the
attached certified Greek document.
Date: 31 August, 2006
Translator: Antigone Calantzis Kolovos
========================================

Μεταφραστική Υπηρεσία Υπουργείου Εξωτερικών, Αθήνα

Service des Traductions du Ministere des Affaires Etrangeres de la Republique Hellenique, Athenes

Hellenic Republic, Ministry of Foreign Affairs, Translation Service, Athens.

HELLENIC REPUBLIC

FIRST INSTANCE COURT OF PIRAEUS

No. 1954/2006

TO WHOM IT MAY CONCERN

The Clerk of the First Instance Court of Piraeus, hereby certifies that, as it ensues from the relevant information kept at the First Instance Court of Piraeus, since 24.05.2006 through 17.11.2006, no legal remedy, ordinary or extraordinary one, has been lodged against the no. 5042/2006 judgement of the One-Member First Instance Court of Piraeus (Proceedings of Security Measures) by anyone.

The foregoing certificate is granted upon request filed by (Ms) Emily Grigoropoulou.

Piraeus 20.11.2006

The Clerk (sgd-sld)

Irini Vassiliadi

Attested for its legal stamping and proper issuance.

Piraeus 20.11.2006

The Manager of the Department

p/p (sgd-sld) Irini Vasiliadi

*Exact translation from the Greek original.*

*Athens 05.02.2007 The translator THEODOSSIA KAPELONI*

Γραφείο Μεταφράσεων Υπουργείου Εξωτερικών,   ΑΘΗΝΑ.

Bureau de Traductions du Ministere des Affaires Etrangeres de la Republique Hellenique,   ATHENES.

HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS
TRANSLATIONS OFFICE - ATHENS.



M.M.

ΠΡΩΤΟΔΙΚΕΙΟ ΠΕΙΡΑΙΩΣ

ΑΡΙΘΜΟΣ ΑΠΟΦΑΣΕΩΣ 5042/2006

ΤΟ ΜΟΝΟΜΕΛΕΣ ΠΡΩΤΟΔΙΚΕΙΟ ΠΕΙΡΑΙΩΣ

(Διαδικασία Ασφ. Μέτρων)

...................................

Συγκροτήθηκε από τη Δικαστή Ασημίνα Υφαντή, Πρόεδρο Πρωτοδικών , που ορίστηκε με κλήρωση σύμφωνα με τις διατάξεις του Ν. 3327/2005.

Συνεδρίασε δημόσια στο ακροατήριό του , την 23 Μαρτίου 2006 , χωρίς τη σύμπραξη γραμματέα , για να δικάσει την υπόθεσή μεταξύ :

ΤΟΥ ΑΙΤΟΥΝΤΟΣ : Ελληνικού Δημοσίου (Υπουργείο Δικαιοσύνης) , νόμιμα εκπροσωπουμένου από τον Υπουργό Δικαιοσύνης , που ενεργεί για λογαριασμό του Γεωργίου Πετρουτσά του Αντωνίου , κατοίκου Καπίτολα , Καλιφόρνια ΗΠΑ , σύμφωνα με το άρθρο 1 παρ. 2 του Ν. 2102/92 , το οποίο στο ακροατήριο εκπροσωπήθηκε από τον πληρεξούσιο Δικαστικό Αντιπρόσωπο Ν.Σ.Κ. Αναστάσιο Ράλλη .

το φύλλο της υπ'αριθμ. 5042/2006 αποφ. Μον. Πρωτ. Πειραιά
Case 1:07-cv-05553 Document 52-2     Filed 12/10/2007     Page 13 of 87
..........................

χρηματική ποινή και προσωπική κράτηση σε περίπτωση μη συμμορφώσεως της καθ'ης και να κηρυχθεί η παρούσα προσωρινά εκτελεστή . Η αίτηση παραδεκτώς εισάγεται προς συζήτηση σ'αυτό το Δικαστήριο που είναι καθ'ύλη και κατά τόπον αρμόδιο για να δικαστεί κατά τη διαδικασία των ασφαλιστικών μέτρων (άρθρα 686 επ. του ΚΠολΔ) και είναι νόμιμη, στηριζομένη στις διατάξεις των άρθρων 1, 2, 3, 4, 5, 6, 8, 9,10, 11, 12 της Διεθνούς Συμβάσεως για τα αστικά θέματα της διεθνούς απαγωγής παιδιών, που υπογράφηκε στη Χάγη στις 25-10-1980 και κυρώθηκε με τον Ν.2102/1992 , καθώς και στη διάταξη του άρθρου 950 αριθμ.1 του ΚΠολΔ, εκτός από το αίτημα περί κηρύξεως της παρούσης προσωρινά εκτελεστής , το οποίο είναι μη νόμιμο και απορριπτέο, διότι η απόφαση των ασφαλιστικών μέτρων είναι αμέσως εκτελεστή. Πρέπει , επομένως, να ερευνηθεί η αίτηση και από την ουσιαστική της άποψη .

Από τις ένορκες καταθέσεις των μαρτύρων των διαδίκων Διονυσίου Χελιώτη και Μαρίας Ασβεστά που εξετάστηκαν στο ακροατήριο , τις 5525, 5526, 5527 και 5528/22-3-2006 ένορκες βεβαιώσεις ενώιον του Ειρηνοδίκη Αθηνών, οι οποίες δόθηκαν ύστερα από κλήτευση του αιτούντος (βλ. την 10155β΄/16-3-2006 έκθεση επιδόσεως του δικαστικού επιμελητή του Πρωτοδικείου Αθηνών Ευάγγελου Ζερβού) και δεδομένου ότι στη διαδικασία των ασφαλιστικών μέτρων επιτρέπονται ένορκες βεβαιώσεις και χωρίς προηγούμενη κλήτευση του αντιδίκου (βλ. Παρμ. Τζίφρα , Ασφαλιστικά Μέτρα , σελ. 53) , καθώς και από τα έγγραφα που προσκομίζουν οι διάδικοι , πιθανολογήθηκαν

Από τον Σεπτέμβριο του 2005 οι σύζυγοι δεν είχαν καμμία ψυχική επικοινωνία και σωματική επαφή και η καθ΄ης επικοινωνούσε μέσω ηλεκτρονικού ταχυδρομείου με τον σύζυγό της λόγω της αρνήσεως του τελευταίου να συζητήσουν . Στις 2-11-2005 ο Γεώργιος Πετρουτσάς μέσω ηλεκτρονικού ταχυδρομείου ανέφερε στην καθ΄ης, σχετικά με την προοπτική επιστροφής τους στην Ελλάδα, ότι αρνείται να μείνει σε διαμέρισμα με μπαλκόνι διαστάσεων 2Χ8 μ., ότι το σπίτι τους πρέπει να έχει κήπο , να απέχει λίγα μέτρα από τη θάλασσα , ότι θέλει να εργαστεί σε δική του επιχείρηση και ότι αν δεν συμφωνήσει αυτή (καθ΄ης) με τους όρους του , τότε θα αναγκαστεί να ζητήσει διαζύγιο , πρότεινε δε στην καθ΄ης να μεταβεί στην Ελλάδα μαζί με το ανήλικο τέκνο τους και να έρχεται εκείνος να το βλέπει . Στις 9-11-2005 η καθ΄ης ήλθε στην Ελλάδα μαζί με το ανήλικο τέκνο της , με τη συναίνεση του συζύγου της, ο οποίος τους συνόδευσε στο αεροδρόμιο , έχοντας ήδη υπογράψει σχετικό έγγραφο, με το οποίο έδινε στην καθ΄ης την άδεια να ταξιδεύσει μαζί με τον υιό τους κατά το χρονικό διάστημα από 8-11-2005 έως 8-12-2005 . Η καθ΄ης και το τέκνο της θα επέστρεφαν στις ΗΠΑ μαζί με την μητέρα της και στη συνέχεια θα μετέβαιναν εκεί ο πατέρας και ο αδελφός της για να περάσουν μαζί τις εορτές των Χριστουγέννων . Στις 29-11-2005 ο Γεώργιος Πετρουτσάς ,σε τηλεφωνική επικοινωνία του με την καθ΄ης, της ανέφερε ότι την έχει καταγγείλει στις αμερικανικές αρχές για απαγωγή του παιδιού τους , την απείλησε ότι θα φυλακιστεί και δεν θα το ξαναδεί . Κατ΄εκείνο το χρόνο η καθ΄ης

και καθορίστηκε ως τόπος προσωρινής διαμονής του στην Ελλάδα η επί της οδού Πλάτωνος αριθμ. 22 στη Νίκαια Πειραιώς πατρική οικία της καθ΄ης , μέχρι τη συζήτηση της ως άνω αιτήσεως στις 9-1-2006 . Κατ΄εκείνη τη δικάσιμο η συζήτηση της αιτήσεως αναβλήθηκε κατ΄εφαρμογή του άρθρου 16 της προαναφερόμενης Διεθνούς Συμβάσεως , το οποίο ορίζει ότι οι δικαστικές αρχές του Συμβαλλόμενου Κράτους , όπου το παιδί μετακινήθηκε ή κατακρατήθηκε δεν μπορούν να κρίνουν επί του κυρίου θέματος του δικαιώματος της επιμέλειας , μέχρι να διαπιστωθεί ότι δεν συντρέχει περίπτωση επιστροφής του παιδιού . Από το σύνολο των αποδεικτικών μέσων που προσκομίστηκαν αποδείχθηκε ότι η μετακίνηση του ανήλικου Αντωνίου – Γεωργίου και η παραμονή του στην Ελλάδα δεν είναι παράνομη , δεδομένου ότι ο πατέρας του τέκνου Γεώργιος Πετρουτσάς είχε συναινέσει , όπως προεκτέθηκε , στη μετακίνηση και παραμονή αυτού στην Ελλάδα , δίδοντας προς τούτο στην καθ΄ης σχετική έγγραφη άδεια και υποδεικνύοντας σ΄αυτήν να παραμείνει στην Ελλάδα μαζί με το ανήλικο και εκείνος να επικοινωνεί μ΄αυτό κατά τις επισκέψεις του στην Ελλάδα . Επίσης αποδείχθηκε ότι ο Γεώργιος Πετρουτσάς δεν ασκούσε ουσιαστικά το δικαίωμα επιμέλειας του προσώπου του ανηλίκου κατά το χρόνο της μετακινήσεώς του, αφού , όπως προεκτέθηκε , αδιαφορούσε για τις οικογενειακές του υποχρεώσεις, δεν ασχολείτο με την φροντίδα του ανηλίκου και αδιαφορούσε για την ψυχοσωματική του ανάπτυξη. Ακόμη αποδείχθηκε ότι υπάρχει σοβαρός κίνδυνος η επιστροφή του ανηλίκου στις



## ΠΙΣΤΟΠΟΙΗΤΙΚΟ

Ο/Η Γραμματέας  του Πρωτοδικείου Πειραιώς Πιστοποιεί ότι :

Όπως προκύπτει από τα οικεία στοιχεία που τηρούνται στο Πρωτοδικείο Πειραιώς από 24/05/2006 μέχρι και 17/11/2006 δεν έχει κατατεθεί τακτικό ή έκτακτο ένδικο μέσο κατά της με αριθμό 5042/2006 απόφασης του Μονομελούς Πρωτοδικείου Πειραιώς (Διαδικασία ΑΣΦΑΛΙΣΤΙΚΩΝ ΜΕΤΡΩΝ) από κανένα.

Το παραπάνω πιστοποιητικό χορηγείται με αίτηση που κατέθεσε ο/η :
ΑΙΜΙΛΙΑ ΓΡΗΓΟΡΟΠΟΥΛΟΥ

ΘΕΩΡΗΘΗΚΕ

Για τη νόμιμη σήμανση και την
έκδοσή του κατά τη σειρά της
παραγγελίας.

Πειραιάς, 20/11/2006

Ο Προϊστάμενος του Τμήματος

Πειραιάς, 20/11/2006

Ο/Η Γραμματέας



*Ειρήνη Βασιλειάδη*



*Ειρήνη Βασιλειάδη*

# EXHIBIT

# B

FIRST INSTANCE COURT OF ATHENS

PROCEEDINGS OF INTERIM AND PRECAUTIONARY MEASURES

No 3157 / 2007

THE SINGLE MEMBER FIRST INSTANCE COURT OF ATHENS

Which consists of the Judge, Ms. VASILIKI PAPAIOANNOU, Judge of First Instance Courts, appointed by the President of the Three-Member Management Board of the First Instance Court,

Held a public session in open court, on 26.07.2007, without any Clerk being present, in order to judge the case between :

THE APPLICANT / RESPONDENT : DESPINA ASVESTA, Father's Name : GEORGIOS, residing in Nikaia, Attica (22, Platonos Street), who attended the hearing with her authorized attorneys-at-law, Mr. JOSEPH E. PARASCHOS and Ms. EMILIA V. GREGOROPOULOU

THE APPLICANT / RESPONDENT : GEORGE – ANTHONY PETROUTSAS, Father's name ; ANTHONY, residing in California, USA (300 Plum Street 69, Capitola), who was represented by his authorized attorney-at-law, Mr. STYLIANOS CH. GREGORIOU

THE INTERVENERS IN THE PROCEEDINGS : ANTHONY PETROUTSAS and VASILIKI KOKKORI, who were represented by their authorized attorney-at-law, Mr. STYLIANOS CH. GREGORIOU.

The applicant (DESPINA ASVESTA) requests that her application, dated 05.12.2005, be accepted. The application was filed in this Court – General Filing No 198971/2005, Writ's Filing No 15379/2005 – and a date of hearing was initially

ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ, ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ
ΜΕΤΑΦΡΑΣΤΙΚΗ ΥΠΗΡΕΣΙΑ
REPUBLIQUE HELLENIQUE, MINISTERE DES AFFAIRES ETRANGERES
SERVICE DE TRADUCTION
HELLENIC REPUBLIC, MINISTRY OF FOREIGN AFFAIRS
TRANSLATION SERVICE

fixed for 09.01.2006, when it was postponed until the 14th day of April 2006, when it was postponed until the date of hearing, mentioned at the beginning hereof.

The applicant (GEORGE – ANTHONY PETROUTSAS) requests that his application, dated 16.06.2006, be accepted. The application was filed in this court – General Filing No 113817/2006, Writ's Filing No 8033/2006 – and a date of hearing was fixed for the date mentioned at the beginning hereof.

The interveners in the proceedings request that the intervention, which was exercised by them orally during a public session in open court of this Court, with a relevant statement of their authorized attorney-at-law, be accepted.

During the hearing of the case, the authorized attorneys-at-law of the parties made their pleadings and asked that these pleading be accepted

## HAVING STUDIED THE CASE FILES
## AND AFTER DUE CONSIDERATION PURSUANT TO THE LAW

A) As it results from the combination of the provisions of articles 1510 seq. C.C. with the provisions of articles 17 par. 1, 18, 592 par. 1, 612, 614 par. 1 and 622 par. 1 Code of Civil Procedure, the Greek Courts of Justice have international jurisdiction to judge disputes as to the exercise of parental care, such as the custody of the children by one parent or by both parents, provided one of the parents is a Greek citizen, while the court of competent jurisdiction (first degree of jurisdiction) is the Single-Member First Instance Court of the place, where the defendant's residence or domicile is located  in Greece and, in the event that he has no residence or domicile in Greece, the Single-Member First Instance Court of the capital of the State, i.e.the Single-Member First Instance Court of Athens (ΑΠ 386/2001, Δ/ΝΗ/2002 (116),

ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ, ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ
ΜΕΤΑΦΡΑΣΤΙΚΗ ΥΠΗΡΕΣΙΑ
REPUBLIQUE HELLENIQUE, MINISTERE DES AFFAIRES ETRANGERES
SERVICE DE TRADUCTION
HELLENIC REPUBLIC, MINISTRY OF FOREIGN AFFAIRS
TRANSLATION SERVICE

ΑΠ 1601/86, NoB 35.1047, Athens Court of Appeal 10334/95 Ελλ Δνη 37.1107, Georgiadis – Stathopoulos, Civil Code, under article 18 No 12). B) Regarding disputes that are not settled according to any bilateral agreement of Greece with another state, or by the multilateral international Convention of Brussels on jurisdiction and enforcement of judgments (L. 1814/1988), *lis alibi pendens* is regulated in accordance with the provisions of articles 222 seq. Code of Civil Procedure. And, it's true that the judgments of courts of justice abroad are valid and are held to be *res judicata* in Greece without any further procedure pursuant to the provisions of article 323 Code of Civil Procedure, while they may even be compulsorily enforced, provided they have been declared enforceable in accordance with article 905 Code of Civil Procedure. Nevertheless, as a result of this fact alone, the international jurisdiction of civil courts in Greece is not suspended compulsorily and ipso facto, due to the fact that the case between the same parties is also brought before a court of justice abroad. This results from the provision of article 323 no 4 Code of Civil Procedure, determining that a judgment of a civil court abroad is valid and is held to be *res judicata* in Greece, provided, apart from other things, it does not contradict a judgment of a Greek court, which was issued with regard to the same case. Therefore, priority is given directly by the domestic law to the domestic jurisdiction, so that according to these provisions, the plea of *lis alibi pendens* presupposes that proceedings involving the same cause of action (dispute) are brought before more courts of justice in Greece and not also before courts of justice abroad. Therefore, only if a Greek judge may predict that pursuant to the domestic law no judgment will be issued by a Greek court, having the force of *res judicata*, as it happens mainly when a legal action is inadmissible by a Greek court due to typical or other reason whatsoever, then the plea of *lis alibi pendens* in this case could be upheld before a court of justice abroad too (ΑΠ 717/2006 Legal Information Database NOMOS, ΑΠ 386/2001,

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ, ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**ΜΕΤΑΦΡΑΣΤΙΚΗ ΥΠΗΡΕΣΙΑ**
REPUBLIQUE HELLENIQUE, MINISTERE DES AFFAIRES ETRANGERES
SERVICE DE TRADUCTION
HELLENIC REPUBLIC, MINISTRY OF FOREIGN AFFAIRS
TRANSLATION SERVICE



Δ/NH/2002, 116). C) Besides, according to article 18 C.C., the relations between parents and children are regulated in the following order : 1) by the law of their last common nationality, 2) by the law of their last common place of habitual residence, 3) by the law of the children's nationality, while, in accordance with the provision of article 31 sec. a, Civil Code, if the person has Hellenic nationality and a foreign nationality, then the Greek law is applied as nationality law. D) According to the provision of article 1513, combined with article 1514 C.C., in case of interruption of cohabitation of the spouses, the exercise of the parental care of their minor child is regulated by the court, which may assign it to one of the parents or even to a third party or may allocate it between the parents. In order to make such decision the Court takes into consideration the child's bonds up to that time with the parents and brothers, as well as any agreements between the child's parents with regard to the custody and management of the child's property. Besides, according to article 1511 par. 2 Civil Code, the court must keep in mind the best interest of the child, when according to the provisions of the law it decides regarding the assignment of parental care or of the period of exercise thereof. The court's judgment must also be issued with respect to the equality between parents and without any discrimination on any ground such as sex, race, language, religion, political or other opinion, nationality, national or social origin or property. According to everything mentioned hereinabove, in accordance with certain provisions thereof, the basic criterion for the assignment of the parental care to one of the parents is the child's best interest. Such interest, without being restricted by the law, is meant in a wide and general sense and for the purpose of ascertaining the conjunction of such interest are examined, compared and combined all the facts and circumstances, that are advantageous and expedient for the minor child (ΑΠ 634/96 ΕλλΔνη 37.1549, ΑΠ 834/96 ΕλλΔνη 38.791).

ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ, ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ
ΜΕΤΑΦΡΑΣΤΙΚΗ ΥΠΗΡΕΣΙΑ
REPUBLIQUE HELLENIQUE, MINISTERE DES AFFAIRES ETRANGERES
SERVICE DE TRADUCTION
HELLENIC REPUBLIC, MINISTRY OF FOREIGN AFFAIRS
TRANSLATION SERVICE



In this particular case, with the application No 198971/15379/2005, the applicant (DESPINA ASVESTA), a Greek citizen, requests, by invoking the need to deal with an emergency situation and an impending danger, due to interruption of the married life together with the respondent, that the exercise of the parental care of her minor child, a Greek citizen, born during her marriage with the respondent husband of hers, who resides in California, U.S.A. and has the Hellenic and the American nationality, be assigned to her temporarily, and that the adverse party be condemned to pay her judicial expenses. With this content, the application is duly brought up for hearing before this Court, which has jurisdiction over the place and subject-matter of the case, in accordance with everything mentioned in the first part of the text of major grounds hereinabove, in order to be judged according to the proceedings of interim and precautionary measures (article 683, 686 seq. Code of Civil Procedure). With regard to whether the case is admissibly brought up for hearing, it should be pointed out as follows : The respondent claims that by virtue of a final judgment issued by an American court, it was judged that he alone should exercise the parental care of the above minor child of the parties, and as result of that, with regard to the matter of the application judged in this Court, the plea of *lis alibi pendens* should be upheld as a result of the judgment in question issued by a court abroad and hence, the international jurisdiction of this court should be suspended. The above claim is judged rejectable as legally ungrounded in accordance with everything described in details in the second part of the text of major grounds hereinabove, also in view of the fact that at the present stage of the case, there is no evidence regarding inadmissibility of the application sub judice for any typical reason whatsoever. Furthermore, the respondent claims that the Single-Member First Instance Court of Piraeus issued a judgment, which rejected

ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ, ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ
ΜΕΤΑΦΡΑΣΤΙΚΗ ΥΠΗΡΕΣΙΑ
REPUBLIQUE HELLENIQUE, MINISTERE DES AFFAIRES ETRANGERES
SERVICE DE TRADUCTION
HELLENIC REPUBLIC, MINISTRY OF FOREIGN AFFAIRS
TRANSLATION SERVICE

his application via the Greek State requesting that the child should be given to him by the mother, in implementation of the Convention of the Hague regarding abduction of children, against which the Greek State is obliged to lodge an appeal. In view of the facts described in details hereinabove, he claims that in implementation of article 16 of the International Convention in question, and since no final judgment has been issued with regard to whether there is a question of returning the child according to the Convention, this Court cannot judge the matter in question of the application sub judice. As it results from the admissible review at the present stage of the examination of the documents in the case files, upon application of the respondent to the competent American authority, which was forwarded to the respective Greek authority, an application of the Greek State was filed before the Single-Member First Instance Court of Piraeus on 20.02.2006, regarding the obligation of the current applicant (DESPINA ASVESTA) to give the parties' child to the current respondent (GEORGE – ANTHONY PETROUTSAS), due to illegal detention of the child by the current applicant according to the provisions of the above mentioned international Convention. With its judgment No 5042/2006, which was issued according to the proceedings of interim and precautionary measures, the Court judged that there is no question of returning the parties' child to his father in implementation of the Convention and hence, the application was rejected. In view of the facts described in details hereinabove in combination with the fact that article 16 of the Convention imposes abstention from judgment regarding the child's custody until the issue of a judgment with regard to whether there is a question of returning the child according to the provisions of the Convention, without clarifying whether this judgment should be final or unappealable

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ, ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**ΜΕΤΑΦΡΑΣΤΙΚΗ ΥΠΗΡΕΣΙΑ**
REPUBLIQUE HELLENIQUE, MINISTERE DES AFFAIRES ETRANGERES
SERVICE DE TRADUCTION
HELLENIC REPUBLIC, MINISTRY OF FOREIGN AFFAIRS
TRANSLATION SERVICE



but also taking into account the fact that no appeal can be lodged against the above judgment of the Single-Member First Instance Court of Piraeus according to the Greek Civil Procedure Law through any judicial process, the Court judges that in this particular case there is no question of implementing article 16 of the above Convention, thus rejecting the above claim of the respondent as ungrounded. Afterwards, the application is judged lawful, well grounded based on the provisions of articles 1510-1514, 1516, 1518 Civil Code, 735, 176 and 191 par. 2 Code of Civil Procedure, in accordance with everything described in details in the third and fourth part of the same text of major grounds. Therefore, it should be further examined as to its subject matter.

With the application No 113817/8033/2006, the applicant (GEORGE – ANTHONY PETROUTSAS), a Greek citizen, requests, by invoking the need to deal with an emergency situation and an impending danger, due to interruption of the married life together with the respondent, in the event that the above application against him is accepted, as a precautionary measure that his right to communicate with his minor child, a Greek citizen, born during his marriage with his respondent wife, be regulated temporarily and that the latter be threatened with personal arrest and monetary fine for any violation of the provisions of the judgment regarding the above communication and that the adverse party be condemned to pay his judicial expenses. With this content, the application is duly brought up for hearing before this Court, which has jurisdiction over the place and subject-matter of the case, in order to be judged according to proceedings of interim and precautionary measures (article 683, 686 seq. Code of Civil Procedure) and it is lawful, well grounded based on the provisions of articles 682 par.1, 683 par. 1,2, 686 par. 3,4, 692 par.1,2, 735 Code of

ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ, ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ
ΜΕΤΑΦΡΑΣΤΙΚΗ ΥΠΗΡΕΣΙΑ
REPUBLIQUE HELLENIQUE, MINISTERE DES AFFAIRES ETRANGERES
SERVICE DE TRADUCTION
HELLENIC REPUBLIC, MINISTRY OF FOREIGN AFFAIRS
TRANSLATION SERVICE

Civil Procedure and 1520 Civil Code. Therefore, it should be further examined as to its subject matter, being judged together with the first application, as above, because both applications refer to relevant claims of the parties, coming under the same type of proceedings, and consequently the joint trial facilitates the conduct of the hearing and reduces the costs.

Finally, ANTHONY PETROUTSAS and VASILIKI KOKKORI, the grandfather and the great-grandmother of the minor child ANDONIOS - GEORGIOS PETROUTSAS on the father's side, with an oral statement of their authorized attorney-at-law in open court, declared that they exercise an intervention in these proceedings and they requested invoking the need to deal with an emergency situation and an impending danger, as a precautionary measure that their right to communicate with the above minor grandson of theirs, be regulated temporarily. With the above content, their application requesting the examination of the applicants' independent right to communicate with the above minor child, does not have the features of a main or additional intervention, since the applicants neither disclaim any of the above rights sub judice nor seek the issue of a court judgment to the advantage of anyone of the above parties who filed the above applications; therefore, the application is judged rejectable as such, while as an independent application, it should rejected due to lack of written preliminary examination proceedings (art. 686 Code of Civil Procedure). The applicants shall not be condemned to pay the judicial expenses of this application against the respondent and mother of the minor child (DESPINA ASVESTA), despite their defeat, due to the fact that no relevant request has been submitted on behalf of DESPINA ASVESTA.

ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ, ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ
ΜΕΤΑΦΡΑΣΤΙΚΗ ΥΠΗΡΕΣΙΑ
REPUBLIQUE HELLENIQUE, MINISTERE DES AFFAIRES ETRANGERES
SERVICE DE TRADUCTION
HELLENIC REPUBLIC, MINISTRY OF FOREIGN AFFAIRS
TRANSLATION SERVICE

As it results from the assessment of the sworn testimonies of the witnesses, who were duly examined before this Court and who are being assessed according to the reason for knowing information and the degree of trustworthiness of each examined witness, (from the assessment) of all the documents in total, which are duly invoked and submitted by the parties, which (documents) are taken into consideration as independent documentary evidence or which are judged convenient for legal evidence gathering, as well as from everything agreed by the parties with their statements before this Court within the framework of an effort to arrive at a compromise or settlement to the dispute in respect of the matter of communication of the father of the parties' child with the latter, as the content of the above agreement is included in their notes, it is likely that the following real facts took place : a civil wedding was lawfully solemnized between the parties in Watsonville, Santa Cruz, California, USA on 10.03.2002 and a church marriage was solemnized between them on 30.08.2003, during which (marriage) a child was born, ANDONIOS - GEORGIOS, who is 1.5 years old today. At the time of the hearing of the above applications, the parties are estranged from one another, and the mother of the child lives in Greece, while the father lives in California, U.S.A., while the minor child lives with his mother. The child's mother has a moral character; she is an honest, educated and affectionate mother, capable and able to bring up properly her minor son, and to contribute in a positive way to the further psychical and physical and spiritual development of her son, while at the same time, by living with her parents she has created the appropriate conditions for a family environment, providing guaranteed emotional encouragement and development of her child. Besides, the fact that the latter is at the particularly sensitive early childhood

ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ, ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ
ΜΕΤΑΦΡΑΣΤΙΚΗ ΥΠΗΡΕΣΙΑ
REPUBLIQUE HELLENIQUE, MINISTERE DES AFFAIRES ETRANGERES
SERVICE DE TRADUCTION
HELLENIC REPUBLIC, MINISTRY OF FOREIGN AFFAIRS
TRANSLATION SERVICE

stage, when the care, attention and guidance of the mother is more necessary for the formation of the generally normal formation of the child's personality, the fact that ANDONIOS - GEORGIOS has developed a stable psychological bond with his mother, since he has never been separated from her since the day he was born, so that his separation from her could result in the creation of unsuitable environment conditions for the child from the psychological point of view, speaks in favour of the conclusion that the child's best interest, not only with regard to psychology but also with regard to the entire formation of his personality, speaks in favour of the suggestion that the child should not be separated from his mother and that his care should be assigned temporarily to her exclusively, provided of course that there is no reproach against her (ΑΠ 577/89, ΕΛΛΔ 31, 1272). In view whereof, the Court based on the sole criterion of the true interest of the minor child ANDONIOS – GEORGIOS, as determined by the living and psychical standards of his, taking into account his age, the particular psychical bond between him and his mother, the personality, the pedagogical suitability, preparedness, the real possibility of the latter (mother) to exercise personally the operational duty of custody of the child, the stability of the child's development and upbringing as well as all the circumstances deriving from the documentary evidence, i.e. the ethical and economic situation, the professional activity and the living standards of the parties in general, judges that the most proper mean to settle the dispute between the parties with regard to their child in question is to assign temporarily the exercise of custody of the latter to the mother – applicant of the first application exclusively. As it results from the above documentary evidence, there is no reason imposing the exclusion of the father from the exercise of the parental care of the minor child, as mentioned in the ungrounded claims of the child's mother – applicant of first application.

ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ, ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ
ΜΕΤΑΦΡΑΣΤΙΚΗ ΥΠΗΡΕΣΙΑ
REPUBLIQUE HELLENIQUE, MINISTERE DES AFFAIRES ETRANGERES
SERVICE DE TRADUCTION
HELLENIC REPUBLIC, MINISTRY OF FOREIGN AFFAIRS
TRANSLATION SERVICE



Particularly, no specific event was mentioned, which does not refer to the personal relations of the parties only and particularly complaints of the wife regarding the husband's behavior towards her, and which proves such incompetence and imposes the exclusive exercise of the parental care of ANDONIOS – GEORGIOS and its assignment to his mother. Besides, the unexcused exclusion of the respondent in the first application from the exercise of the parental care would constitute a violation of the equality prescribed by the law (article 1510 par.1 Civil Code) between the parents during the exercise of parental care, which according to the provision of article 1511 par. 1 Civil Code must be respected by the Court too, when it has to make decisions on relevant matters. Following everything mentioned hereinabove, the Court, always based on the sole criterion of the child's best interest, which requires the creation already from the above mentioned early childhood stages as well as the maintenance of stable psychical and spiritual bonds of the child with his father, that contribute to the development and further normal evolution of the personality of the minor child ANDONIOS – GEORGIOS, of a paternal figure but mainly of a male model, in view of the sex of the child in question, in combination with the young age and the particular care required at this age and provided up to this day by the mother, but also taking into consideration the disturbed relations between the parties, as supported and maintained by the family environment of the mother, judges that the communication of the father with his child should temporarily take place in the way mentioned in the pronouncement of the judgment, that the Court considers convenient and corresponding to the objective and subjective circumstances of the parties but also partly to their agreement with regard to this particular matter, as stated before this Court.

ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ, ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ
ΜΕΤΑΦΡΑΣΤΙΚΗ ΥΠΗΡΕΣΙΑ
REPUBLIQUE HELLENIQUE, MINISTERE DES AFFAIRES ETRANGERES
SERVICE DE TRADUCTION
HELLENIC REPUBLIC, MINISTRY OF FOREIGN AFFAIRS
TRANSLATION SERVICE

Consequently, the above applications should be accepted partly to be well grounded as to the subject matter, and the parties should be obliged to act according to everything mentioned in particular in the pronouncement of this judgment and the respondent in the second application (DESPINA ASVESTA) should be threatened with personal arrest of one month and with a monetary fine of EUR 1,000 for each violation of the provisions hereof regarding the communication of the above child of the parties with his father – applicant of the second application, and furthermore, the judicial expenses for the applications should be offset between them, given their capacity of spouses (article 179 Code of Civil Procedure).

## ON THESE GROUNDS

It judges jointly in presence of the parties their applications under Filing No 198971/15379/2005 and 113817/8033/2006 as well as the intervention – application of ANTHONY PETROUTSAS and VASILIKI KOKKORI, grandfather and great-grandmother of the minor child ANDONIOS - GEORGIOS PETROUTSAS on the father's side, which was submitted orally in open court against DESPINA ASVESTA.

It rejects the intervention – application of ANTHONY PETROUTSAS and VASILIKI KOKKORI, which was submitted orally in open court.

It accepts partly the application under filing No 198971/15379/2005 and it rejects everything that was considered to be rejectable.

It assigns temporarily the custody of the parties' minor child ANDONIOS – GEORGIOS PETROUTSAS to his mother – applicant exclusively.

ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ, ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ
ΜΕΤΑΦΡΑΣΤΙΚΗ ΥΠΗΡΕΣΙΑ
RÉPUBLIQUE HELLENIQUE, MINISTERE DES AFFAIRES ETRANGERES
SERVICE DE TRADUCTION
HELLENIC REPUBLIC, MINISTRY OF FOREIGN AFFAIRS
TRANSLATION SERVICE

It offsets between the parties their judicial expenses with regard to their application in question.

It accepts partly the application under filing No 198971/15379/2005

It regulates temporarily the communication of the applicant – father of the parties' minor child, ANDONIOS - GEORGIOS PETROUTSAS with the latter as follows :

Two afternoons per week and two weekends per month, during Christmas holidays from December 24th to December 30th, during Easter holiday, from Monday of the Easter week until the second Monday after Easter and during the summer holidays from August 1st to August 21st from 10 a.m to 18 p.m. in the presence of the child's mother and, in the event that the child rests / lies down for a couple of hours, with an extension of communication from 18 p.m. to 20p.m. The delivery and return of the child will take place at the applicant's residence in Greece, at the region of Agia Varvara (16, Kanelopoulou Street).

It orders the delivery of the child for the purpose of communication and afterwards its return.

It threatens the respondent against whom the application was filed (DESPINA ASVESTA) with personal arrest of one month and with monetary fine of EUR 1,000 for each violation of the provisions hereof regarding the communication of the above parties' child with the applicant – father

It offsets between the parties their judicial expenses with regard to their application in question.

It was judged, adjudged and decreed in an extraordinary session, which was held in open court, on 23.04.2007.

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ, ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**ΜΕΤΑΦΡΑΣΤΙΚΗ ΥΠΗΡΕΣΙΑ**
REPUBLIQUE HELLENIQUE, MINISTERE DES AFFAIRES ETRANGERES
SERVICE DE TRADUCTION
HELLENIC REPUBLIC, MINISTRY OF FOREIGN AFFAIRS
TRANSLATION SERVICE

The Judge                         The Clerk

                                  For the pronouncement of the judgment

(Signature)                       (Signature)

True copy of the original, validated for the legal stamping by the competent Clerk of the First Instance Court of Athens, in Athens, on 17.07.2007.

(Signature – Seal – Stamp)

---

Accurate translation of the attached document in Greek

Athens, 26.07.2007

The Translator : ALEXANDRA KOUTRA

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ, ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**ΜΕΤΑΦΡΑΣΤΙΚΗ ΥΠΗΡΕΣΙΑ**
REPUBLIQUE HELLENIQUE, MINISTERE DES AFFAIRES ETRANGERES
SERVICE DE TRADUCTION
HELLENIC REPUBLIC, MINISTRY OF FOREIGN AFFAIRS
TRANSLATION SERVICE



**ΠΡΩΤΟΔΙΚΕΙΟ ΑΘΗΝΩΝ**

**ΤΜΗΜΑ ΑΣΦΑΛΙΣΤΙΚΩΝ ΜΕΤΡΩΝ**



**Αριθμός 3157/2007**

### ΤΟ ΜΟΝΟΜΕΛΕΣ ΠΡΩΤΟΔΙΚΕΙΟ ΑΘΗΝΩΝ

Αποτελούμενο από *τη Δικαστή*, Βασιλική Παπαϊωάννου, *Πρωτοδίκη, την οποία* όρισε ο Πρόεδρος του Τριμελούς Συμβουλίου της Διοικήσεως του Πρωτοδικείου.

Συνεδρίασε δημόσια στο ακροατήριό του στις 26-7-2007 *χωρίς τη σύμπραξη* Γραμματέα για να δικάσει την υπόθεση μεταξύ:

Της αιτούσας - καθ' ής:  ΔΕΣΠΟΙΝΑΣ ΑΣΒΕΣΤΑ του Γεωργίου, *κατοίκου Νίκαιας Αττικής, Πλάτωνος 22, η οποία παραστάθηκε με τους πληρεξούσιους δικηγόρους της, Ιωσήφ Ε. Παράσχο και Αιμιλία Β. Γρηγοροπούλου.*

Του αιτούντος - καθ' ού: ΓΕΩΡΓΙΟΥ-ΑΝΤΩΝΙΟΥ ΠΕΤΡΟΥΤΣΑ *του Αντωνίου, κατοίκου Καλιφόρνιας ΗΠΑ, 300 Plum Street 69, Capitola, τον οποίο εκπροσώπησε ο πληρεξούσιος δικηγόρος του, Στυλιανός Χ. Γρηγορίου.*

Των προσθέτως παρεμβαινόντων: ΑΝΤΩΝΙΟΥ ΠΕΤΡΟΥΤΣΑ και ΒΑΣΙΛΙΚΗΣ ΚΟΚΚΟΡΗ, *τους οποίους εκπροσώπησε ο πληρεξούσιος δικηγόρος τους, Στυλιανός Χ. Γρηγορίου.*

Η αιτούσα *ζητά* να γίνει δεκτή η από 5-12-2005 αίτησή της, η οποία κατατέθηκε στο Δικαστήριο αυτό με γενικό αριθμό κατάθεσης 19899/2005 και αριθμό κατάθεσης δικογράφου 15379/2005 και προσδιορίστηκε αρχικά *για τη δικάσιμο της 9-1-2006,* οπότε και αναβλήθηκε για τη δικάσιμο της 14-4-2006, οπότε και αναβλήθηκε *για τη δικάσιμο που αναφέρεται στην αρχή της παρούσας.*

Ο αιτών *ζητά* να γίνει δεκτή η από 16-6-2006 αίτησή του, η οποία κατατέθηκε

2° φύλλο *της με αριθμό* 3157/2007 απόφασης του Μονομελούς Πρωτοδικείου Αθηνών (Τμήμα Ασφαλιστικών Μέτρων)

---

εισαγωγής της υποθέσεως μεταξύ των ίδιων διαδίκων και ενώπιον αλλοδαπού δικαστηρίου. Αυτό προκύπτει από τη διάταξη του άρθρου 323 αριθ. 4 Κ.Πολ.Δικ. που ορίζει ότι απόφαση αλλοδαπού πολιτικού δικαστηρίου ισχύει και αποτελεί δεδικασμένο στην Ελλάδα, εφόσον, πλην άλλων, δεν είναι αντίθετη προς απόφαση ελληνικού δικαστηρίου, που εκδόθηκε στην ίδια υπόθεση. Δίνεται δηλαδή ευθέως από την εσωτερική έννομη τάξη προτεραιότητα στην ημεδαπή δικαιοδοσία, ώστε κατά τις διατάξεις αυτές, η ένσταση εκκρεμοδικίας προϋποθέτει την εισαγωγή της αυτής διαφοράς ενώπιον περισσοτέρων ημεδαπών και όχι και αλλοδαπών δικαστηρίων. Επομένως, μόνο αν είναι δυνατή πρόγνωση από τον Έλληνα δικαστή, ότι κατά το εσωτερικό δίκαιο δεν θα υπάρξει απόφαση ημεδαπού δικαστηρίου που θα κάμει την ίδια διαφορά με δύναμη δεδικασμένου, όπως συμβαίνει κυρίως αν υπάρχει απαράδεκτο της αγωγής ενώπιον του ελληνικού δικαστηρίου για τυπικό ή άλλο λόγο, ευρίσκει έδαφος εφαρμογής η ένσταση εκκρεμοδικίας της υποθέσεως και ενώπιον αλλοδαπού δικαστηρίου (ΑΠ 717/2006 Ηλεκτρονική Συλλογή Νομολογίας ΝΟΜΟΣ, ΑΠ 386/2001, Δ/ΝΗ/2002, 116). Γ) Εξάλλου, σύμφωνα με το άρθρο 18 ΑΚ, οι σχέσεις μεταξύ γονέων και τέκνων ρυθμίζονται κατά σειρά: 1) Από το δίκαιο της τελευταίας κοινής ιθαγένειας τους, 2) από το δίκαιο της τελευταίας κοινής συνήθους διαμονής, 3) από το δίκαιο της ιθαγένειας των τέκνων, ενώ, σύμφωνα με τη διάταξη του άρθρου 31 εδ. α΄ΑΚ, αν το πρόσωπο έχει ελληνική και ξένη ιθαγένεια, ως δίκαιο της ιθαγένειας εφαρμόζεται το Ελληνικό Δίκαιο. Δ) Κατά τη διάταξη του άρθρου 1513, συνδυαζόμενη και προς το άρθρο 1514 ΑΚ, στην περίπτωση διακοπής της συμβίωσης των συζύγων η άσκηση της γονικής μέριμνας του ανήλικου τέκνου των ρυθμίζεται από το δικαστήριο, το οποίο μπορεί να την αναθέσει σε έναν από τους γονείς ή και σε τρίτο, ή να την κατανείμει μεταξύ των γονέων. Για τη λήψη της απόφασης το δικαστήριο λαμβάνει υπόψη τους έως τότε δεσμούς του τέκνου με τους γονείς και τους αδελφούς του, καθώς και τις τυχόν συμφωνίες που έκαναν οι γονείς του τέκνου σχετικά με την επιμέλεια και

3º φύλλο *της με αριθμό* 3157/2007 *απόφασης του Μονομελούς Πρωτοδικείου Αθηνών* (Τμήμα Ασφαλιστικών Μέτρων)

---

Δικαστηρίου αίτησης να υφίσταται εκκρεμοδικία από την εν λόγω αλλοδαπή απόφαση και εντεύθεν αναστολή της διεθνούς δικαιοδοσίας του παρόντος Δικαστηρίου. Ο ανωτέρω ισχυρισμός κρίνεται απορριπτέος ως νομικά αβάσιμος σύμφωνα με τα εκτεθέντα στο δεύτερο μέρος της προπαρατεθείσας μείζονας σκέψης, ενόψει και του ότι στο παρόν στάδιο έρευνας της υπόθεσης δεν προκύπτει απαράδεκτο της υπό κρίση αίτησης για κάποιο τυπικό λόγο. Περαιτέρω ο καθ' ού ισχυρίζεται ότι από το Μονομελές Πρωτοδικείο Πειραιώς εξεδόθη απόφαση, η οποία απέρριψε αίτησή του μέσω του Ελληνικού Δημοσίου να του παραδοθεί το ως άνω τέκνο από τη μητέρα του κατ' εφαρμογή της Συμβάσεως της Χάγης για την απαγωγή τέκνων, εναντίον της οποίας το Ελληνικό Δημόσιο οφείλει να ασκήσει έφεση. Ενόψει των προεκτεθέντων ισχυρίζεται ότι κατ' εφαρμογή του άρθρου 16 της εν λόγω Διεθνούς Συμβάσεως, εφόσον δεν έχει κριθεί τελεσιδίκως αν συντρέχει περίπτωση επιστροφής του παιδιού κατά τη Σύμβαση, το παρόν Δικαστήριο δεν μπορεί να κρίνει επί του επιδίκου ζητήματος της κρινομένης αίτησης. Από την παραδεκτή επισκόπηση στο παρόν στάδιο έρευνας της υπόθεσης των εγγράφων της δικογραφίας προκύπτει ότι κατόπιν αιτήσεως του καθ' ού στην αρμόδια αμερικανική Αρχή, η οποία διεβιβάσθη στην αντίστοιχη Ελληνική, υπεβλήθη ενώπιον του Μονομελούς Πρωτοδικείου Πειραιώς η από 20-2-2006 αίτηση του Ελληνικού Δημοσίου περί υποχρεώσεως της νυν αιτούσας να παραδώσει το τέκνο των διαδίκων στον νυν καθ' ού, λόγω παράνομης κατακράτησής του από την πρώτη σύμφωνα με τις διατάξεις της προαναφερθείσας διεθνούς Συμβάσεως. Με την υπ' αριθμ. 5042/2006 απόφαση του εν λόγω Δικαστηρίου, εκδοθείσα κατά τη διαδικασία των ασφαλιστικών μέτρων, κρίθηκε ότι δεν συντρέχει περίπτωση απόδοσης του τέκνου των διαδίκων στον πατέρα του κατ' εφαρμογή της Συνθήκης και εντεύθεν απορρίφθηκε η αίτηση. Ενόψει των προεκτεθέντων σε συνδυασμό με το ότι το άρθρο 16 της Σύμβασης επιβάλλει την αποχή από την κρίση επί της επιμέλειας του τέκνου μέχρι την κρίση επί του ζητήματος αν συντρέχει περίπτωση

4° φύλλο *της με αριθμό* 3157/2007 απόφασης του Μονομελούς Πρωτοδικείου Αθηνών

(Τμήμα Ασφαλιστικών Μέτρων)

---

του ανηλίκου Αντωνίου-Γεωργίου Πετρουτσά εκ πατρικής γραμμής, με προφορική δήλωση του πληρεξουσίου δικηγόρου τους στο ακροατήριο, δήλωσαν ότι ασκούν παρέμβαση στην παρούσα δίκη και ζήτησαν επικαλούμενοι την ανάγκη αντιμετώπισης επείγουσας περίπτωσης και επικειμένου κινδύνου, ως ασφαλιστικό μέτρο να ρυθμιστεί προσωρινά το δικαίωμα επικοινωνίας τους μετά του ανηλίκου ως άνω εγγονού τους. Με το ανωτέρω περιεχόμενο η αίτησή τους ως εισάγουσα προς κρίση αυτοτελές δίκαιωμα των αιτούντων προς επικοινωνίας τους με το ανωτέρω ανήλικο δεν φέρει το χαρακτήρα κύριας ή πρόσθετης παρέμβασης, αφού οι αιτούντες ούτε αντιποιούνται κάποιο εκ των επιδίκων ως άνω δικαιωμάτων ούτε επιδιώκουν να αποβεί η δίκη σε όφελος κάποιο εκ *των ανωτέρω διαδίκων* των προαναφερθεισών αιτήσεων, γι' αυτό κρίνεται απορριπτέα ως τέτοια, ενώ ως αυτοτελής αίτηση πρέπει να απορριφθεί λόγω έλλειψης της έγγραφης προδικασίας (άρθρ. 686 ΚΠολΔ). Τα δικαστικά έξοδα της καθ' ής η αίτηση αυτή και μητέρας του ανηλίκου δεν θα επιβληθούν σε βάρος των αιτούντων, παρά την ήττα τους, λόγω μη υποβολής σχετικού αιτήματος εκ μέρους της πρώτης.

Από την εκτίμηση των ενόρκων καταθέσεων των μαρτύρων, που εξετάστηκαν νομότυπα ενώπιον του παρόντος Δικαστηρίου και εκτιμώνται κατά το λόγο γνώσης και το βαθμό αξιοπιστίας εκάστου εξετασθέντος, του συνόλου των εγγράφων, που οι διάδικοι νομότυπα επικαλούνται και προσκομίζουν, τα οποία λαμβάνονται υπόψη ως αυτοτελή αποδεικτικά μέσα ή κρίνονται πρόσφορα για τη συναγωγή δικαστικών τεκμηρίων, καθώς και από τα όσα οι διάδικοι συμφώνησαν με δηλώσεις τους ενώπιον του παρόντος Δικαστηρίου στα πλαίσια συμβιβαστικής επίλυσης του ζητήματος της επικοινωνίας του πατρός του τέκνου των διαδίκων με το τελευταίο, όπως το περιεχόμενο της ανωτέρω συμφωνίας περιλαμβάνεται στα σημειώματά τους, πιθανολογήθηκαν τα ακόλουθα πραγματικά περιστατικά: Οι διάδικοι τέλεσαν νόμιμο πολιτικό γάμο στο Ουότσονβιλ της Σάντα Κρούζ της Καλιφόρνια των ΗΠΑ στις 10-3-2002 και θρησκευτικό γάμο στη Ζάκυνθο στις 30-8-2003, από τον οποίο απέκτησαν ένα

*5° φύλλο της με αριθμό 3157/2007 απόφασης του Μονομελούς Πρωτοδικείου Αθηνών (Τμήμα Ασφαλιστικών Μέτρων)*

---

καταλληλότερο μέτρο διευθέτησης της διαφοράς των διαδίκων σχετικά με το εν λόγω τέκνο τους πρέπει να ανατεθεί η άσκηση της επιμέλειας του τελευταίου προσωρινά μόνο στη μητέρα του – αιτούσα της α' αίτησης. Από τα προαναφερθέντα αποδεικτικά στοιχεία δεν προέκυψε, περαιτέρω, κάποιος λόγος που να επιβάλλει τον αποκλεισμό του πατέρα από την άσκηση της γονικής μέριμνας επί του ανωτέρω ανηλίκου, όπως αβάσιμα ισχυρίζεται η αιτούσα μητέρα του στην α' αίτηση. Ειδικότερα, ουδέν συγκεκριμένο περιστατικό πιθανολογήθηκε, που να μην αφορά αποκλειστικά τις προσωπικές σχέσεις των διαδίκων και ειδικότερα παράπονα της συζύγου από τη συμπεριφορά του συζύγου της απέναντι σ' αυτήν και που να επιβεβαιώνει τέτοια αδυναμία και να επιβάλλει την αποκλειστική άσκηση της γονικής μέριμνας επί του Αντωνίου-Γεωργίου και την ανάθεσή της στην μητέρα του. Με τον αδικαιολόγητο άλλωστε αποκλεισμό του καθ' ού η α' αίτηση από την άσκηση της γονικής μέριμνας θα παραβιαζόταν και η καθιερούμενη από το νόμο (άρθρο 1510 παρ. 1 ΑΚ) ισότητα μεταξύ των γονέων κατά την άσκηση της γονικής μέριμνας, την οποία κατά τη διάταξη του άρθρου 1511 παρ. 2 ΑΚ οφείλει να σέβεται και το Δικαστήριο, όταν καλείται να αποφασίσει επί των σχετικών θεμάτων. Κατ' ακολουθία των προεκτεθέντων το Δικαστήριο, με γνώμονα το συμφέρον του τέκνου των διαδίκων, το οποίο απαιτεί τόσο τη δημιουργία ήδη από την πρώιμη ως άνω παιδική του ηλικία όσο και τη διατήρηση σταθερών ψυχικών και πνευματικών δεσμών του τέκνου με τον πατέρα του, συμβαλλόντων στην ανάπτυξη για την περαιτέρω ομαλή εξέλιξη της προσωπικότητας του ανηλίκου Αντωνίου-Γεωργίου ενός πατρικού αλλά κυρίως ανδρικού προτύπου, ενόψει και του φύλου του εν λόγω τέκνου, σε συνδυασμό με την μικρή ηλικία του και την ιδιαίτερη φροντίδα που αυτή απαιτεί και μέχρι σήμερα παρείχετο από τη μητέρα του, συνεκτιμωμένων όμως και των διαταραγμένων σχέσεων των διαδίκων, όπως υποστηρίζονται αλλά και συντηρούνται από το οικογενειακό περιβάλλον της μητέρας, κρίνει ότι η επικοινωνία του πατέρα με το τέκνο του θα πρέπει προσωρινώς να λαμβάνει

φύλλο *της με αριθμό* 3157/2007 *απόφασης του* Μονομελούς Πρωτοδικείου Αθηνών (Τμήμα Ασφαλιστικών Μέτρων)

---

Δύο απογεύματα την εβδομάδα και δύο Σαββατοκύριακα ανά μήνα, κατά τις εορτές των Χριστουγέννων από 24 έως 30 Δεκεμβρίου, κατά τις εορτές του Πάσχα από τη Δευτέρα της Διακαινησίμου έως τη Δευτέρα του Θωμά και κατά τις θερινές διακοπές από $1^{ης}$ – $21^{ης}$ Αυγούστου από 10πμ έως 18μμ παρουσία της μητέρας του τέκνου και σε περίπτωση απόσυρσης του τελευταίου προς ανάπαυση επί δίωρο με παράταση της επικοινωνίας από 18-20 μμ. Η παράδοση και απόδοση του τέκνου θα γίνεται στην κατοικία του αιτούντος στην Ελλάδα, στην περιοχή Αγίας Βαρβάρας και επί της οδού Κανελοπούλου 16.

Διατάσσει την παράδοση του τέκνου προς το σκοπό της επικοινωνίας και την απόδοσή του μετά από την τελευταία.

Απειλεί κατά της καθ' ής η αίτηση προσωπική κράτηση ενός μηνός και χρηματική ποινή 1000 Ευρώ για κάθε παράβαση των διατάξεων της παρούσας περί της επικοινωνίας του ως άνω τέκνου των διαδίκων με τον αιτούντα – πατέρα του.

Συμψηφίζει μεταξύ των διαδίκων τη δικαστική τους δαπάνη ως προς την εν λόγω αίτηση.

Κρίθηκε, αποφασίστηκε και δημοσιεύθηκε σε έκτακτη δημόσια συνεδρίαση στο ακροατήριό του, *στις* 23-4-2007.

Η ΔΙΚΑΣΤΗΣ                                    .... ΓΡΑΜΜΑΤΕΑΣ
                                              ΓΙΑ ΤΗ ΔΗΜΟΣΙΕΥΣΗ

# EXHIBIT

# C

Stephen J. Cullen, Esquire
*pro hac vice*
Kelly A. Powers, Esquire
*pro hac vice*
Miles & Stockbridge P.C.
One West Pennsylvania Avenue
Suite 900
Towson, Maryland 21204
(410) 821-6565
(410) 385-3709 (fax)
scullen@milesstockbridge.com
kpowers@milesstockbridge.com

Renee C. Day, Esquire, Bar # 221252
Hoover & Betchel, L.L.P.
The Garden Alameda
1570 The Alameda, Suite 101
San Jose, California 95126
(408) 947-7600
(408) 947-7603 (fax)
renee@hoover-betchel.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### San Jose Division

DESPINA ASVESTA,

      Petitioner,

      v.

GEORGE PETROUTSAS,

      Respondent.

_____/

Case No.  C-07-05535 JF

## AFFIDAVIT OF GREEK ATTORNEY REGARDING
## RECENT GREEK COURT DECISION

I, Joseph-Dimitrios E. Paraschos, Esquire, hereby depose and say as follows:

1.    I am over the age of eighteen (18), I am competent to be a witness, and I have personal knowledge of the facts and matters stated in this Affidavit.

2.    I am a lawyer in good standing in Greece.

3.    I am qualified to interpret the laws of Greece.

4.    On July 26, 2006, the Single Member First Instance Court of Athens held a hearing to consider Ms. Asvesta's petition, filed on December 7, 2005, and the Respondent's

1

petition, filed on June 16, 2006, where Ms. Asvesta sought custody of the minor child and the Respondent sought visitation.

5.      On April 23, 2007, the First Instance Court of Athens awarded temporary exclusive custody to Ms. Asvesta after a finding that she has a moral character, and is an honest, educated and affectionate mother in Order number 3157/2007. The Order continued Ms. Asvesta's temporary exclusive custody previously ordered on December 9, 2005. The First Instance Court additionally ordered a temporary specific visitation schedule between the Respondent and the child in Order number 3157/2007.

6.      On November 26, 2007, the Athens One Member Court of First Instance in Order number 1733/26-11-2007 awarded sole custody of the child to Ms. Asvesta, and ordered that the Respondent will have visitation with the child at specific dates and times, only in the presence of the mother, at her home, which is also the child's home, located at 22 PLATONOS STR, NIKAIA, ATTICA, GREECE. This order now makes the custody determination ordered in the Greek Court's prior Order number 3157/2007 a final determination as opposed to the temporary determination.

7.      As this order was posted only two days ago, the official copy from the Athens One Member Court of First Instance signed by the judge is not yet available to either party or any attorneys involved in the case.

8.      Although the final custody determination in this matter was issued only two days ago, the April 23, 2007 Order number 3157/2007 of the First Instance Court of Athens is considered a final order of the court according to article 699 of the Greek Code of Civil Procedure for purposes of determining the child's custody at the time of the wrongful removal.

9.    According to the above stated decisions of the Greek courts, Greece is the proper jurisdiction to make any and all custody determinations in this matter.

10.    I hereby certify that I fluently speak, read and write the English language.


I HEREBY CERTIFY UNDER THE PENALTIES OF PERJURY AND UPON PERSONAL KNOWLEDGE OF THE CONTENTS OF THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT.


_____
Joseph-Dimitrios E. Paraschos, Esquire

3

9.     According to the above stated decisions of the Greek courts, Greece is the proper jurisdiction to make any and all custody determinations in this matter.

10.     I hereby certify that I fluently speak, read and write the English language.

I HEREBY CERTIFY UNDER THE PENALTIES OF PERJURY AND UPON PERSONAL KNOWLEDGE OF THE CONTENTS OF THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT.

_____
Joseph-Dimitrios E. Paraschos, Esquire

3

# EXHIBIT

# D

— 1 —

No.

42625

## THE DISTRICT COURT OF PIRAEUS
## EX PARTE JURISDICTION

### Decision nr.1337/ 2007

#### THE ONE MEMBER DISTRICT COURT OF PIRAEUS
#### EX PARTE JURISDICTION

The Court was composed of the judges Athina Lalli, Chief Judge, duly assigned by the President of the Three Member Council of Administration of the Services of the District Court, with the Court Registrar Maria Markopoulou also attending the hearing.

The Court held an open session in the courtroom on 7 February 2007 to adjudicate the petition nr.7080/ 11.8.2006 for the recognition of res judicata and declaration of the enforceability of a foreign judgment.

The petitioner: George - Anthony Petroutsas son of Antonios, resident of California, United States of America (300 Plum Street 69, Capitolia CA 95010) appearing in the Court with his Attorney Mr.Stylianos Grigoriou (Reg.nr.12269, Bar Association of Athens) who submitted his pleadings with his Assistant Emilia Samartzi, Trainee Lawyer.

Vs.

The respondent: Despina Asvesta, daughter of George, resident of Nikea, Attica, (22 Platonos Street), appearing in the Court with her Attorneys Mr.Joseph - Dimitrios Paraschos (Reg.nr.7601, Bar Association of Athens), and Mr.Emilia Grigoropoulou (Reg.nr.16593, Bar Association of Athens), who submitted their pleadings.

In the hearing of the case the Attorneys for the parties explained orally their arguments and submitted that their written pleadings should be affirmed.

THE COURT HAVING REGARDED THE DOCUMENTS IN FILE

AND HAVING THOUGHT ACCORDING TO THE APPLICABLE LAW

According to art.323 of the Code of Civil Procedure (CCP) a decision of a foreign civil court may apply in Greece and produce res judicata effect, provided

ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ    TRADUCTION OFFICIELLE    OFFICIAL TRANSLATION

— 2 —

that the following provisions are satisfied:

a) A prerequisite to the operation in Greece of a foreign res judicata is that the respective judgment does have the claimed res judicata effect in accordance with the law of the State where this judgment has been rendered.

b) The foreign court must have the authority to adjudicate the case under the internal rules governing jurisdiction of Greek courts.

c) A default decision rendered by a foreign court against an alien can be recognized in Greece as long as the losing party has enjoyed equal opportunities concerning his right of defence to those available to nationals.

d) A domestic res judicata always has precedence over a foreign one. A decision cannot be recognized and a foreign res judicata cannot be imported into Greece, when contrary to a domestic res judicata binding the same parties.

e) A foreign decision cannot be recognized in Greece when contrary to good morals or public policy.

Furthermore, according to art.905 para.1-3 CCP, a foreign decision can be declared enforceable in Greece so long as it is enforceable in accordance with the law of its origin and satisfy all the requirements aforesaid, except of the res judicata effect. According to art.905 para.4 CCP, the procedure followed for the declaration of the enforceability of a foreign decision is applied for the recognition of the res judicata effect of a foreign court concerning the personal status in order to remove any doubts as to the recognition of the res judicata effect by such a decision.

In the present case the petitioner has applied for the recognition in Greece of the foreign judgment nr.FL 022605/ 25.1.2006 of the Supreme Court of California for the County of Santa Cruz, rendered by the Honorable Judge Irwin Joseph, whereby the legally exclusive custody and exclusive natural custody of the minor child of the parties, Anthony Petroutsas, was granted to the petitioner as natural

ΜΕΤΑΦΡΑΣΗ          TRADUCTION OFFICIELLE          OFFICIAL TRANSLATION

— 3 —

No.

father of the child, and the enforceability of the said judgment be declared accordingly.

The petition was admissibly brought for hearing before this Court within the district of which the residence of the respondent is situated (art.905 para.4 of the Code of Civil Procedure) according to the special proceedings of ex parte jurisdiction (art.739-781 and 905 CCP) and is well founded on the provisions of art.323 and 905 CCP, therefore it must be examined on the merits.

From the depositions of the witnesses lawfully made in this Court and contained in the minutes of proceedings bearing the same number with the present decision, and from all the documents submitted and invoked by the parties, the following facts were established:

According to the foreign judgment nr.FL 022605/ 25.1.2006 of the Supreme Court of California for the County of Santa Cruz, rendered by the Honorable Judge Irwin Joseph, the legally exclusive custody and exclusive natural custody of the minor child of the parties, Anthony Petroutsas, was granted to the petitioner as natural father of the child. A certified copy of the said judgment duly translated into Greek by the Attorney for the petitioner was duly submitted by the petitioner. In point 6 of the translation, the term "a final judicial custody determination" was translated as an "absolute judicial custody determination" , however in the letter dated 6 February 2007 forwarded by Mitchell Page, Attorney for the petitioner in the United States to the Attorney for the petitioner in these proceedings, duly submitted by the petitioner, it is mentioned that "the term of 60 days allowed for filing an appeal has lapsed" with regard to the said judgment. From the above it arises a reasonable doubt as to the exact translation of the above term (final judicial custody determination). In view of the above, from the text of the judgment one cannot conclude with certainty that the judgment has brought about a res judicata effect. Furthermore, no certification was submitted by the Registry of the Court which rendered the judgment to certify that the judgment produces a res judicata effect (see Vrellis, Private International Law, Ed.1988,

ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ    ΤRADUCTION OFFICIELLE    OFFICIAL TRANSLATION

— 4 —

No.

p.221) therefore it cannot be recognized that the judgment produces a res judicata effect. Furthermore, for the declaration of the enforceability of the judgment, it is a prerequisite that the foreign court must have the authority to adjudicate the case under the internal rules governing jurisdiction of Greek courts in compliance with the provisions of art.22 et seq. and 42 CCP (Court of Appeal of Thessaloniki 3836/1996, Arm.1997.823, Court of Appeal of Athens 10601/1995, Justice 1996.913, Court of Appeal of Athens 4149/1991 NoB.40.559, One Member District Court of Iraklion 1009/2007 first publication NOMOS Legal Information Data Bank, One Member District Court of Thessaloniki 32684/2002, Arm.2003.843, Maridakis, Enforcement of foreign court decisions, 1970, 3rd Edition, p.56).

In the present case the jurisdiction of the court which rendered the foreign decision was based on the residence of the minor child of the parties, as determined to be within the County of Santa Cruz, California, USA, and not in the residence of the respondent, which is a basic principle of the Greek procedural law, as formulated in art.22 CCP; a prorogation of jurisdiction cannot be allowed in the present case according to art.42 CCP since it is not about a property dispute; besides it cannot be brought under the application of art.39 CCP since it is not about a matrimonial dispute. A critical time for the concurrence of the elements establishing the international jurisdiction of the foreign court is, in the prevailing opinion in legal theory, the time of the last hearing, following which the domestic court is obliged to render its decision about the enforceability of the foreign decision, since the relevant procedure was introduced in order to ascertain the existence of all the requirements under which the Greek State respecting its obligation as a member of the international community permits the execution of foreign decisions within the limits of its territory (One Member District Court of Thessaloniki 6515/1997 Arm.1997.1162). The respondent did not return to the United States on 9 December 2005 but stayed in Greece, therefore she expressed his will to change her place of residence and till the date of the hearing she has been a per-

ΣΗΜΗ ΜΕΤΑΦΡΑΣΗ    RADUCTION OFFICIELLE    OFFI AL TRANSLATION

— 5 —

manent resident of Greece. The latter is supported by the fact that a copy of the judgment dated 4.1.2006 of the Supreme Court of California was served by the petitioner upon the respondent in the place of residence of the respondent at 22 Platonos Street, Nikea, Piraeus (see proof of service nr.4153/12.1.2006 issued by the court bailiff of Athens Ms.Maria S.Etziridou). Furthermore, this is supported by the fact that the respondent works in Greece and she has stated her address as a permanent resident of Nikea, Greece in her action nr.197891/ 6.12.2005 in the Multi Member District Court of Athens, in her action nr.25831/ 5.2.2007 in the One Member District Court of Athens, in her petition nr.198791/7.12.2005 in the One Member District Court of Atrhens as well as in her criminal complaint nr.D06/46/8 dated 26.10.2006 in the Public Prosecutor of Athens; also in her petition nr.113817/23.6.2006 against the petitioner in the One Member District Court of Athens for the grant of provisional remedies, and in the petition nr.1957/ 23.2.2006 of the Greek State (Ministry of Justice) on behalf of the petitioner in the One Member District Court of Piraeus for the grant of provisional remedies. In view of the above, according to the provisions of the Greek law, the case was not subject to the jurisdiction of the courts of the State which rendered the decision in question. Furthermore, the respondent was summoned for the hearing of the present case on 12.1.2006, that is 13 days before the hearing date, therefore she was not allowed sufficient time to defend herself (see Supreme Court nr.1983/1987 EEN 1988 745, Court of Appeal of Thessaloniki, 3836/ 19996 Arm.1997,823, Court of Appeal of Athens 10601/1995 D.1996.913, Court of Appeal of Athens 1083/1990 Justice 1992.607), since according to the Greek Law (art.905.1.a CCP she should have been summoned at least 60 days before the date of hearing as a permanent resident abroad. The petitioner did not prove that the short time allowed to the respondent applies for the citizens of the State which rendered the decision. Therefore the conditions of art.323 para.2 and 3 and art.905 para.3 CCP for the declaration of the enforceability of foreign judgments concerning the personal status are not satisfied and the petition in question must

ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ    TRADUCTION OFFICIELLE    OFFICIAL TRANSLATION

— 6 —

No.

be rejected.

## THEREFORE

The Court orders that the petition be rejected.

The Court orders the petitioner to pay the legal costs of the respondent amounting to € 250.

Judged, decided and published in Piraeus at a special session of this Court in the courtroom on 13.3.2007 without the presence of the parties and of their respective attorneys.

The Chief Judge (signed)        The Court Registrar (signed)

True certified copy duly seen for the lawful stamping and issuance.

Athens, 15 March 2007.

The Court Registrar: Gerasimos Lefkokilos

True translation of the attached certified copy in Greek.

Athens, 26.3.2007.

The Translator

K.Makropoulos

ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ  TRADUCTION OFFICIELLE  OFFICIAL TRANSLATION

175139-1/2

### Number 686/2007
### THE PIRAEUS COURT OF APPEALS

Formed by the Judges, Eleftherios Mallios, Justice of the Court of Appeals, Stylianos Goniotakis-Instructing Judge and Ekaterini Pantena, Judges at the Court of Appeals and Kalliopi Dermati, Clerk.

Met in public in session on June 7th 2007 to hear the case between:

**THE APPELLANT**: Georgios-Antonios Petroutsas s/o Antonios, resident of California, USA, represented by his attorney, Stylianos Grigoriou, by the art.242 sect.2 Civil Procedure Code declaration.

**THE APPELLEE**: Despina Asvesta d/o Georgios, resident of Nikea, who appeared with her attorney, Maria-Roza Kountara.

The appellant filed before the Piraeus One-Member Court of First Instance (Ex-Parte Jurisdiction) his petition no. 7080/2006 dated 3-8-2006, on which the final judgment no. 1337/2007 was issued by the above Court rejecting the petition.

The appellant-petitioner appealed the above judgment before this Court, by his appeal no. 426/2007 dated 16-4-2007, for which the hearing day was designated as mentioned in the beginning hereof.

The case was entered from the proper docket and heard.

The attorney of the appellant set out his opinion filing his motions, the attorney of the appellee, after requesting from the Justice to take the floor, referred to the motions she filed.

### THE COURT EXAMINED THE LEGAL FILE
### AND THOUGHT ACCORDING TO THE LAW

ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ, ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ
ΜΕΤΑΦΡΑΣΤΙΚΗ ΥΠΗΡΕΣΙΑ
REPUBLIQUE HELLENIQUE, MINISTERE DES AFFAIRES ETRANGERES
SERVICE DE TRADUCTION
HELLENIC REPUBLIC, MINISTRY OF FOREIGN AFFAIRS
TRANSLATION SERVICE

ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ  TRADUCTION OFFICIELLE  OFFICIAL TRANSLATION

175139-1/2

(page 2)

From the conjunction of articles 115 sect.2, 242 sect.2,
741, 745, 759 sect.4 of the Civil Procedure Code and the
article 115 sect.2 is in force following its amendment by
article 1 sect.2 of Law 2915/2001, it arises that in the
cases of ex-parte jurisdiction, such as this case, in which
the oral hearing is compulsory, the provision of article 242
sect.2 of the Civil Procedure Code does not apply and
therefore, the discretion of the attorneys of the adversary
parties to prefile a declaration that they shall not appear at
the entering of the case does not apply (V.Vathrakokili
Erm. Civil Procedure Code in article 242 no.2, CAA
7051/2004 Ell.D. 46.520). In the case that the provision of
article 242 sect.2 of the Civil Procedure Code does not
apply, the adversary party that filed the motions and did
not appear at the hearing is judged by default and the court
adjourns the hearing according to article 764 sect.2 of the
Civil Procedure Code if no adversary party appears, but if
one of the parties appears the Court examines the case in
substance as if the other party were present (rel. CAA
7061/2004). In this case, the Appeal no. 426/2007 dated
23.4.2007 of the petitioner Georgios-Antonios Petroutsas,
resident of California, USA is entered for trial before this
Court, against the respondent wife Despina Asvesta and
against the final judgment no. 1337/2007 of the Piraeus
One-Member Court of First Instance issued according to
the ex-parte jurisdiction proceedings, on the petition dated
11.8.2006 of the petitioner and now appellant for
acknowledgment of the judgment dated 29.1.2005 FL
022605/2005 of the Supreme Court of the State of

ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ, ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ
ΜΕΤΑΦΡΑΣΤΙΚΗ ΥΠΗΡΕΣΙΑ
REPUBLIQUE HELLENIQUE, MINISTERE DES AFFAIRES ETRANGERES
SERVICE DE TRADUCTION
HELLENIC REPUBLIC, MINISTRY OF FOREIGN AFFAIRS
TRANSLATION SERVICE

ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ  TRADUCTION OFFICIELLE  OFFICIAL TRANSLATION

175139-1/2

(page 3)

California, USA for the county of Santa Cruz, regarding
the care of the parties' minor child, that has the force of
precedent and is also directly enforceable in Greece.   By
the appealed judgment, the petition of Georgios-Antonios
Petroutsas was dismissed.    The appellant complaints
against the judgment for deficient evaluation of the
evidence and poor interpretation and application of the law
and requests that his appeal be accepted and the appealed
judgment be eliminated, so that his petition shall be
accepted.  At the entering of this Appeal from the docket,
the appellant's attorney Styl.Grigoriou did not appear in
court but prefiled his motions by the declaration dated
5.6.2007 according to article 242 sect.2 of the Civil
Procedure Code that he would not appear in Court.
However, according to what has been stated in the major
reasoning upon the conclusions of law and findings of fact,
his appearance is not allowed by the article 242 sect.2
Civil Procedure Code declaration, since it is a case of ex-
parte jurisdiction.   Therefore, after the appearance of the
respondent who was lawfully and duly summoned by the
petitioner (see 4610/4.5.2007 filing report of the Piraeus
Process Server, Ath.Kokkizas), whilst on the contrary, the
petitioner did not appear properly at the hearing, since the
article 242 sect.2 of the Civil Procedure Code declaration
was not sufficient, the appeal should be judged by default
and examined in substance as if he was present, provided it
was filed lawfully and duly pursuant to articles 760, 761,
762, 764 and 513 seq. of the Civil Procedure Code.
Following the aforementioned however, in view of the

ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ, ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ
ΜΕΤΑΦΡΑΣΤΙΚΗ ΥΠΗΡΕΣΙΑ
REPUBLIQUE HELLENIQUE, MINISTERE DES AFFAIRES ETRANGERES
SERVICE DE TRADUCTION
HELLENIC REPUBLIC, MINISTRY OF FOREIGN AFFAIRS
TRANSLATION SERVICE

ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ  TRADUCTION OFFICIELLE  OFFICIAL TRANSLATION

175139-1/2

(page 4)

allegation of the appellee that the judgment under acknowledgment and execution of the Supreme Court of California State, USA for the county of Santa Cruz, has already been reformed and made non-enforceable and applicable by the judgment no. FL 022605/2007 dated 16.4.2007 of the same (foreign) court and of the appellant an official copy of the judgment no. FL 022605/2007 dated 16.4.2007 of the Supreme Court of California State, USA, for the county of Santa Cruz, certified by the Clerk's Office of the Court that issued the judgment, lawfully translated into Greek by the competent service of the place was issued or by the Greek Consular Authority and the official copy of the final judgment of the Athens One-Member Court of First Instance that shall be issued on the 25831/2007 appellee's action as in the reasoning by the Clerk's Office of this Court.

Judged, ordered, in Piraeus on June 28th 2007 and published in session of this Court, on August 17th 2007, without the appearance of the adversary parties and the attorney of the appellee.

THE JUSTICE                        THE CLERK

Eleftherios Mallios                (signature)

and due to his promotion and transfer

The senior Judge at the Court of Appeals

Stylianos Goniotakis (signature)

True copy attested for legal recording.  Piraeus, 5/11/07

(signature & seal)

---

True translation of the attached document in Greek

Athens, 7/12/2007.  Translated by E. Tsagli

ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ, ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ
ΜΕΤΑΦΡΑΣΤΙΚΗ ΥΠΗΡΕΣΙΑ
REPUBLIQUE HELLENIQUE, MINISTERE DES AFFAIRES ETRANGERES
SERVICE DE TRADUCTION
HELLENIC REPUBLIC, MINISTRY OF FOREIGN AFFAIRS
TRANSLATION SERVICE



... UBLIQUE HELLENIQUE
... ERE DES AFFAIRES ETRANGERES
... our legalisation de la signature ci-dessus
... Traducteur du Ministère des Affaires
Etrangères ayant traduit le texte ci-annexé.

Athènes le, — 7 DEC 2007

PAR DELEGATION DU MINISTRE
Le Directeur p.m.

ELENI ARGYROU
Secrétaire

# EXHIBIT

# E

The Secretary of State of the United States of America
hereby requests all whom it may concern to permit the citizen/national
of the United States named herein to pass without delay or hindrance
and in case of need to give all lawful aid and protection.

Le Secrétaire d'Etat des Etats-Unis d'Amérique
prie par les présentes toutes autorités compétentes de laisser passer le citoyen
ou ressortissant des Etats-Unis titulaire du présent passeport, sans délai ni
difficulté et, en cas de besoin, de lui accorder toute aide et protection légitimes.

El Secretario de Estado de los Estados Unidos de América por el presente solicita a las
autoridades competentes permitir el paso del ciudadano o nacional de los Estados Unidos
aquí nombrado, sin demora ni dificultades, y en caso de necesidad, prestarle toda la
ayuda y protección lícitas.

SIGNATURE OF BEARER/SIGNATURE DU TITULAIRE/FIRMA DEL TITULAR

NOT VALID UNTIL SIGNED

PASSPORT
PASSEPORT
PASAPORTE

UNITED STATES OF AMERICA

Type / Type / Tipo   Code / Code / Código   Passport No. / No. du Passeport / No. de Pasaporte
P                    USA                     057887269

Surname / Nom / Apellidos
PETROUTSAS

Given Names / Prénoms / Nombres
ANDONIOS, GEORGIOS

Nationality / Nationalité / Nacionalidad
UNITED STATES OF AMERICA

Date of birth / Date de naissance / Fecha de nacimiento
21 May 2005

Place of birth / Lieu de naissance / Lugar de nacimiento
CALIFORNIA, U.S.A.

Date of issue / Date de délivrance / Fecha de expedición
22 Jun 2005

Date of expiration / Date d'expiration / Fecha de caducidad
21 Jun 2010

Authority / Autorité / Autoridad
United States
Department of State

Amendments / Modifications / Enmiendas
See Page 24

P<USAPETROUTSAS<<ANDONIOS<GEORGIOS<<<<<<<<<<
0578872690USA0505217M1006216<<<<<<<<<<<<<<90









EYPETHPIO · INDEX

ΘΕΩΡΗΣΕΙΣ · VISAS

1. Name · Cognome · Naam · Efternavn · Sloinne · Apellidos · Apellido · Efternamn · Sukunimi

2. Vornamen · Nome · Voornaam · Fornavn · Réamhainm (pescna) · Nombre · Nomes proprios · Fornamn · Etunimet

3. Staatsangehörigkeit · Cittadinanza · Nationaliteit · Nationalitet · Nationlacht · Nacionalidad · Nacionalidade · Nationalitet · Kansalaisuus

4. Geschlecht · Sesso · Geslacht · Køn · Gnéas · Sexo · Sexo · Kön · Sukupuoli

5. Geburtsdatum · Data di nascita · Geboortedatum · Fødselsdato · Data breithe · Fecha de nacimiento · Data do nascimento · Födelsedatum · Syntymäaika

6. Geburtsort · Luogo di nascita · Geboorteplaats · Fødested · Áit bhreithe · Lugar de nacimiento · Local do nascimento · Födelseort · Syntymäpaikka

7. Ausstellungsdatum · Data di rilascio · Datum van afgifte · Udstedelsesdato · Data eisiúna · Fecha de expedición · Data de emissão · Utfärdat · Myöntöpvm

8. Gültig bis · Data di scadenza · De geldigheidsduur van dit paspoort eindigt op · Gyldigt indtil · Este pasaporte expira el · Ás feidhm · Válido até · Sista giltighetsdag · Viimeinen

9. Behörde · Autorità · Instantie · Pasudstedende myndighed · Udanas · Autoridad · Autoridade · Myndighet · Viranomainen

10. Grösse · Statura · Lengte · Højde · Airde · Talla · Altura · Längd · Pituus

11. Farbe der Augen · Colore degli occhi · Kleur van de ogen · Øjenfarve · Dath na súl · Color de los ojos · Cor dos olhos · Ögonfärg · Silmien väri

12. Wohnort · Residenza · Woonplaats · Bopæl · Áit chónaithe · Domicilio · Vistelseort · Kotipaikka

13. Verlängerung bis · Cyldigheden forlænget indtil · Prórogha · Veranging tot · Has a chónuachán · La validez del presente pasaporte se prolonga hasta · Revogdo concedido · Förlängd till · Pass(e)n/tois(a)den prórograd tal· teatol

14. Unterschrift des Passinhabers · Firma del titolare · Handtekening van de houder · Indehaverens underskrift · Síniú an tsealbhóra · Firma del titular · Assinatura do titular · Innehavarens namnteckning · Haltijan nimikirjoitus

15. Ehegatte, Kinder · Coniuge, Figli · Echtgenoot, Kinderen · Ægtefælle, Børn · Céile, Leanaí · Cónyuge, Hijos · Cônjuge, Filhos · Maka/maka barn · Puoliso, Lapset

# EXHIBIT

# F



**Embassy of the United States of America**
91 Vas. Sophias
101 60 Athens

August 7, 2007

Mrs. Despina Asvesta
22 Platonos Street
184 54 Nikaia

Dear Mrs. Asvesta:

I write this letter in reply to the faxed letter this office received from you on Monday, July 30.

In March 2006, this office authorized but did not issue a passport for your son, Andonios Petroutsas. This decision was based on the application of his father George Petroutsas, for a lost passport, and the permanent order of the Courts of California, which granted his father sole legal custody and sole physical custody of Andonios. However, the 2006 passport was never given to the father when we determined that the California court order had not been recognized by the Greek courts nor had he actual physical custody of Andonios.

International parental child abduction serves no one's interest, least of all the child's. The Hague Convention on the Civil Aspects of International Child Abduction works to encourage the return of a child to his/her place of habitual residence, whereupon courts in that jurisdiction can determine custody arrangements. If you are interested in pursuing the court-ordered return of your child to Greece, you should file a Hague application with the Greek Central Authority at the Ministry of Justice, 96 Messoghion Avenue, 101 79 Athens, tel. 210-776-7312, fax 210-776-7499.

The welfare of children remains our paramount concern. The Embassy and the Department of State do not take the side of either parent in cases of divorce, custody disputes, or parental abductions.

If we can be of further assistance to you, please do not hesitate to contact us.

Sincerely,

Ann Sides
Consul General

# EXHIBIT

# G

ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ  TRADUCTION OFFICIELLE  OFFICIAL TRANSLATION

109389-3/3

HELLENIC REPUBLIC
HELLENIC POLICE
DIRECTION OF SECURITY POLICE OF ATTIKI
SUB-DIRECTION OF SECURITY POLICE OF WEST ATTIKI
DEPARTMENT OF SECURITY POLICE OF AGHIA VARVARA
St.Sarafi st. 10 PC 12351 Aghia Varvara
Tel: 210-5612818
Ref.No. 1047/2/9-c

C E R T I F I C A T E

This is to certify that according to our records on 22-7-2007 at 20:00 pm, ASVESTA Despina of Georgios and Maria, born in 1973 in Athens, appeared to our service to file a suit against her ex husband PETROUTSAS Georgios of Andonios and Ekaterini, born in 1970 in California, resident of Aghia Varvara-Kanellopoulou st. 16, for breaching article 324 P.C. (minor's abduction), an action that took place from 18:00 to 20:00 hrs of 22-07-2007 in Aghia Varvara-Kanellopoulou st. 16.

In particular, the aforesaid testified by oath that her mother ASVESTA Maria of Ioannis and Eleni, born in 1948 in Nikea, Platonos st. 22, at 10:00 on 22-7-2007 took her minor child PETROUTSAS Andonios-Georgios of Georgios born on 21-5-2005 in California USA, whose custody she has, by virtue of the judgment no. 3157/2007 of the Athens District Attorney (according to which the father has the right to see and to contact the child in Christmas, Easter and summer vacations from 1 to 21 August and the Weekends from 10:00 to 20:00 hrs) to take him to his father. At 14:15 hrs on the same day, according to the testimony of her mother, the father took the child to go to

ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ  TRADUCTION OFFICIELLE  OFFICIAL TRANSLATION

109389-3/3

(page 2)

sleep in an adjoining bedroom, while she remained in the living room. Around 17:50 hrs she went to the bedroom and she found out that PETROUTSAS Georgios had gone without her noticing anything, taking the minor child with him. She immediately addressed to the grandmother of the aforesaid that she was in the same room and she told her that "she did not notice anything, not to worry and that they had probably gone for a walk". She also testified that she is absolutely certain that her ex husband took the child with the purpose of taking it with him to the USA.

Our Service drew the legal papers no. 1047/2/9 that shall be filed to the Athens District Attorney as soon as it is completed.

This certificate is issued upon the request of the aforesaid for all legal purposes.

Aghia Varvara, 23-07-2007
The Police Commander in Chief
Kasselakis Panagiotis, Sergeant A' (signature & seal)

---

True translation of the attached document in Greek
Athens, 25/7/2007
Translated by E. Tsagli

ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ, ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ
ΜΕΤΑΦΡΑΣΤΙΚΗ ΥΠΗΡΕΣΙΑ
REPUBLIQUE HELLENIQUE, MINISTERE DES AFFAIRES ETRANGERES
SERVICE DE TRADUCTION

**ΕΛΛΗΝΙΚΗ   ΔΗΜΟΚΡΑΤΙΑ**
**ΕΛΛΗΝΙΚΗ   ΑΣΤΥΝΟΜΙΑ**
**Δ/ΝΣΗ   ΑΣΦΑΛΕΙΑΣ   ΑΤΤΙΚΗΣ**
**ΥΠΟΔ/ΝΣΗ ΑΣΦ. ΔΥΤ. ΑΤΤΙΚΗΣ**
**ΤΜ. ΑΣΦΑΛΕΙΑΣ ΑΓ. ΒΑΡΒΑΡΑΣ**
Στ. Σαράφη 10 – Τ.Κ. 123 51 Αγία Βαρβάρα
Τηλέφωνα:  210 – 5612818
<u>**ΑΡΙΘ. ΠΡΩΤ: 1047/2/9-γ**</u>

# Β Ε Β Α Ι Ω Σ Η

Βεβαιώνεται ότι όπως προκύπτει από το αρχείο μας την 22-7-2007 και ώρα 20:00΄, προσήλθε στην υπηρεσία μας η **ΑΣΒΕΣΤΑ Δέσποινα του Γεωργίου** και της Μαρίας γεν. 1973 στην Αθήνα, και υπέβαλε μήνυση κατά του  πρώην συζύγου της **ΠΕΤΡΟΥΤΣΑ Γεώργιο του Αντωνίου** και της Αικατερίνης γεν 1970 στην Καλιφόρνια κάτοικος Αγίας Βαρβάρας – Κανελλοπούλου 16 , <u>για παράβαση άρθρου 324 Π. Κ. (αρπαγή ανηλίκου),</u> πράξη που έλαβε χώρα την από 18:00 έως 20:00 ώρα της 22-07-2007 στην Αγία Βαρβάρα – Κανελλοπούλου 16.

Ειδικότερα η ανωτέρω κατέθεσε ενόρκως ότι η μητέρα της ΑΣΒΕΣΤΑ Μαρία του Ιωάννη και της Ελένης γεν 1948 στην Νίκαια, κατ ομοίως – Πλάτωνος 22, την 10:00 ώρα της 22-7-2007 πήρε τον ανήλικο γιό της **ΠΕΤΡΟΥΤΣΑ Αντώνιο – Γεώργιο του Γεωργίου γεν 21-5-2005 στην Καλιφόρνια Η.Π.Α** του οποίου έχει την επιμέλεια, δυνάμει της υπ' αριθμόν 3157/2007 απόφασης Εισαγγελίας Πρωτοδικών Αθηνών, (σύμφωνα με την οποία ο πατέρας έχει δικαίωμα να τον βλέπει και να έρχεται σε επικοινωνία μαζί του κατά τις εορτές των Χριστουγέννων, τις εορτές του Πάσχα, τις θερινές διακοπές από 1η - 21η Αυγούστου και τα Σαββατοκύριακα από 10:00 έως 20:00 ώρα ) να τον πάει στον πατέρα του. Την 14:15 ώρα της ιδίας σύμφωνα με την κατάθεση της μητέρας της, ο πατέρας πήρε το παιδί για να κοιμηθεί σε παρακείμενη κρεβατοκάμαρα, ενώ η ίδια παρέμεινε στο χώρο του σαλονιού. Περί την 17:50 ώρα κατευθύνθηκε προς την κρεβατοκάμαρα και η ίδια, όπου εκεί αντιλήφθηκε ότι ο ΠΕΤΡΟΥΤΣΑΣ Γεώργιος είχε φύγει χωρίς η ίδια να αντιληφθεί κάτι, παίρνοντας και το ανήλικο παιδί μαζί του. Αμέσως αυτή απευθύνθηκε προς τη γιαγιά του ανωτέρω η οποία βρισκόταν στο ίδιο δωμάτιο όπου της ανέφερε ότι « δεν αντιλήφθηκε τίποτα, να

μην ανησυχεί και ότι πιθανόν να έχουν πάει καμιά βόλτα ». Επίσης παθούσα κατέθεσε ότι είναι απόλυτα βέβαιη ότι ο πρώην σύζυγός της πήρε το παιδί με σκοπό να το πάρει μαζί του στην Αμερική.

Από την υπηρεσία μας σχηματίστηκε η υπ' αριθμ. 1047/2/9 Δικογραφία η οποία θα υποβληθεί στον κ. Εισαγγελέα Πρωτοδικών Αθηνών μόλις περαιωθεί.

Η παρούσα βεβαίωση χορηγείται στην ίδια ύστερα από αίτησή της για κάθε νόμιμη χρήση.-

Αγία Βαρβάρα 23-07-2007

Ο ΔΙΟΙΚΗΤΗΣ

ΚΑΣΣΕΛΑΚΗΣ Παναγιώτης

ΥΠΑΣΤΥΝΟΜΟΣ Α'

109389-1/3

HELLENIC REPUBLIC
HELLENIC POLICE
DIRECTION OF SECURITY POLICE OF ATTIKI
SUB-DIRECTION OF SECURITY POLICE OF WEST ATTIKI
DEPARTMENT OF SECURITY POLICE OF AGHIA VARVARA
St.Sarafi st. 10 PC 12351 Aghia Varvara
Tel: 210-5612818
Ref.No. 1047/2/9-d'

<u>C E R T I F I C A T E</u>

This is to certify that according to our records on 23-7-2007 at 13:20 pm, ASVESTA Despina of Georgios and Maria, born in 1973 in Athens, appeared again at our service to make a supplementary report to her affidavit of 22/7/2007 that her minor child suffers from a serious heart problem (problem in the valve) and from a respiratory problem and needs a continuous (3 times per day) mask-aided inhalation and in case of relapse, he will need hospitalization.

As the Department of Minors of the Security Police of Attiki was informed, at an international network of minor children abduction a video tape was found which shows that her ex husband is alleged to plan with criminals the abduction of her minor child. Moreover, in the past her husband was trafficking in nude photographs of the child over the internet. Furthermore, she reported that she has well-founded suspicions that the life of her minor child is at direct risk, due to the manner in which its abduction was planned and to its health problem, in which her husband was never interested and that is proved from the perverse predisposition he had manifested in the past, from that fact

ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ  TRADUCTION OFFICIELLE  OFFICIAL TRANSLATION

109389-1/3

(page 2)

that she forced her to transfer the child in the period of extreme heat and that she and her mother were giving it the necessary treatment during the communication.   Finally, she believes that her minor child shall be the object of profiteering of her ex husband.

This certificate is issued upon the request of the aforesaid for all legal purposes.

Aghia Varvara, 23-07-2007
The Police Commander in Chief
Kasselakis Panagiotis, Sergeant A' (signature & seal)

---

True translation of the attached document in Greek
Athens, 25/7/2007
Translated by E. Tsagli



ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ, ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ
ΜΕΤΑΦΡΑΣΤΙΚΗ ΥΠΗΡΕΣΙΑ
REPUBLIQUE HELLENIQUE, MINISTERE DES AFFAIRES ETRANGERES
SERVICE DE TRADUCTION

ΕΛΛΗΝΙΚΗ    ΔΗΜΟΚΡΑΤΙΑ
ΕΛΛΗΝΙΚΗ    ΑΣΤΥΝΟΜΙΑ
Δ/ΝΣΗ  ΑΣΦΑΛΕΙΑΣ  ΑΤΤΙΚΗΣ
ΥΠΟΔ/ΝΣΗ ΑΣΦ. ΔΥΤ. ΑΤΤΙΚΗΣ
ΤΜ. ΑΣΦΑΛΕΙΑΣ ΑΓ. ΒΑΡΒΑΡΑΣ
Στ. Σαράφη 10 – Τ.Κ. 123 51 Αγία Βαρβάρα
Τηλέφωνα:  210  – 5612818
**ΑΡΙΘ. ΠΡΩΤ: 1047/2/9-δ΄**

## ΒΕΒΑΙΩΣΗ

Βεβαιώνεται ότι όπως προκύπτει από το αρχείο μας την 23-7-2007 και ώρα 13:20΄, προσήλθε εκ νέου στην υπηρεσία μας η **ΑΣΒΕΣΤΑ Δέσποινα του Γεωργίου** και της Μαρίας γεν. 1973 στην Αθήνα, και κατέθεσε συμπληρωματικά με την από 22-7-2007 ένορκη κατάθεσή της ότι το ανήλικο τέκνο της πάσχει από σοβαρό καρδιακό πρόβλημα (πρόβλημα στην βαλβίδα) και αναπνευστικό το οποίο χρήζει συνεχούς ( 3 φορές τη μέρα) εισπνοής με μάσκα και σε περίπτωση υποτροπής του, εισαγωγή σε νοσοκομείο.

Όπως ενημερώθηκε από το Τμήμα Ανηλίκων της Ασφάλειας Αττικής, σε διεθνές κύκλωμα αρπαγής ανηλίκων, βρέθηκε κασέτα στην οποία ο πρώην σύζυγός της φέρεται ότι σχεδίαζε με κακοποιούς την απαγωγή του ανήλικου τέκνου της. Επιπλέον ο σύζυγός της στο παρελθόν διακινούσε μέσω διαδικτύου γυμνές φωτογραφίες αυτού. Επίσης μας κατέθεσε πως έχει βάσιμες υποψίες ότι συντρέχει άμεσος κίνδυνος της ζωής του ανήλικου τέκνου της, λόγω του τρόπου με τον οποίο οργανώθηκε η απαγωγή του και του προβλήματος υγείας του, του οποίου ο σύζυγός της ουδέποτε ενδιαφερόταν και το οποίο αποδεικνύεται από τις διαστροφικές τάσεις που είχε εκδηλώσει στο περελθόν, από το ότι την υποχρέωνες να μεταφέρει το παιδί στην περίοδο του καύσωνα και το ότι αυτή και η μητέρα της χορηγούσαν την απαραίτητη αγωγή σε αυτό κατά τη διάρκεια της επικοινωνίας. Τέλος δε πιστεύει ότι το ανήλικο τέκνο της θα αποτελέσει αντικείμενο κερδοσκοπίας του πρώην συζύγου της.

Η παρούσα βεβαίωση χορηγείται στην ίδια ύστερα από αίτησή της για κάθε νόμιμη χρήση.-

Αγία Βαρβάρα 23-07-2007

Ο ΔΙΟΙΚΗΤΗΣ

ΚΑΣΣΕΛΑΚΗΣ Παναγιώτης

109389-2/3

HELLENIC REPUBLIC
HELLENIC POLICE
DIRECTION OF SECURITY POLICE OF ATTIKI
SUB-DIRECTION OF SECURITY POLICE OF WEST ATTIKI
DEPARTMENT OF SECURITY POLICE OF AGHIA VARVARA
St.Sarafi st. 10 PC 12351 Aghia Varvara
Tel: 210-5612818
Ref.No. 1047/2/9-e'

CERTIFICATE

This is to certify that according to our records on 23-7-2007 at 17:00 pm, ASVESTA Despina of Georgios and Maria, born in 1973 in Athens, appeared again at our service to file a prosecution supplementary to her affidavit of 22/7/2007, requesting the criminal prosecution of (a) the grandmother of her ex husband KOKKORI Vasiliki widow of Ioannis, for direct complicity in the abduction of her child, because while she was in the same room with her grandson PETROUTSAS Georgios, she helped him escape without being noticeable and she certainly knows the place to which her grandson went and (b) MAROULAKOS IOANNIS resident of Volos a.l.s. because on the day of the abduction he appeared at the house 10 minutes after the incident became noticeable, he declared to her present mother that: "he did well, he is the father, your daughter did not have the child by herself", he offered direct assistance and contribution and he called someone on his mobile phone that he named "Georgios" and when he suddenly saw her brother entering the house he immediately hung up. In addition, when the police asked him to check his phone he immediately rushed into deleting the calls.

ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ, ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ
ΜΕΤΑΦΡΑΣΤΙΚΗ ΥΠΗΡΕΣΙΑ
REPUBLIQUE HELLENIQUE, MINISTERE DES AFFAIRES ETRANGERES
SERVICE DE TRADUCTION

ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ  TRADUCTION OFFICIELLE  OFFICIAL TRANSLATION

109389-2/3

(page 2)

Furthermore, she produced to us the copy no. 1020/1168/1-a of 9-12-2005 from the Book of Offences of the Police Department of Nikea from which it results that PETROUTSAS Georgios had a gun illegally.

Finally, she appears as plaintiff requesting money restitution for the moral harm that she suffered from the illegal behavior of the aforesaid persons.

This certificate is issued upon the request of the aforesaid for all legal purposes.

Aghia Varvara, 23-07-2007

The Police Commander in Chief

Kasselakis Panagiotis, Sergeant A' (signature & seal)

---

True translation of the attached document in Greek

Athens, 25/7/2007

Translated by E. Tsagli



ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ, ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ
ΜΕΤΑΦΡΑΣΤΙΚΗ ΥΠΗΡΕΣΙΑ
REPUBLIQUE HELLENIQUE, MINISTERE DES AFFAIRES ETRANGERES
SERVICE DE TRADUCTION

ΕΛΛΗΝΙΚΗ    ΔΗΜΟΚΡΑΤΙΑ
ΕΛΛΗΝΙΚΗ    ΑΣΤΥΝΟΜΙΑ
Δ/ΝΣΗ  ΑΣΦΑΛΕΙΑΣ  ΑΤΤΙΚΗΣ
ΥΠΟΔ/ΝΣΗ  ΑΣΦ. ΔΥΤ. ΑΤΤΙΚΗΣ
ΤΜ. ΑΣΦΑΛΕΙΑΣ ΑΓ. ΒΑΡΒΑΡΑΣ
Στ. Σαράφη 10 – Τ.Κ. 123 51 Αγία Βαρβάρα
Τηλέφωνα: 210 – 5612818
**ΑΡΙΘ. ΠΡΩΤ: 1047/2/9-ε΄**

# Β Ε Β Α Ι Ω Σ Η

Βεβαιώνεται ότι όπως προκύπτει από το αρχείο μας την 23-7-2007 και ώρα 17:00΄, προσήλθε εκ νέου στην υπηρεσία μας η **ΑΣΒΕΣΤΑ Δέσποινα του Γεωργίου** και της Μαρίας γεν. 1973 στην Αθήνα, και κατέθεσε συμπληρωματικά με την από 22-7-2007 ένορκη κατάθεσή της, έγκληση με την οποία ζητά την ποινική δίωξη **(α)** της γιαγιάς του πρώην συζύγου της **ΚΟΚΚΟΡΗ Βασιλικής Χας Ιωάννη**, για άμεση συνέργεια στην αρπαγή του τέκνου της, διότι βρισκόμενη στο ίδιο δωμάτιο με τον εγγονό της ΠΕΤΡΟΥΤΣΑ Γεώργιο, τον βοήθησε να διαφύγει χωρίς να γίνει αντιληπτός και ότι γνωρίζει μετά βεβαιότητας τον τόπο στον οποίο έχει μετακινηθεί ο εγγονός της και **(β) του ΜΑΡΟΥΛΑΚΟΥ Ιωάννη   κάτοικο Βόλου α.λ.σ.** διότι την ημέρα της απαγωγής εμφανίστηκε στην οικία όπου έγινε το συμβάν μόλις 10΄ αφότου έγινε αντιληπτό, δήλωσε προς την παρισταμένη μητέρα της ότι : «καλά έκανε, πατέρας είναι, δεν το έκανε μόνη της το παιδί η κόρη σου», παρείχε άμεση βοήθεια και συνδρομή και ότι κάλεσε κάποιον από το κινητό του τηλέφωνο τον οποίο αποκάλεσε «Γιώργο» και όταν είδε τον αδελφό της ξαφνικά να μπαίνει στο σπίτι έκλεισε αμέσως το τηλέφωνο. Επίσης, όταν ζητήθηκε από τους αστυνομικούς να ελέγξουν το τηλέφωνό του αυτός αμέσως έσπευσε να διαγράψει τις κλήσεις.

Επιπλέον, μας προσεκόμισε το υπ΄ αριθμ. 1020/1168/1-α από 9-12-2005 αντίγραφο του Βιβλίου Αδικημάτων Συμβάντων του Τ. Α. Νίκαιας, από το οποίο προκύπτει ότι ο ΠΕΤΡΟΥΤΣΑΣ Γεώργιος κατείχε παράνομα όπλα.

Τέλος, παρίσταται ως πολιτικός ενάγουσα αιτούμενη χρηματικής αποζημίωσης της ηθικής βλάβης που υπέστη από την παράνομη συμπεριφορά των ανωτέρω.

Η παρούσα βεβαίωση χορηγείται στην ίδια ύστερα από αίτησή της για κάθε νόμιμη χρήση.-

Αγία Βαρβάρα 23-07-2007
Ο ΔΙΟΙΚΗΤΗΣ

ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ     TRADUCTION OFFICIELLE     OFFICIAL TRANSLATION

No  111800 - 1/6

HELLENIC REPUBLIC
ATHENS COURT OF FIRST INSTANCE
PROSECUTION SERVICE
Ref. No.: 65609
(Prosecution Service Seal - stamp)

## CERTIFICATE

From the records of our department, it emerges that a criminal complaint was filed by

Despina ASVESTA, father's name: Georgios

against

George PETROUTSAS, father's name: Anthony,

which received reg. no.: Γ / 2007 / 2992.

Criminal prosecution was instituted against the aforesaid for the

ABDUCTION OF A MINOR

(PC article 1, 26§1a, 27§1, 324§§2 section b-1) and the related brief was forwarded on 27 July, 2007 to the Aghia Varavara Police Station for the conducting of a Preliminary Investigation.

This certificate is granted upon request of Mrs. Emilia Grigoropoulou, authorized attorney for the complainant, for any lawful purpose.

Athens, 27 July, 2007

The Prosecutor                              The Court Clerk
(Signature) (Prosecution Service Seal)      (Signature)
Effrossyni PANAGIOTOPOULOU,                 Theokliti TSELIOU
Deputy Prosecutor

True translation from the attached original Greek document.
Date:         30 July, 2007
Translator: Antigone Calantzis Kolovos

ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ, ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ
ΜΕΤΑΦΡΑΣΤΙΚΗ ΥΠΗΡΕΣΙΑ
RÉPUBLIQUE HELLÉNIQUE, MINISTÈRE DES AFFAIRES ETRANGERES
SERVICE DE TRADUCTION
HELLENIC REPUBLIC, MINISTRY OF FOREIGN AFFAIRS
TRANSLATION SERVICE

ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ    TRADUCTION OFFICIELLE    OFFICIAL TRANSLATION

No 111800 - 3/6

HELLENIC POLICE
ATTICA POLICE DIRECTORATE                    Athens, 23 July, 2007
ATTICA SECURITY DIVISION
JUVENILE PROTECTION SUBDIVISION                    TO
1st JUVENILE PROTECTION DEPARTMENT         The Hon. Prosecutor,
In charge: Lieut. Georgios MARAGOS         Piraeus Misdemeanour Court
Tel.: 210-6476370                                   PIRAEUS
Ref. No.: 1047/2/34-a

SUBJECT: <<Submission of preliminary investigation material>>

We are submitting to you preliminary investigation material concerning: A) George PETROUTSAS, son of Anthony and Catherine, born on 22-01-1970 in Santa Cruz, California, USA, address: 300 PLUM STR. # 69, Capitola, California 95010 and temporarily residing at 16 Kanellopoulou St., Aghia Varvara, Attica, Greece, B) Roy Gareth VAN-REEKUM, born on 30-08-1968 in South Africa, other information non available, C) Callum McGARRIE, born on 21-12-1965, other information non available, D) Maureen DABBAGH, other information non available.

Particularly, by the no. 4D-1501698-07 of 30-04-2007 Interpol United Kingdom signal, we were informed that the Metropolitan Police are examining an audio cassette, which was found in the possession of (B), when he was arrested in the United Kingdom, in an attempted kidnapping of a minor.

Following investigations of the Metropolitan Police, it is believed that the aforesaid individuals met in Greece, in October 2006, and discussed the abduction of minor Andonios PETROUTSAS, son of George and Despina, born on 21-05-2005 in the USA, address: 11 Platonos St., Nikea, Attica, Greece.

From the no. 5042/06 order of the Athens One-Member Court of First Instance and the dated 09-06-2007 solemn declaration of the minor's mother Despina ASVESTA, daughter of Georgios and Maria, born on 10-09-1973 in Athens, Greece, address: 22 Platonos St., Nikea, Attica, Greece, it emerged that the aforesaid has

ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ, ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ
ΜΕΤΑΦΡΑΣΤΙΚΗ ΥΠΗΡΕΣΙΑ
RÉPUBLIQUE HELLÉNIQUE, MINISTÈRE DES AFFAIRES ETRANGERES
SERVICE DE TRADUCTION
HELLENIC REPUBLIC, MINISTRY OF FOREIGN AFFAIRS
TRANSLATION SERVICE

ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ      TRADUCTION OFFICIELLE      OFFICIAL TRANSLATION

No  111800 - 3/6

separated from (A) and they have a minor child, Andonios, around two (2) years of age, who is living permanently in Greece with his mother. There is fierce litigation between them and the mother expresses the fear of abduction of the minor by the father.

By the no. 1047/2/9-a of 22-07-2007 signal of the Aghia Varvara Police Station, we were informed that (A) George PETROUTSAS, took away his minor son from his mother Despina ASVESTA and there is a search out for him.

We kindly request that you acquire knowledge.

BY ORDER OF THE COMMISSIONER,
THE HEAD OF THE JUVENILE
PROTECTION SUBDIVISION
(Signature)    (Police Seal)
Georgios TZANAKAKIS,
Deputy Commissioner

ENCLOSURES:

1.- No. 1047/2/2-a of 07-05-2007 order DAA/YAOE/ Secretariat Gen.

2.- No. 1047/2/1226-56002/07 (GEO) of 03-05-2007 order AEA/KAT/DDAS/DEPT. 4th DEPT.

3.- No. 4D-1501698-07 of 30-04-2007 Interpol United Kingdom signal

4. The no. 5042/06 order of the Athens One-Member Court of First Instance

5. Photocopy of the dated 09-06-2007 solemn declaration

SEEN
for having been duly
stamped and issued.
Piraeus, 27 July, 2007
The Head of the Section
(Signature) (Prosecution Service Seal)
Despina TOUNTA

TRUE CERTIFIED COPY
By Order of the Prosecutor
Piraeus, 27 July, 2007
The Court Clerk
(Signature) (Pros. Service Seal)
Despina TOUNTA

True translation from the attached certified Greek document.
Date:        30 July, 2007
Translator:    Antigone Calantzis Kolovos

ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ, ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ
ΜΕΤΑΦΡΑΣΤΙΚΗ ΥΠΗΡΕΣΙΑ
RÉPUBLIQUE HELLÉNIQUE, MINISTÈRE DES AFFAIRES ETRANGERES
SERVICE DE TRADUCTION
HELLENIC REPUBLIC, MINISTRY OF FOREIGN AFFAIRS
TRANSLATION SERVICE

ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ      TRADUCTION OFFICIELLE      OFFICIAL TRANSLATION

No  111800 - 4/6

HELLENIC REPUBLIC
HELLENIC POLICE
ATTICA POLICE DIRECTORATE
ATTICA SECURITY DIVISION
ORGANIZED CRIME SUBDIVISION
SECRETARIAT OFFICE
Tel.: 210-6476813, Fax: 210-6476812
173 Alexandras Ave.,
115-22 Athens, Greece
Ref. No.: 1047/2/2-a
Dept. Reg. No.: 24077

OPERATIONAL IMMEDIATE
CONFIDENTIAL

Athens, 7 May, 2007

TO:    Attica Security Headquarters
        Juvenile Protection Subdivision
                                In Town

CC: 1.  Hellenic Police Headquarters
        Security and Order Branch
    Intern' Police Cooperation Subdivision
    4th Dept. International Organizations –
        INTERPOL
    173 Alexandras Ave.,15522 Athens

    2.  Hellenic Police Headquarters
        Security and Order Branch
        Public Order Subdivision
        Crime Fighting Department

    3.  Hellenic Police Headquarters
        Security and Order Branch
        State Security Subdivision

SUBJECT: <<Operation CLEONE>>

RE:    a: No. 1047/2/1226-56002/07 (GEO) of 03-05-2007 order AEA / KAT / DDAS /
        DEPT. 4th TDO – INTERPOL
        b. No. 4D-1501698-07 of 30-04-2007 Interpol United Kingdom signal

    Herewith are forwarded the above references, concerning the issue, and we
kindly request for your due actions.

ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ, ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ
ΜΕΤΑΦΡΑΣΤΙΚΗ ΥΠΗΡΕΣΙΑ
RÉPUBLIQUE HELLÉNIQUE, MINISTÈRE DES AFFAIRES ETRANGERES
SERVICE DE TRADUCTION
HELLENIC REPUBLIC, MINISTRY OF FOREIGN AFFAIRS
TRANSLATION SERVICE

ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ     TRADUCTION OFFICIELLE     OFFICIAL TRANSLATION

No  111800 - 4/6

THE COMMISSIONER
(Signature)     (Police Seal)
Drosos BOUGOUDIS,
Major General

SEEN
for having been duly
stamped and issued.
Piraeus, 27 July, 2007
The Head of the Section
(Signature) (Prosecution Service Seal)
Despina TOUNTA

TRUE CERTIFIED COPY
By Order of the Prosecutor
Piraeus, 27 July, 2007
The Court Clerk
(Signature) (Pros. Service Seal)
Despina TOUNTA

═══════════════════════════════════

True translation from the attached certified Greek document.
Date:          30 July, 2007
Translator:    Antigone Calantzis Kolovos

ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ, ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ
ΜΕΤΑΦΡΑΣΤΙΚΗ ΥΠΗΡΕΣΙΑ
RÉPUBLIQUE HELLÉNIQUE, MINISTÈRE DES AFFAIRES ETRANGERES
SERVICE DE TRADUCTION
HELLENIC REPUBLIC, MINISTRY OF FOREIGN AFFAIRS
TRANSLATION SERVICE

# EXHIBIT

# H

Stephen J. Cullen, Esquire
*pro hac vice*
Kelly A. Powers, Esquire
*pro hac vice*
Miles & Stockbridge P.C.
One West Pennsylvania Avenue
Suite 900
Towson, Maryland 21204
(410) 821-6565
(410) 385-3709 (fax)
scullen@milesstockbridge.com
kpowers@milesstockbridge.com

Renee C. Day, Esquire, Bar # 221252
Hoover & Betchel, L.L.P.
The Garden Alameda
1570 The Alameda, Suite 101
San Jose, California 95126
(408) 947-7600
(408) 947-7603 (fax)
renee@hoover-betchel.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**
San Jose Division

DESPINA ASVESTA,

      Petitioner,

    v.
                                Case No.  C-07-05535 JF

GEORGE PETROUTSAS,

      Respondent.

_____/

**AFFIDAVIT OF GREEK ATTORNEY REGARDING
REPONDENT'S CRIMINAL STATUS IN GREECE**

    I, Joseph-Dimitrios E. Paraschos, Esquire, hereby depose and say as follows:

    1.    I am over the age of eighteen (18), I am competent to be a witness, and I have

personal knowledge of the facts and matters stated in this Affidavit.

    2.    I am a lawyer in good standing in Greece.

    3.    I am qualified to interpret the laws of Greece.

    4.    Immediately upon realizing that the Respondent in this case had absconded from

Greece with the child, Ms. Asvesta reported the abduction to the Greek police and filed charges

against the Respondent.

Affidavit of Greek Attorney           1
Regarding Respondent's
Fugitive Status

5.      A criminal prosecution in Greece has been instituted against the Respondent for the abduction of a minor and related firearms charges.

6.      The Respondent's failure to return the child to Ms. Asvesta is considered a crime in continuation in Greece.

7.      Because the Respondent is considered to be participating in a crime in continuation in Greece, he is subject to immediate arrest by the Greek authorities upon entering Greece.

8.      Based on my education, training, legal expertise and legal experience, I hold the opinion to a reasonable degree of legal certainty that the Respondent is a fugitive from justice in Greece.

9.      Documents evidencing the Respondent's fugitive status are not available to persons or attorneys not a party to the criminal proceedings. Therefore, Ms. Asvesta can not produce documentation evidencing Respondent's fugitive status in Greece.

10.      I hereby certify that I fluently speak, read and write the English language.


I HEREBY CERTIFY UNDER THE PENALTIES OF PERJURY AND UPON PERSONAL KNOWLEDGE OF THE CONTENTS OF THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT.


_____
Joseph-Dimitrios E. Paraschos, Esquire

5.      A criminal prosecution in Greece has been instituted against the Respondent for the abduction of a minor and related firearms charges.

6.      The Respondent's failure to return the child to Ms. Asvesta is considered a crime in continuation in Greece.

7.      Because the Respondent is considered to be participating in a crime in continuation in Greece, he is subject to immediate arrest by the Greek authorities upon entering Greece.

8.      I hereby certify that I fluently speak, read and write the English language.


I HEREBY CERTIFY UNDER THE PENALTIES OF PERJURY AND UPON PERSONAL KNOWLEDGE OF THE CONTENTS OF THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT.


Joseph-Dimitrios E. Paraschos, Esquire

**JOSEPH E. PARASCHOS**
ATTORNEY AT LAW
19, MAVROMMATEON & KEYDEN Str.
104 34 - ATHENS
TEL. 8217129, 8217180, FAX: 8217049

# EXHIBIT

# I

Stephen J. Cullen, Esquire
*pro hac vice*
Kelly A. Powers, Esquire
*pro hac vice*
Miles & Stockbridge P.C.
One West Pennsylvania Avenue
Suite 900
Towson, Maryland  21204
(410) 821-6565
(410) 385-3709 (fax)
scullen@milesstockbridge.com
kpowers@milesstockbridge.com

Renee C. Day, Esquire, Bar # 221252
Hoover & Betchel, L.L.P.
The Garden Alameda
1570 The Alameda, Suite 101
San Jose, California 95126
(408) 947-7600
(408) 947-7603 (fax)
renee@hoover-betchel.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
San Jose Division

DESPINA ASVESTA,

      Petitioner,

v.

GEORGE PETROUTSAS,

      Respondent.

Case No.  C-07-05535 JF

_____/

### AFFIDAVIT OF GREEK LAW

I, Joseph-Dimitrios E. Paraschos, Esquire, hereby depose and say as follows:

1.    I am over the age of eighteen (18), I am competent to be a witness, and I have personal knowledge of the facts and matters stated in this Affidavit.

2.    I am a lawyer in good standing in Greece.

3.    I am qualified to interpret the laws of Greece.

4.    On December 5, 2005 Ms. Asvesta filed for divorce in the Athens Multimember Court of First Instance in Greece against the Respondent. On December 7, 2005, Ms. Asvesta filed for custody of the child in the Athens One Member Court of First Instance in Greece against the

Affidavit of Greek Law          1

Respondent. On February 21, 2007, the Greek Multimember District Court of Athens, Family Division granted the dissolution of the parties' United States marriage and their Greek marriage, not addressing the issue of custody, in Decision number 1098/2007.

5.      On December 9, 2005, the Judge of the Athens Court of First Instance, granted an injunction temporarily assigning custody of the child to Ms. Asvesta, and establishing the child's temporary place of residence at Ms. Asvesta's Greek home, located at 22 Platonos Street, Nikaia, 18454, Piraeus, Greece, until the final hearing on Ms. Asvesta's petition could be held.

6.      The Respondent, on February 20, 2006, filed a Hague Convention action in the Greek courts, alleging that Ms. Asvesta had wrongfully removed the child from the United States of America to Greece. The Greek Piraeus One-Member Court of First Instance dismissed the Respondent's petition on March 24, 2006, finding that Ms. Asvesta's move to Greece with the child was not illegal, as the Respondent had given written consent, and he was not exercising his rights of custody with the minor child at the time of the relocation to Greece.

7.      Because of the Greek Hague Convention proceeding, the custody proceedings in the Athens Court of First Instance were stayed until the conclusion of the Greek Hague Convention proceedings filed by the Respondent.

8.      On July 26, 2006, the Single Member First Instance Court of Athens held a hearing to consider Ms. Asvesta's petition, filed on December 7, 2005, and the Respondent's petition, filed on June 16, 2006, where Ms. Asvesta sought custody of the minor child and the Respondent sought visitation.

9.      On April 23, 2007 the First Instance Court of Athens awarded temporary exclusive custody to Ms. Asvesta after a finding that she has a moral character, and is an honest, educated and affectionate mother in Order number 3157/2007. The Order continued Ms. Asvesta's temporary

(e)    A hearing before the Greek Supreme Court on Respondent's Hague Convention appellate claim was scheduled for November 19, 2007. The hearing was postponed by the Court until February 14, 2008, for internal administrative reasons not related to the merits of the case. No hearing was held on November 19, 2007 and no decisions were made.

(f)    According to article 518 of the Greek Code of Civil Procedure, Respondent did not meet the Court's required deadlines for filing an appeal of the Greek Court's decision in the Greek Hague Convention matter. Therefore, the Respondent is not permitted to file a regular appeal in which he could appeal all aspects of the decision and address any complaints he may have regarding the trial court's decision.

(g)    Pursuant to article 552 of the Greek Code of Civil Procedure, Respondent was only able to file for what is known as a reversal of the Greek order, meaning that the Court must find that one of the specific legal mistakes listed in article 559 of the Greek Code of Civil Procedure was made in the process of the Hague Convention matter, in order to take any further action. The Respondent did not timely file this reversal request pursuant to article 564 of the Greek Code of Civil Procedure and the Greek Supreme Court is likely to deny his request on that basis. Further, none of the legal mistakes listed in article 559 are present in the Greek Hague Convention matter.

(h)    Because the Respondent failed to timely file for both the appeal and the reversal, he lacks standing for any further appellate proceedings before the Greek Supreme Court in the Greek Hague Convention matter.

(i)    Article 12 of the Hague Convention provides that where the judicial authority in the requested State (Greece for purposes of Respondent's Hague Convention petition filed against Ms. Asvesta) has reason to believe that the child has been taken to another State, it

Affidavit of Greek Law                4

may stay the proceedings or dismiss the application for return of the child. Because it is undisputed that the Respondent has removed the child from Greece, it is proper for the Greek Supreme Court to stay any pending matters, including any appeals or requests for reversal in the Greek Hague Convention case.

(j)    According to all of the above stated decisions of the Greek courts, provisions of the Greek Code of Civil Procedure, and provisions of the Hague Convention, Greece is the proper jurisdiction to make any and all custody determinations in this matter.

11.    I hereby certify that I fluently speak, read and write the English language.

I HEREBY CERTIFY UNDER THE PENALTIES OF PERJURY AND UPON PERSONAL KNOWLEDGE OF THE CONTENTS OF THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT.

_____
Joseph-Dimitrios D. Paraschos, Esquire