Stephen J. Cullen, Esquire
*pro hac vice*
Kelly A. Powers, Esquire
*pro hac vice*
Miles & Stockbridge P.C.
One West Pennsylvania Avenue
Suite 900
Towson, Maryland 21204
(410) 821-6565
(410) 385-3709 (fax)
scullen@milesstockbridge.com
kpowers@milesstockbridge.com

Robert L. Hoover, Esquire Bar # 30684
Renee C. Day, Esquire, Bar # 221252
Hoover & Betchel, L.L.P.
The Garden Alameda
1570 The Alameda, Suite 101
San Jose, California 95126
(408) 947-7600
(408) 947-7603 (fax)
renee@hoover-betchel.com
robert@hoover-betchel.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**
(San Jose Division)

DESPINA ASVESTA,

      Petitioner,

v.                                                                                  Case No. C-07-05535 JF

GEORGE PETROUTSAS,

      Respondent.

_____/

**PETITIONER'S PETITION FOR CONTEMPT
AND REQUEST FOR SHOW CAUSE ORDER**

Petitioner, Despina Asvesta, by and through her undersigned attorneys, hereby files this Petition for Contempt, and states as follows:

1.      The legal standards for establishing civil contempt are well-settled and plainly satisfied in this case. The United States Court of Appeals for the Ninth Circuit has recognized contempt is established where the moving party shows by clear and convincing evidence that the contemnor violated a specific and definite order of the court. *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999). The "clear and convincing" standard of proof is "a higher standard than the preponderance of the evidence standard but less stringent than beyond a

1

reasonable doubt." *United States v. Powers,* 629 F.2d 619, 626 n. 6 (9th Cir.1980). A court order is "specific and definite" if the order sets forth clear and unambiguous prescriptions with which the contemnor is capable of complying.

2. On January 17, 2008, this Court issued an Order Directing Return of Minor Child to Country of Habitual Residence and Immediate Stay Pending Appeal.

3. On January 22, 2008, this Court issued an Order for Child Access During the Period of Immediate Stay Pending Appeal of This Court's Order Directing Return of Minor Child to Country of Habitual Residence (the "Access Order"). A copy of said Access Order is attached hereto and incorporated herein as **Exhibit A**.

4. The terms of the Access Order are "specific and definite." Pursuant to the Access Order, "each parent shall have the opportunity to exercise reasonable telephone contact and video conferencing access with the minor child with a minimum of two (2) telephone contacts and two (2) video conferencing contacts every calendar week, during the periods when the minor child is not with him or her." (Access Order ¶ 16.)

5. The Access Order further requires that "during each party's parenting time with the minor child, it is his or her affirmative duty to make the minor child available for telephone contact and video conferencing access at an appropriate time for the minor child at a time that is agreed between the parties." (Access Order ¶ 17.)

6. Pursuant to the Access Order, the minor child is currently with the Respondent and the Petitioner's parenting time will begin on May 1, 2008. (Access Order ¶ 4-5.)

7. The clear and convincing evidence establishes that Respondent willfully violated the terms of the Access Order. Throughout Respondent's current parenting time, the Respondent has engaged in a purposeful scheme to undermine any meaningful telephone and video contacts

as required by the Access Order and has acted in complete contempt of this Court's Access Order.

8.  Despite the Petitioner's efforts to communicate with the minor child by telephone and video conferencing, the Petitioner has had no meaningful telephone or video conferencing contact with the minor child.

9.  Furthermore, prior to February 24, 2008, upon information and belief, the Respondent did not even turn on the computer's audio for the child to hear the Petitioner, thereby denying meaningful telephone and video contact with the Petitioner. Copies of instant messenger conversations between the parties regarding the video conferencing audio controls are attached hereto and incorporated herein as **Exhibit B**.

10. Additionally, Respondent recorded each telephone and video conference between the Petitioner and the minor child despite Petitioner's repeated statements that she does not consent to being recorded. (*See* **Exhibit B**.)

11. Due to the Respondent's behavior during the attempted videoconferencing, including his failure to provide the meaningful contact as required by the Access Order, and Respondent's wrongful recording of the communications, the Petitioner did not request communication with the minor child after February 24, 2008 as she attempted to remedy the situation without having to seek the intervention of the Court.

12. On March 10, 2008, the Respondent finally agreed to unrecorded communication between the Petitioner and minor child and suggested available dates for such communication. A copy of the e-mail to Petitioner from Respondent regarding the communication is attached hereto and incorporated herein as **Exhibit C**.

13. Petitioner responded by e-mail, agreeing that the communication should not be recorded and stating the times during which she would communicate with the minor child, specifying Friday, March 21, 2008 at noon, California time and Sunday, March 24, 2008 at noon, California time . A copy of said e-mail is attached hereto and incorporated herein as **Exhibit D**.

14. The Respondent replied, stating that he could confirm the Sunday selection, but not the Friday selection, and asking the Petitioner to select a time in place of the Friday selection, as he was not available on Friday, March 21, 2008. A copy of said e-mail is attached hereto and incorporated herein as **Exhibit E**.

15. In an attempt to cooperate with the Respondent, the Petitioner selected an alternate time of Tuesday, March 25, 2008 at either 11:00 a.m. or noon California time. *See*, **Exhibit E**.

15. Respondent's only response was, "Tuesday is not possible, select another day." (*See* **Exhibit E**.)

17. Respondent originally provided Tuesdays between 11:00 a.m. and 1:00 p.m. as available times for the minor child to communicate with the Petitioner. (*See*, **Exhibit C**.)

18. On Sunday, March 23, 2008 the Petitioner attempted to have her scheduled communication with the minor child by video conference. During the video conference, upon information and belief, the Respondent's microphones were not turned on because the Petitioner was not able to receive any audio of the minor child.

19. Respondent has purposefully failed to comply with the clear terms of the Access Order by failing to make the minor child available for telephone contact and video conferencing access at an appropriate time for the minor child at a time that is agreed between the parties. Respondent has continuously made communication between the Petitioner and the minor child

impossible by recording the communications, failing to ensure that the computer equipment functions properly and arbitrarily stating that the minor child is unavailable for communication.

20. Accordingly, the Respondent is in civil contempt under the terms of the Access Order and under the general civil contempt standards applied by this judicial circuit. Respondent should therefore be held in contempt of this Court's Access Order for denial of telephone contact and video conferencing access between the Petitioner and minor child.

21. The Access Order provides, "if either party fails to comply with the terms and conditions of this Order, the other party may file an appropriate request for an Order to Show Cause in this Court requesting an evidentiary hearing to determine whether the terms and conditions of this Order have been willfully violated and whether any appropriate sanctions should be imposed." (Access Order at ¶ 22.)

22. Appropriate sanctions may include "entry of a default judgment against the violating party after an evidentiary hearing thereon, and an award of any and all attorney's fees and expenses incurred since the inception of this case." *Id.*

23. The Petitioner will be in California for her scheduled visitation period during the week of April 24, 2008 until May 1, 2008 and therefore respectfully requests that the evidentiary hearing in this matter be scheduled during that time.

WHEREFORE, Petitioner, Despina Asvesta respectfully requests:

A. That this Court issue an Order to Show Cause, scheduling an evidentiary hearing in this matter to determine whether the Respondent has violated the terms and conditions of this Court's Access Order; and

B.  The entry of a default judgment against the Respondent and an award of any and all attorney's fees and expenses incurred since the inception of this case upon the Court's determination that the Respondent has willfully violated this Court's Access Order; and

C.  Any such other and further relief as justice and the nature of her cause may require.

Respectfully Submitted,
/S/
Renee C. Day, Esquire
Hoover & Bechtel, L.L.P.
The Garden Alameda
1570 The Alameda, Suite 101
San Jose, California 95126
(408) 947-7600
(408) 947-7603 (fax)
renee@hoover-bechtel.com

/S/
Stephen J. Cullen, Esquire
*pro hac vice*
Kelly A. Powers, Esquire
*pro hac vice*
Miles & Stockbridge P.C.
One West Pennsylvania Avenue
Suite 900
Towson, Maryland 21204
(410) 821-6565
(410) 385-3709 (fax)
scullen@milesstockbridge.com
kpowers@milesstockbridge.com

*Attorneys for Petitioner*