Stephen J. Cullen, Esquire
*pro hac vice*
Kelly A. Powers, Esquire
*pro hac vice*
Miles & Stockbridge P.C.
One West Pennsylvania Avenue
Suite 900
Towson, Maryland  21204
(410) 821-6565
(410) 385-3709 (fax)
scullen@milesstockbridge.com
kpowers@milesstockbridge.com

Robert L. Hoover, Esquire Bar # 30684
Renee C. Day, Esquire, Bar # 221252
Hoover & Betchel, L.L.P.
The Garden Alameda
1570 The Alameda, Suite 101
San Jose, California 95126
(408) 947-7600
(408) 947-7603 (fax)
renee@hoover-betchel.com
robert@hoover-betchel.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
(San Jose Division)

DESPINA ASVESTA,

       Petitioner,

v.                                                                             Case No.  C-07-05535 JF

GEORGE PETROUTSAS,

       Respondent.

_____/

## EMERGENCY MOTION TO MODIFY ORDER FOR CHILD ACCESS DURING THE PERIOD OF IMMEDIATE STAY PENDING APPEAL OF THIS COURT'S ORDER DIRECTING RETURN OF MINOR CHILD TO COUNTRY OF HABITUAL RESIDENCE AND REQUEST FOR ORDER TO SHOW CAUSE AND EMERGENCY HEARING

Petitioner, Despina Asvesta, by and through her undersigned attorneys, hereby files this Emergency Motion to Modify Order for Child Access During the Period of Immediate Stay Pending Appeal of This Court's Order Directing Return of Minor Child to Country of Habitual Residence and Request for Order to Show Cause and Emergency Hearing ("Petitioner's Emergency Motion"), and states as follows:

1.  On January 17, 2008, this Court issued an Order Directing Return of Minor Child to Country of Habitual Residence and Immediate Stay Pending Appeal.

2.  On January 22, 2008, this Court issued an Order for Child Access During the Period of Immediate Stay Pending Appeal of This Court's Order Directing Return of Minor Child to Country of Habitual Residence (the "Access Order"). A copy of said Access Order is attached hereto and incorporated herein as **Exhibit A**.

3.  Pursuant to the Access Order, the minor child is currently with the Respondent and the Petitioner's parenting time will begin on May 1, 2008[1]. (Access Order ¶ 4-5.)

4.  Upon information and belief, the Respondent has permanently removed the minor child from the State of California.

5.  The Respondent refuses to disclose the location of the minor child to Ms. Asvesta, despite her repeated inquiries as to the minor child's whereabouts.

6.  Consequently, the Respondent, a party proceeding *pro se*[2], as evidenced by his various *pro se* filings throughout the months of February and March, 2008, has failed to promptly notify this Court and the opposing party of his change of address pursuant to Civil L.R. 3-11(a).

7.  Pursuant to the Access Order, "each parent shall have the opportunity to exercise reasonable telephone contact and video conferencing access with the minor child with a minimum of two (2) telephone contacts and two (2) video conferencing contacts every calendar week, during the periods when the minor child is not with him or her." (Access Order ¶ 16.)

---

[1] Pursuant to the Access Order ¶ 15, Ms. Asvesta will be exercising her one week scheduled visitation period with the minor child in California during the week of April 24, 2008 until May 1, 2008. On May 1, 2008, ms. Asvesta and the minor child will depart California for Greece.

[2] The District Court docket contains recent *pro se* filings by the Respondent, despite the assertion by B.J. Fadem, Esquire that she continues to represent the Respondent for all District Court post hearing matters.

8. Throughout Respondent's current parenting time, the Respondent has engaged in a purposeful scheme to undermine any meaningful telephone and video contacts as required by the Access Order and has acted in complete contempt of this Court's Access Order.

9. Furthermore, during a recent partial video conference with the minor child, Ms. Asvesta became concerned as to the minor child's location because the minor child did not appear to be in the Respondent's home.

10. Accordingly, Ms. Asvesta has repeatedly asked the Respondent via e-mail to give her information on the minor child's whereabouts. To date, Ms. Asvesta has received no clear response from the Respondent. Copies of several e-mails between the parties regarding the minor child's location are attached hereto and incorporated herein as **Exhibit B**.

11. In his responsive e-mails to Ms. Asvesta regarding the minor child's location and the setting up video conferencing, the Respondent provides conflicting information, stating both that the minor child is currently in school and that he is currently on spring break. *Id.*

12. On March 4, 2008, the Respondent provided Ms. Asvesta with the contact information for the minor child's pre-school teacher, Erin Hite. Ms. Asvesta contacted Ms. Hite to inquire as to the minor child's attendance and progress in school. A copy of the Affidavit of Despina Asvesta is attached hereto and incorporated herein as **Exhibit C**.

13. On April 1, 2008, Ms. Hite advised Ms. Asvesta that the pre-school operates year round and does not take a spring break, but that the minor child is not currently attending pre-school classes. A copy of an e-mail from Erin Hite to the Respondent is attached hereto and incorporated herein as **Exhibit D**. *See also* **Exhibit C**.

14. Ms. Hite further advised Ms. Asvesta that the minor child had been removed from school, and that the Respondent had instructed her not to disclose any information regarding

when the minor child was removed from school and whether he would be returning. *See* **Exhibits C and D**.

15. Additionally, the Respondent has listed a home in California for sale or rent on "Cragislist," a further indication that the Respondent has removed the minor child from California. A copy of the respondent's "Craigslist" posting is attached hereto and incorporated herein as **Exhibit E**.

16. Further, upon information and belief, the Respondent is no longer part of his former business partnership in California, nor is he employed in any other capacity in California.

17. Pursuant to the Access Order, "this Court retains jurisdiction to modify this Order to effect its primary purpose, namely to provide that the minor child maintain equal contact with both parties for the pendency of the Stay." (Access Order ¶ 25.)

18. The Access Order further provides that "if either party fails to comply with the terms and conditions of this Order, the other party may file an appropriate request for an Order to Show Cause in this Court requesting an evidentiary hearing to determine whether the terms and conditions of this Order have been willfully violated and whether any appropriate sanctions should be imposed." (Access Order at ¶ 22.)

19. Appropriate sanctions may include "entry of a default judgment against the violating party after an evidentiary hearing thereon, and an award of any and all attorney's fees and expenses incurred since the inception of this case." *Id*.

20. The Respondent has failed to abide by this Court's Access Order by refusing to disclose the minor child's whereabouts to Ms. Asvesta, instructing the minor child's teacher to refuse to disclose information regarding the minor child's school enrollment to Ms. Asvesta, and denying telephone contact and video conferencing access between the Petitioner and minor child.

21. Because of the Respondent's failure to abide by this Court's Access Order, the primary purpose of the Access Order, namely to provide that the minor child maintain equal contact with both parties for the pendency of the Stay, cannot be achieved because Ms. Asvesta has been denied equal access to the minor child, and even denied information as to the minor child's whereabouts.

22. This Court should order the entry of a default judgment against the Respondent and an award of any and all attorney's fees and expenses incurred since the inception of this case upon the Court's determination that the Respondent has violated this Court's Access Order, thereby requiring the Access Order to be modified in order to effectuate the Order's primary purpose of providing the minor child equal access to the parties for the pendency of the Stay in this matter.

23. In the alternative, this Court's Access Order should be modified to prohibit the Respondent from removing the minor child from the jurisdiction of this Court for the pendency of the Stay in this matter, and to require the parties to keep each other apprised of the minor child's whereabouts and any changes to the minor child's address and/or telephone number.

24. Ms. Asvesta respectfully requests that this Court issue an order to Show Cause scheduling an emergency evidentiary hearing in this matter.

WHEREFORE, Petitioner, Despina Asvesta respectfully requests:

A. That this Court issue an Order to Show Cause, scheduling an emergency evidentiary hearing in this matter; and

B. The entry of a default judgment against the Respondent and an award of any and all attorney's fees and expenses incurred since the inception of this case; and

C.  In the alternative, that this Court's Access Order should be modified to prohibit the Respondent from removing the minor child from the jurisdiction of this Court for the pendency of the Stay in this matter, and to require the parties to keep each other apprised of the minor child's whereabouts and any changes to the minor child's address and/or telephone number.

D.  Any such other and further relief as justice and the nature of her cause may require.

Respectfully Submitted,
/S/
_____
Renee C. Day, Esquire
Hoover & Bechtel, L.L.P.
The Garden Alameda
1570 The Alameda, Suite 101
San Jose, California 95126
(408) 947-7600
(408) 947-7603 (fax)
renee@hoover-bechtel.com

/S/
_____
Stephen J. Cullen, Esquire
*pro hac vice*
Kelly A. Powers, Esquire
*pro hac vice*
Miles & Stockbridge P.C.
One West Pennsylvania Avenue
Suite 900
Towson, Maryland  21204
(410) 821-6565
(410) 385-3709 (fax)
scullen@milesstockbridge.com
kpowers@milesstockbridge.com

*Attorneys for Petitioner*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of April, 2008, a copy of the foregoing Emergency Motion to Modify Order for Child Access During the Period of Immediate Stay Pending Appeal of This Court's Order Directing Return of Minor Child to Country of Habitual Residence and Request for Order to Show Cause and Emergency Hearing was served via e-mail to fademlaw@sbcglobal.net, gpetroutsas@yahoo.com, and was sent via Federal Express to:

> B.J. Fadem, Esquire
> 255 N. Market St.
> Ste. 210
> San Jose, CA 95110
>
> *Former attorney for Respondent*
>
> Mr. George A. Petroutsas
> 300 Plum Street, #69
> Capitola, California 95010
>
> *Pro se Respondent*

                                    /s/
                              _____
                              Stephen J. Cullen