Stephen J. Cullen, Esquire
*pro hac vice*
Kelly A. Powers, Esquire
*pro hac vice*
Miles & Stockbridge P.C.
One West Pennsylvania Avenue
Suite 900
Towson, Maryland  21204
(410) 821-6565
(410) 385-3709 (fax)
scullen@milesstockbridge.com
kpowers@milesstockbridge.com

Robert L. Hoover, Esquire Bar # 30684
Hoover & Betchel, L.L.P.
The Garden Alameda
1570 The Alameda, Suite 101
San Jose, California 95126
(408) 947-7600
(408) 947-7603 (fax)
robert@ hoover-bechtel.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
(San Jose Division)

DESPINA ASVESTA,

      Petitioner,

v.                                           Case No.  C-07-05535 JF

GEORGE PETROUTSAS,

      Respondent.
_____/

### PETITIONER'S MOTION TO ENFORCE CERTAIN FINANCIAL ASPECTS OF ACCESS ORDER

Petitioner, Despina Asvesta, by and through her undersigned attorneys, hereby files this Motion to Enforce Certain Financial Aspects of Access Order, and states as follows:

1.      On January 17, 2008, this Court issued an Order Directing Return of Minor Child to Country of Habitual Residence and Immediate Stay Pending Appeal.

2.      On January 22, 2008, this Court issued an Order for Child Access During the Period of Immediate Stay Pending Appeal of This Court's Order Directing Return of Minor

Child to Country of Habitual Residence (the "Access Order"). A copy of said Access Order is attached hereto and incorporated herein as **Exhibit A**.

3. Pursuant to the Access Order, "the Mother shall be responsible for transporting the minor child to and from the United States and Greece for the Father's parenting time, at the Father's sole expense, such expenses to solely constitute the reasonable airline fares and reasonable lodging for the Mother and the minor child." (Access Order ¶ 10.)

4. The Access Order further requires that "the Mother shall arrange all travel for herself and for the minor child for the alternating parenting time and shall make the initial payment for any travel and lodging expenses incurred for herself and on behalf of the minor child. The Mother shall promptly provide all receipts to the Father by e-mail, who shall reimburse the Mother within ten (10) days of receiving said receipts." (Access Order ¶ 11.)

5. Pursuant to the Access Order, the minor child is currently with the Respondent and the Petitioner's parenting time ended on August 1, 2008. (Access Order ¶ 4-6.)

6. Respondent has refused to reimburse the Petitioner for the expenses incurred for herself, specifically for her airline ticket for transporting the minor child from Greece to the United States to begin the Respondent's parenting time.

7. The Access Order requires Ms. Asvesta to make and pay for all travel arrangements for herself and the parties' son, and also requires Mr. Petroutsas to reimburse her for the arrangements of her choosing.

8. Nevertheless, Ms. Asvesta had agreed to allow Mr. Petroutsas to book the necessary tickets using his Lufthansa frequent flyer miles in order to save him as much money on the parenting time transfers as possible.

9. On July 7, 2008, however, Ms. Asvesta received an e-mail from Mr. Petroutsas. informing her that he had used his frequent flyer miles to book a ticket only for the parties' three year old son on Lufthansa departing from Athens and arriving in Greece with almost a two hour layover in Frankfurt, Germany.

10. In his July 7, 2008 e-mail, Mr. Petroutsas further informed Ms. Asvesta that he only had enough frequent flyer miles to book the child's ticket and therefore did not book Ms. Asvesta's ticket. He "recommended" that Ms. Asvesta book her own ticket as ordered in the Access Order, asking her to "please note" the child's flight information.

11. At the time Mr. Petroutsas booked the ticket for the young child, Ms. Asvesta had not yet confirmed any travel arrangements with Mr. Petroutsas.

12. The parties' son is only three years old and cannot obviously travel from Greece to the United States by himself both as a practical matter and pursuant to Lufthansa regulations. Although less expensive flights on other airlines were available, Ms. Asvesta had no alternative but to book a ticket for herself on the same flight that Mr. Petroutsas booked for their son, regardless of the cost.

13. On July 9, 2008, Ms. Asvesta booked her ticket at a cost of 4,223.05 Euro, which at the exchange rate at the time of purchase was equal to $6,465.57 U.S. Dollars.

14. Ms. Asvesta immediately submitted her itinerary by e-mail to Mr. Petroutsas as required by the Access Order. The Access Order then required Mr. Petroutsas to reimburse Ms. Asvesta within ten (10) days of notification of the airfare cost. Mr. Petroutsas was due to reimburse Ms. Asvesta no later than Monday, July 21, 2008.

15. Mr. Petroutsas has refused to reimburse Ms. Asvesta for the cost of her travel to the United States with the minor child for the parenting time exchange on August 1, 2008. On

July 20, 2008, Mr. Petroutsas e-mailed Ms. Asvesta to explain that he is only willing to reimburse Ms. Asvesta for what he considers to be the average cost of a roundtrip flight between Greece and San Francisco - $1,527.21.

16.  As a result of Mr. Petroutsas' refusal to reimburse Ms. Asvseta, undersigned counsel sent a letter to this Court on July 22, 2008, seeking the Court's assistance in resolving the issue of reimbursement.

17.  On July 25, 2008, this Court held a brief telephone conference with counsel for both parties and reached a temporary resolution with respect to the issue of Ms. Asvesta's reimbursement, without prejudice to any claims or defenses of either party with respect to the issue of reimbursement of Ms. Asvesta's travel expenses for returning the child to California on August 1, 2008. The Court instructed Ms. Asvesta's counsel to prepare and submit a letter to the Court confirming the terms of the temporary resolution. A copy of said letter is attached hereto and incorporated herein as **Exhibit B**.

18.  The terms of the temporary resolution are as follows:

A.  Ms. Asvesta shall return the minor child to California as scheduled on August 1, 2008 pursuant to this Court's Access Order.

B.  Mr. Petroutsas shall submit reimbursement to Ms. Asvesta in the amount of two thousand dollars ($2,000.00) forthwith. The payment shall be sent forthwith to Petitioner's counsel, Stephen J. Cullen, Esquire and Kelly A. Powers, Esquire, Miles & Stockbridge P.C., One West Pennsylvania Avenue, Suite 900, Towson, Maryland 21204.

C.  The parties may contact this Court after August 8, 2008 for further assistance in reaching a final resolution on the issue of reimbursement of Ms. Asvesta's travel expenses associated with returning the child to California on August 1, 2008.

*See*, **Exhibit B**.

19.  Ms. Asvesta returned the minor child to California as ordered on August 1, 2008.

20.     As of the date of filing this motion, neither Ms. Asvesta nor undersigned counsel has received even the two thousand dollar ($2,000.00) payment from Mr. Petroutsas as ordered by this Court on July 25, 2008.

21.     Ms. Asvesta respectfully requests that this Court enforce the financial provisions of the Access Order.

WHEREFORE, Petitioner, Despina Asvesta respectfully requests:

A.      That this Court enforce the financial aspects of the Access Order and require the Respondent to reimburse her in the amount of $6,465.57 U.S. Dollars; and

B.      Any such other and further relief as justice and its cause may require.

Respectfully Submitted,
   /S/
Robert L. Hoover, Esquire
Hoover & Bechtel, L.L.P.
The Garden Alameda
1570 The Alameda, Suite 101
San Jose, California 95126
(408) 947-7600
(408) 947-7603 (fax)
robert@hoover-bechtel.com

   /S/
Stephen J. Cullen, Esquire
*pro hac vice*
Kelly A. Powers, Esquire
*pro hac vice*
Miles & Stockbridge P.C.
One West Pennsylvania Avenue
Suite 900
Towson, Maryland  21204
(410) 821-6565
(410) 385-3709 (fax)
scullen@milesstockbridge.com
kpowers@milesstockbridge.com

*Attorneys for Petitioner*