C. Athena Roussos, Bar # 192244
Attorney at Law
9630 Bruceville Road, Suite 106-386
Elk Grove, CA 95757
(916) 509-1444
(916) 670-7921 Fax
Email: athena@athenaroussoslaw.com

Attorney for Respondent,
George Petroutsas

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

| | |
|---|---|
| DESPINA ASVESTA,<br><br>　　Petitioner,<br><br>　　v.<br><br>GEORGE PETROUTSAS,<br><br>　　Respondent. | Case No. C-07-05535 JF |

**DECLARATON OF GEORGE PETROUTSAS**

I, George Petroutsas, state as follows:

1.　I make this declaration in response to petitioner Despina Asvesta's Motion to Enforce Certain Financial Aspects of Access Order. I have personal knowledge of the matters stated in this declaration, and if called upon to do so, could and would testify to these matters.

2.　I am the father of the child at issue, A.P., born in 2005.

3.　Pursuant to this court's order dated January 22, 2008, providing a schedule of parental access for A.P. during the pendency of the appeal of this matter, I was to have

Declaration of George Petroutsas　　　　1

A.P. with me for the first three months after the order. The order provided that I was to cover the expenses of airline travel for A.P. to travel between Greece and the United States as well as the travel expenses for Ms. Asvesta to pick up or drop off the child. Because I have been experiencing financial hardship as a result of this case, I requested that I be allowed to purchase tickets using airline miles, and Ms. Asvesta agreed.

      4.     On or about February 14, 2008, I booked a round-trip ticket for A.P. to return to Greece with his mother on May 1, 2008 in accordance with the access order. When I booked the ticket, it was mandatory to book his return. I asked Ms. Asvesta to provide a date for her intended return to the United States, but she said that she did not want me to book A.P.'s return date, nor did she want me to purchase her ticket for the next visitation exchange at that time. Because I was required to book A.P.'s return ticket, I went ahead and booked it for August 1, 2008, using my flight miles. This was the last available date in accordance with the access order. I did not hear back from Ms. Asvesta with any proposed dates for her travel. I emailed the confirmation for Ms. Asvesta's and A.P.'s travel, which included a return ticket for A.P. on August 1, on or about February 14, 2008. A true and correct copy of this email is attached as <u>Exhibit 1</u>.

      5.     On or about June 19, 2008, I again emailed Ms. Asvesta to ask when she intended to travel and whether I could purchase a ticket on the same flight with A.P.'s booked return trip. Ms. Asvesta replied that she still did <u>not</u> want me to book her return flight. She said that she would let me know by mid-July, because she had to arrange it with her manager. I expressed some confusion about this, because Ms. Asvesta had previously stated that she would be leaving for holiday during the month of July. I noted that it was the high season and last-minute tickets would be extremely expensive. Ms.

Declaration of George Petroutsas      2

Asvesta did not explain why she could not let me know about her return ticket before mid-July, and suggested that I pick up Andoni from Greece instead. True and correct copies of the emails of these conversations are attached as <u>Exhibit 2</u>.

6. I did not feel comfortable traveling to Greece to pick up A.P., because there are criminal charges still pending against me from Ms. Asvesta's complaints to the police, and I have been informed and believe that I will be arrested if I arrive in Greece. Despite this court's order that Ms. Asvesta "use her best efforts to have the Greek criminal firearms, check card fraud and kidnapping charges currently pending" against me dismissed, nothing has apparently been done. I cannot travel to Greece without fear of being arrested.

7. Ms. Asvesta finally emailed me a proposed itinerary on or about Friday, July 4, 2008. I responded on or about Monday, July 7, stating that I did not have enough miles for her travel. I again noted that I had previously booked A.P. for travel on August 1. I suggested that she book her own ticket in accordance with the order. These emails are attached as <u>Exhibit 3</u>.

8. On or about July 9, 2008, Ms. Asvesta sent me an itinerary with her flight information. She requested that I reimburse her approximately $6,500 for the ticket. A true and correct copy of this email is attached as <u>Exhibit 4</u>.

9. Shortly thereafter, I contacted Lufthansa Airlines, to find out why the airfare was so expensive. Lufthansa informed that the ticket was expensive for three reasons: 1) she did not book the ticket in advance; it was considered last minute travel; 2) the ticket was for the peak of the high season; and 3) Ms. Asvesta would not be staying overnight in the United States; instead she was to return on the very same flight back. If

Declaration of George Petroutsas                3

the ticket had been booked in advance and if Ms. Asvesta had stayed just one night in the United States, the ticket price would have been significantly less money.

10. On or about July 20, 2008, I emailed Ms. Asvesta and told her my belief that $6,500 for the airfare was unreasonable and if she had allowed me to book her ticket in advance, when I booked A.P.'s ticket, it would not have been nearly as much. A true and correct copy of my email is attached as Exhibit 5.

11. I am having great difficulty paying for A.P.'s and Ms. Asvesta's travel to and from the United States. I have spent an enormous amount of money on lawyers, court costs, and other expenses in both the United States and Greece, and there is very little money left. I can barely afford to pay the reasonable costs of such travel, but I certainly cannot afford to pay $6,500 for a single round-trip ticket. I believe this is entirely unreasonable, given the fact that we could have made the travel arrangements as early as February 2008. I have traveled quite a bit between Greece and California, and never in my life have I paid so much for a round-trip plane ticket whether to Greece or anywhere else.

12. I submitted a cashier's check in the amount of $2,000.00 to my former attorney, B.J. Fadem, on or about August 5, 2008. I am informed and believe that her office submitted the check to Ms. Asvesta's counsel on or about August 12, 2008.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on August 20, 2008, at Capitola, California.

                                                 /s/ George Petroutsas
                                               GEORGE PETROUTSAS

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

Executed on August 20, 2008 at Elk Grove, California.

                                      ___/s/  C. Athena Roussos_____
                                      C. Athena Roussos

Case 5:07-cv-05535-JF    Document 102    Filed 08/20/2008    Page 5 of 5