**E-Filed 5/3/10**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

DESPINA ASVESTA,

          Petitioner,

       v.

GEORGE PETROUTSAS,

          Respondent.

Case Number C 07-5535 JF

**ORDER[1] RE RE-ALLOCATION OF COSTS UNDER ACCESS ORDER**

    The instant motion concerns the parties' ongoing dispute over the cost of transporting their child to and from Greece in compliance with this Court's orders. On January 22, 2008, the Court issued an order (the "Access Order") setting a schedule for child access pending an appeal of the Court's Order Directing Return of Minor Child to Country of Habitual Residence ("first Hague Order"). Under the Access Order, Petitioner ("Mother") was to be responsible "for transporting the minor child to and from the United States and Greece for the Father's parenting time, at the Father's sole expense, such expenses to solely constitute the *reasonable* airline fares

---

[1] This disposition is not designated for publication in the official reports.

and reasonable lodging for the Mother and the minor child." (First Hague Order 2 (emphasis added).)

On September 4, 2009, the Ninth Circuit Court of Appeals reversed the first Hague Order and remanded the petition to this Court to determine the merits of the petition. On September 21, 2009, Respondent ("Father") moved to vacate the Access Order and cost award. After receiving additional evidence from the parties and further oral argument from counsel, the Court issued an order on April 19, 2010, concluding that the United States is the child's country of habitual residence and denying Mother's Hague petition ("second Hague Order"). At the conclusion of the second Hague Order, the Court stated that "[t]he Access Order shall remain in effect for sixty (60) days in order to permit Mother to seek relief in the Santa Cruz Superior Court, and to permit an orderly transition with respect to [the minor child's] legal status." (Second Hague Order 12:10-12.) Shortly thereafter, Father requested that the Court re-allocate the travel costs incurred under the Access Order since the Ninth Circuit's decision.

Good cause therefor appearing, the Court concludes that the parties should be responsible for their own travel and lodging expenses under the Access Order. Accordingly, Mother shall reimburse Father for all expenses incurred by him on her behalf under the Access Order on or after September 4, 2009.

**IT IS SO ORDERED.**

DATED: 5/3/10

_____
JEREMY FOGEL
United States District Judge

2

Case No. C 07-5535 JF
ORDER RE RE-ALLOCATION OF COSTS UNDER ACCESS ORDER
(JFLC3)